

February 4, 2019

<u>Via ECF and Electronic Mail</u>
Hon. Andrew L. Carter, Jr.
United States District Court Judge
Southern District of New York
40 Foley Square, Courtroom 1306
New York, New York 10007

      Re:    <u>Blockchain Mining Supply and Services, Ltd. v. Super Crypto
                Mining Inc., and DPW Holdings, Inc., No. 18-CV-11099-ALC</u>

Dear Judge Carter:

      We represent Defendants Super Crypto Mining, Inc. n/k/a Digital Farms Inc. ("Super Crypto") and DPW Holdings, Inc. ("DPW") (collectively, "Defendants"). Pursuant to Your Honor's Individual Motion Practice and Rules, we respectfully submit this letter requesting a pre-motion conference for our anticipated motion to dismiss the Complaint, in its entirety, against DPW, as well as Count II of the Complaint against Super Crypto, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

      The crux of this dispute is centered upon Super Crypto's alleged breach of an Asset Purchase Agreement (the "Agreement") that it entered into with Plaintiff relating to the purchase and sale of cryptocurrency mining machines. (Compl., ¶¶ 7-8). In short, Plaintiff alleges that Super Crypto breached the Agreement by failing to remit payment pursuant to its terms. (*See id.*, ¶ 67). Notwithstanding the limited scope of this dispute, the Complaint asserts causes of action for breach of contract and promissory estoppel against Super Crypto and its parent corporation, DPW – a non-party to the Agreement – based on conclusory averments that DPW is the "alter ego" of Super Crypto. (*See id.*, ¶ 60). As briefly addressed below, neither of these claims is actionable against DPW and the promissory estoppel claim should be dismissed against Defendants because it is duplicative of Plaintiff's breach of contract claim.

      Initially, the Complaint fails to make the requisite showing, under Delaware law, that DPW is the "alter ego" of its wholly-owned subsidiary, Super Crypto.[1] In order to adequately plead an "alter ego" claim under Delaware law, the Complaint must demonstrate "(1) that the parent and the subsidiary 'operated as a single economic entity' and (2) that an 'overall element of injustice or unfairness… [is] present.'" *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1457 (2d Cir.

---

[1] Under New York choice of law principles, if both entities are incorporated in Delaware, Delaware law controls the alter ego analysis. *Flake v. Alper Holdings USA, Inc.*, 398 B.R. 736, 757 (S.D.N.Y. 2008). Since DPW and Super Crypto are Delaware corporations (Compl., ¶¶ 5-6), Delaware law governs the alter ego analysis. *Flake*, 398 B.R. at 757.

Hon. Andrew L. Carter, Jr., U.S.D.J.
February 4, 2019
Page 2

1995); *see also Radiancy, Inc. v. Viatek Consumer Prods. Grp.*, 138 F. Supp.3d 303, 316 (S.D.N.Y. 2014) ("[P]laintiffs must essentially demonstrate that, in all aspects of the business, the corporations actually functioned as a single entity and should be treated as such."). In determining the viability of an alter ego claim, Delaware Courts look to several factors, such as:

> [W]hether the corporation was adequately capitalized for the corporate undertaking; whether the corporation was solvent; whether dividends were paid, corporate records kept, officers and directors functioned properly, and other corporate formalities were observed; whether the dominant shareholder siphoned corporate funds; and whether, in general, the corporation simply functioned as a facade for the dominant shareholder.

*Tronox Inc. v. Andarko Petro. Corp.*, 549 B.R. 21, 44 (S.D.N.Y. 2016); *see also EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*, No. 3184-VCP, 2008 Del. Ch. LEXIS 127, at *49 (Del. Ch. Sep. 2, 2008) (noting that no single factor is dispositive in analyzing a veil-piercing claim). "[A] plaintiff must do more than plead that one corporation is the alter ego of another in conclusory fashion in order for the Court to disregard their separate legal existence." *Microstrategy Inc. v. Acacia Research Corp.*, No. 5735-VCP, 2010 Del. Ch. LEXIS 254, at *46 (Del. Ch. Dec. 30, 2010).

Here, the Complaint merely echoes the above legal elements in thirteen (13) discrete paragraphs under the heading "DPW's Control of Super Crypto," without stating any specific facts to buttress these conclusory assertions. (*See* Compl., ¶¶ 49-61). These bare allegations are insufficient to state a claim for veil-piercing. *See Care Envtl. Corp. v. M2 Techs., Inc.*, 2006 U.S. Dist. LEXIS 2934, at *42 (E.D.N.Y. Jan. 18, 2006) (holding that conclusory allegations that "the individual defendant exercised complete dominion or control over [the Delaware corporation]" coupled with a singular allegation, plead upon information and belief, that the Delaware corporation was undercapitalized, was "an insufficient basis to pierce the corporate veil."); *Canario v. Lidelco*, 782 F. Supp. 749, 759-60 (E.D.N.Y. 1992) (finding that allegations that the principal of a corporation used corporate funds for personal tax deductions and to fund the purchase price of a private plane and its upkeep "[do] not rise to the level necessary to pierce the corporate veil").

The Complaint's remaining factual allegations fare no better as they simply underscore a myriad of instances where Defendants expressed their "desire" to tender payment to Plaintiff (Compl., ¶¶ 18-23, 39, 42); DPW purportedly made payments to Plaintiff on behalf of Super Crypto (Compl., ¶¶ 12, 24-26, 28, 34-36); or a DPW officer purportedly made several assurances to Plaintiff that DPW would honor Super Crypto's obligations under the Agreement (Compl., ¶¶ 27, 29, 31-33, 37, 41). Assuming *arguendo*, however, that the Court were to accept these factual allegations as true, these isolated instances alone do not warrant the extraordinary relief that Plaintiff seeks herein. *See Liafail, Inc. v. Learning 2000*, No. C.A. No. 01-599-GMS, 2002 U.S. Dist. LEXIS 22620, at *37-38 (D. Del. Nov. 25, 2002) ("[T]he mere making of payments and transfers alone does not create alter ego liability"); *Phoenix Canada Oilo. Ltd. v. Texaco, Inc.*, No. 76-421-JRR, 658 F. Supp. 1061, 1084 (D. Del. 1987), *aff'd*, 842 F.2d 1466 (3d Cir. 1998) (applying Delaware law and holding that parent corporations were not liable for the activities of

Hon. Andrew L. Carter, Jr., U.S.D.J.
February 4, 2019
Page 3

their subsidiaries despite having officers and directors common to the boards and the parent corporations' involvement in substantial financial decisions of the subsidiaries).  Finally, the Complaint is bereft of any particularized allegations demonstrating that Defendants "employ[ed] the corporate fiction to execute a fraud or injustice upon [Plaintiff]" as required by Delaware law. *See Mobil Oil. Corp. v. Linear Films, Inc.*, No. 87-397-JLL, 718 F. Supp. 260, 270 (D. Del. 1989); *Medi-Tec of Egypt Corp. v. Bausch & Lomb Surgical*, No. 19760-NC, 2004 Del. Ch. LEXIS 21 at *16 (Del. Ch. Mar. 4, 2004) ("Allegations of breach of contract by a subsidiary do not suffice to supply the necessary fraud or injustice to hold the subsidiary to be the alter ego of the parent.").

Furthermore, Super Crypto does not dispute the validity of the Agreement between Plaintiff and Super Crypto; therefore, Plaintiff's promissory estoppel claim must be dismissed as duplicative of its breach of contract claim. *Trodale Holdings LLC v. Bristol Healthcare Inv'rs, L.P.*, 2017 U.S. Dist. LEXIS 196150, at *40 (S.D.N.Y. Nov. 29, 2017) (noting that a claim for promissory estoppel cannot "stand as an alternative to a breach-of-contract claim… [where] Defendants do not contest the validity of the contract").  Similarly, Plaintiff's promissory estoppel claim against DPW must also be dismissed because the factual allegations supporting such claim (*i.e.* that DPW made several payments and numerous assurances of future payments), as well as the requested relief (*i.e.*, re-payment of Plaintiff's alleged "cover" damages") are redundant of Plaintiff's breach of contract claim against Super Crypto.  *Hall v. Earthlink Network, Inc.*, 396 F.3d 500, 508 (2d Cir. 2005) ("If the allegations do not go beyond the statement of a mere contract breach and relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated.").

We thank the Court for its time and consideration.

                                    Respectfully submitted,

                                    /s Robert B. Volynsky (RV-7076)

cc:       All Counsel of Record