

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036-1525

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Ronald W. Meister**
(212) 790-9255
rwm@cll.com

June 19, 2019

**Via ECF and E-Mail to ALCarterNYSDChambers@NYSD.uscourts.gov**

Hon. Andrew L. Carter, U.S.D.J.
Southern District of New York
40 Foley Square, Courtroom 1306
New York, NY 10007

      Re:    Blockchain Mining v. Digital Farms and DPW Holdings – 18-cv-11099-ALC

Dear Judge Carter:

      Pursuant to Your Honor's direction at the pretrial conference of April 16, the parties hereto submit the following joint status report.

Plaintiff's Position

      At the conference, Your Honor directed defendants to report whether they were willing to negotiate a settlement on behalf of the subsidiary corporation, defendant Digital Farms, Inc. (formerly Super Crypto Mining, Inc.) alone, and encouraged the parties to explore settlement. Despite our follow-up requests, Defendants' counsel has not responded to that question, and settlement discussions have accordingly been unable to proceed. The parties are therefore submitting their separate views regarding how best to proceed with this case.

      The Court will recall that the Complaint alleges a breach of contract against the subsidiary for failure to pay over $1.5 million for the purchase of equipment, and separate claims against the parent for promissory estoppel and alter ego liability. Plaintiff alleges that defendant DPW Holdings, Inc., the sole shareholder of defendant Digital Farms, dominated the affairs of its subsidiary, which was incorporated shortly before entering the contract at issue, paid the subsidiary's obligations (to the extent they were paid), marked those payments as "DPW disbursements," repeatedly made promises of payment, induced plaintiff to hold the remaining machines for delivery, and maintained the subsidiary in a position where it would be unable to satisfy any judgment against it.

      It is a matter of little consequence to plaintiff which defendant pays a settlement or judgment. It is, however, a matter of consequence that, on the straightforward breach of contract claim, plaintiff may recover only against a subsidiary that has been rendered judgment-proof.

**Cowan, Liebowitz & Latman, P.C.**
Hon. Andrew L. Carter, U.S.D.J.
June 19, 2019
Page 2

While defendants express a desire to proceed with a motion to dismiss the alter ego claim against the parent, their proposed motion overlooks the separate promissory estoppel claim against DPW. More important, it also overlooks the necessity of discovery on the issue of corporate control, where, as here, "a fact-laden claim to pierce the corporate veil is unsuited for resolution on a pre-answer, pre-discovery motion to dismiss." *Cortlandt St. Recovery Corp. v. Bonderman*, 31 N.Y.3d 30, 47 (2018). The details of Digital Farms's capitalization, observance of corporate formalities (if any), record-keeping (if any), and payment of dividends (if any), should emerge promptly in targeted discovery.

Under the circumstances, we regard it as a more productive course to compel the parties to participate in mediation with the assistance of a Magistrate Judge, who can compel attendance of the parties and require good faith negotiations. Magistrate Judge Barbara Moses has already been assigned to this case. It may also be appropriate to permit simultaneous limited discovery on the issue of piercing the corporate veil, so that, should negotiations fail, the parties would then be positioned to proceed with motion practice.

Defendants are proposing a schedule for briefing a motion, which we believe is premature. If the Court is nevertheless inclined to permit motion practice without discovery or an opportunity for mediation, we request thirty days from the submission of defendants' brief to submit our response.

<u>Defendants' Position</u>

Defendants respectfully disagree with Plaintiff's position. Without disclosing settlement discussions, the parties have not reached a resolution of the dispute. Defendants wish to proceed forward with moving to dismiss the Complaint as discussed at the Pre-Motion Conference. Defendants propose that they file their Motion to Dismiss on or before Thursday, June 27, 2019, and request that the Court provide them with two weeks to submit any Reply Brief in response to Plaintiff's Opposition Brief.

Very respectfully,

*/s/ Ronald W. Meister*
Ronald W. Meister (RWM@cll.com)
Attorney for Plaintiff

*/s/ Richard Babnick*
Richard Babnick, Esq. (RBabnick@srf.law)
Attorney for Defendants

31592/000/2970995