

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036-1525

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Ronald W. Meister**
(212) 790-9255
rwm@cll.com

February 24, 2020

**Via ECF and E-Mail to ALCarterNYSDChambers@NYSD.uscourts.gov**

Hon. Andrew L. Carter, U.S.D.J.
Southern District of New York
40 Foley Square, Courtroom 1306
New York, NY 10007

    Re:  Blockchain Mining Supply v. Digital Farms et ano.
        Case No. 1:18-CV-11099 (ALC)
        <u>Plaintiff's Request to Require Service of an Answer</u>

Dear Judge Carter:

  We represent plaintiff in this action, which was commenced in November 2018. On June 19, 2019, at Your Honor's direction, the parties submitted a joint status report in which we, on behalf of plaintiff, urged that the matter be referred to Magistrate Judge Barbara Moses for possible settlement, and defendants sought leave to move to dismiss some of the claims. That proposed motion, even if successful (which we dispute) would not have resolved the breach of contract claim against defendant Digital Farms (formerly known as Super Crypto, Inc.), to which we believe there is no credible defense. Your Honor on November 22, 2019, declined to allow defendants to make their proposed motion, and referred the matter to Magistrate Judge Moses for settlement.

  The parties participated in a mediation session before Magistrate Judge Moses on the afternoon of January 8, 2020, at which they did not resolve the matter. Defendants have since that time not served an answer to the Complaint. As a result, this action has been pending for fifteen months without a responsive pleading. We accordingly ask that the Court direct defendants to answer the Complaint by a date certain.

  Should defendants seek to renew their request for leave to move to dismiss some of the claims, we respectfully invite the Court's attention to our letter of February 7, 2019, Docket entry 14, which we attach, in which we noted that "Defendants' proposed motion admits the validity of the contract and does not dispute that claim against Super Crypto." Moreover, we noted, as the New York Court of Appeals has held, that "a fact-laden claim to pierce the corporate veil is unsuited for resolution on a pre-answer, pre-discovery motion to dismiss." *Cortlandt St. Recovery Corp. v. Bonderman*, 31 N.Y.3d 30, 47 (2018). Those reasons remain cogent now, with the case still in the pleading stage. Facts about the subsidiary's capitalization, its record-keeping, payment of dividends, and observation of corporate formalities, are within the

31592/000/3441304

**Cowan, Liebowitz & Latman, P.C.**
Hon. Andrew L. Carter, U.S.D.J.
February 24, 2020
Page 2

knowledge of defendants, and can be unearthed promptly in a limited period of discovery directed solely to that issue.

If the Court is inclined to permit defendants to move to dismiss the claim against the parent, DPW Holdings, we urge that, in light of the lengthy delays since the commencement of this case, the Court require that (a) the subsidiary, Digital Farms, answer the Complaint, (b) a reasonable period (we suggest 90 days) be allowed for discovery limited to the alter ego issue, and (c) defendant DPW be permitted to make its motion, if it still desires to do so, on the completion of that discovery.

Respectfully submitted,

/s/ *Ronald W. Meister*
Ronald W. Meister (RWM@cll.com)
Attorney for Plaintiff

cc: Robert Volynksy, Esq.
    Attorney for Defendants