

February 24, 2020

<u>Via ECF and Electronic Mail</u>
Hon. Andrew L. Carter, Jr.
United States District Court Judge
Southern District of New York
40 Foley Square, Courtroom 1306
New York, New York 10007

      Re:    <u>Blockchain Mining Supply and Services, Ltd. v. Digital Farms, Inc. (f/k/a Super Crypto Mining, Inc.) and DPW Holdings, Inc., No. 18-CV-11099-ALC-BCM</u>

Dear Judge Carter:

      The undersigned represents Defendants Digital Farms, Inc. (f/k/a Super Crypto Mining, Inc.) ("DF") and DPW Holdings, Inc. ("DPW" and with "DF" collectively, "Defendants") in the above-referenced matter. Please allow this letter to serve as Defendants' response to Plaintiff's letter, dated February 24, 2020 ("Plaintiff's Letter").

      As a threshold matter, this Court's Order, dated November 22, 2019 (the "November 22nd Order"), did not disallow Defendants the opportunity to file a motion to dismiss.[1] Indeed, the November 22nd Order made no mention of Defendants' proposed motion to dismiss (the "Motion to Dismiss"), and, to date, a briefing schedule in connection with the Motion to Dismiss has not yet been ordered by the Court. Relatedly, the Court has not issued any orders denying Defendants' pre-motion conference letter, dated February 4, 2019 ("Ds Pre-Motion Conference Letter"). Thus, Plaintiff is mistaken in its assertion that "[D]efendants [must] seek to renew their request for leave to move to dismiss some of the claims" – Ds Pre-Motion Conference Letter is still pending before the Court.

      Additionally, Plaintiff's insinuation that Defendants should be precluded from filing their Motion to Dismiss based on the legal standard set forth in *Cortlandt St. Recovery Corp. v. Bonderman*, 31 N.Y.3d 30, 47 (2018) is unavailing for two reasons. <u>First</u>, this Court already considered this exact argument when Plaintiff previously filed its pre-motion letter and thereafter, directed the parties to submit a briefing schedule in connection with the Motion to Dismiss (assuming the parties could not reach a resolution, which, they did not). <u>Second</u>, the crux of Defendant's proposed Motion to Dismiss is that the Complaint fails to plead a veil-piercing claim, with the requisite specificity, and thus cannot survive a motion to dismiss.[2] Defendants should be

---

[1] A true and correct copy of the November 22nd Order is attached hereto.

[2] Although not raised in Ds Pre-Motion Conference Letter last year, Defendants note that this Court does not have personal jurisdiction over DPW, a Delaware corporation with its principal place of business in California, in this matter. DPW is a non-party to the agreement at issue and is not otherwise subject to jurisdiction in this Court in

Hon. Andrew L. Carter, Jr., U.S.D.J.
February 24, 2020
Page 2

provided with the opportunity to fully brief these issues before the Court, without any contingencies.[3]

Furthermore, it would not serve the interests of judicial economy to require DF to partially answer the Complaint at this juncture. As set forth in Ds Pre-Motion Conference Letter, DF intends to move to dismiss the promissory estoppel claim against it and DPW intends to move to dismiss the Complaint in its entirety against it. Thus, Defendants submit that it would be more efficient for Defendants to first file and for the Court to rule on the Motion to Dismiss, which Defendants believe will significantly narrow the scope of this case.[4]

Finally, Defendants object to Plaintiff's request for "limited" pre-Motion discovery on the alter-ego issue. Plaintiff has neither filed a motion seeking such relief nor cited to any legal authority related to this narrow issue. If Plaintiff is inclined to seek "limited" discovery, then Plaintiff should file a pre-motion conference letter seeking such relief in order to provide Defendants the opportunity to respond to Plaintiff's request.[5]

For the foregoing reasons, Defendants request that the Court deny Plaintiff's Letter in its entirety.

We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ Robert Volynsky*

Robert B. Volynsky (RV-7076)

cc:   All Counsel of Record

---

connection with this matter. Thus, in addition to the reasons stated in Ds Pre-Motion Conference Letter, DPW intends to move dismiss for lack of personal jurisdiction in Defendants' Motion to Dismiss.

[3] Succinctly, Plaintiff essentially argues that no party could ever file a motion to dismiss in connection with a veil-piercing claim because it is a "fact-laden inquiry." That assertion is non-sensical and, as set forth in Ds Pre-Motion Conference Letter, Courts routinely dismiss veil-piercing claims that are inadequately pled.

[4] Defendants further note that Plaintiff did not previously request that DF be required to answer the Complaint, notwithstanding the fact that it has known for over one (1) year that DF does not intend to move to dismiss the breach of contract claim. Thus, there would be no prejudice to Plaintiff if the Court, first, adjudicated the Motion to Dismiss.

[5] As a practical matter, and as set forth in Ds Pre-Motion Conference Letter, there is a dispute amongst the parties as to which State's laws govern the veil-piercing claims – Delaware or New York. Defendants posit that a determination concerning which State's law should first be made before considering what, if any, "limited" discovery should be permitted.