

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Ronald W. Meister**
(212) 790-9255
rwm@cll.com

June 23, 2020

**Via ECF and E-Mail to: ALCarterNYSDChambers@NYSD.uscourts.gov**

Hon. Andrew L. Carter, U.S.D.J.
Southern District of New York
40 Foley Square, Courtroom 1306
New York, NY 10007

>     Re:   Blockchain Mining Supply v. Digital Farms et ano.
>           Case No. 1:18-CV-l 1099 (ALC)
>           <u>Joint Status Report re Discovery</u>

Dear Judge Carter:

    Pursuant to Your Honor's direction at our status conference on June 17, counsel have conferred regarding the discovery to be provided voluntarily by defendants. The parties have been unable to agree on voluntary production beyond the documents identified by defendants in the May 15 status report and at the June 17 conference. The parties present below their separate positions for moving forward.

<u>Plaintiff's Position</u>

<u>*Discovery Regarding Breach of Contract claim*</u>

    The parties agree, as was intended at the conference, that they will exchange formal discovery requests regarding the breach of contract claim. For the reasons we set forth in the May 15 status report, including the nature of the inquiry, the discrete issues involved, and the difficulty of conducting depositions remotely, we submit that interrogatories beyond the scope of Local Rule 33.3(a) are a more practical method of obtaining some of the information sought.

<u>*Discovery Regarding Alter Ego Claims*</u>

    The parties agree that defendants will endeavor to produce the documents relating to the alter ego claim, as identified in the May 15 status report and the June 17 conference, by July 8, 2020, subject to the terms of a protective order now being negotiated. As agreed at

**Cowan, Liebowitz & Latman, P.C.**
Hon. Andrew L. Carter, U.S.D.J.
June 23, 2020
Page 2

the conference, after plaintiff has reviewed that production, it will identify any additional discovery it seeks. To the extent the parties disagree regarding additional voluntary discovery, plaintiff will serve formal discovery requests. Defendants indicate below that they oppose any formal requests. Plaintiff submits that the Court did not intend to preclude formal discovery requests, but had encouraged the parties to agree on as much as they could, which they have done with only limited success. In light of the parties' persistent inability to agree on substance and procedure in this case, including their inability even to submit a joint description of the case status, we strongly believe that discovery should not be limited to only what defendants voluntarily produce, and that formal discovery requests are therefore appropriate.

*Discovery Regarding Jurisdiction*

Plaintiff proposes to serve formal discovery requests on the issue of personal jurisdiction over DPW. Defendants have offered only to search for documents using specific search terms, to be negotiated by the parties, that relate to travel to New York for the purpose of paying money to plaintiff. Plaintiff does not believe that limited approach would be sufficient, outside the framework of formal discovery requests, because the parties have not been able to agree on the appropriate scope of discovery. In particular, plaintiff believes that a broader definition of DPW's contacts with New York than that proposed by defendants is appropriate, and should include all contacts with New York by Todd Ault, or others, that had any relation to plaintiff, the Asset Purchase Agreement or payments therefor; communications with (not just travel to) service providers, regulatory agencies, and others in New York; and the records of transmission of funds to plaintiff. We strongly believe, in light of the history of this case, that the best way of seeking that information is not through negotiation for voluntary discovery, but through the service of formal discovery requests.

*Timing*

The parties agree that the discovery related to defendants' motion to dismiss be completed within 90 days, with plaintiff's brief in opposition to the motion to be submitted thirty days thereafter, and Defendants' reply thirty days after that.

Defendants' Position

Defendants agree that, at this juncture, the parties have been unable to agree on voluntary production beyond the documents identified by Defendants in the May 15th status report and at the June 17th conference.

Defendants briefly address each discrete substantive issue below.

3493507.1

**Cowan, Liebowitz & Latman, P.C.**
Hon. Andrew L. Carter, U.S.D.J.
June 23, 2020
Page 3

*Breach of Contract Claim Against Digital Farms*

Digital Farms and Plaintiff will exchange formal requests pursuant to the Federal Rules of Civil Procedure concerning this claim.

*Discovery Concerning Alter-Ego Claim*

As regards to the alter ego issue, Defendants anticipate producing those documents identified in the May 15th status report by July 8, 2020, subject to the terms of a protective order now being negotiated. As proposed by Defendants during the June 17th conference, the undersigned will meet and confer with Plaintiff's Counsel, if necessary, after Plaintiff's Counsel has had an opportunity to review the production, to discuss the parameters of a supplemental production, if any. Defendants do not consent to Plaintiff serving formal discovery requests, interrogatories, or requests for admission on this issue, as of right.

*Jurisdictional Discovery*

As regards to jurisdictional discovery, DPW agreed to search for and produce documents and communications, if any, that related to DPW's (or a DPW representative's) travel to New York for the purpose of obtaining financing that was either, in whole or in part, specifically for the purpose of paying monies to Plaintiff for the transactions alleged in the Complaint. To that end, the undersigned believes that he and Plaintiff's Counsel can agree to certain search parameters for potentially responsive documents.

Very respectfully,

*/s/ Ronald W. Meister*
Ronald W. Meister (RWM@cll.com)
Attorney for Plaintiff


*/s/ Robert Volynsky*
Robert Volynsky, Esq. (rvolynsky@weltz.law)
Attorney for Defendants

3493507.1