

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY  10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Ronald W. Meister**
(212) 790-9255
rwm@cll.com

August 24, 2020

**Via ECF and E-Mail to: ALCarterNYSDChambers@NYSD.uscourts.gov**

Hon. Andrew L. Carter, U.S.D.J.
Southern District of New York
40 Foley Square, Courtroom 1306
New York, NY 10007

    Re: Blockchain Mining Supply v. Digital Farms et ano.
       Case No. 1:18-CV-l 1099 (ALC)
       Status Report re Discovery

Dear Judge Carter:

  We represent plaintiff Blockchain Mining Supply in the above-entitled action, and write to follow up on our June 23 status report to the Court.  We request the Court's approval to proceed to formal discovery on two issues in this case, as was discussed in our June 17 conference.  I have informed defendants' counsel of my intention to write to the Court, but he has declined my offer to include his clients' position in this report, as we have done in the past.

Background

  This case was commenced in November 2018, alleging breach of contract and promissory estoppel claims against defendant Super Crypto, Inc. (now known as Digital Farms, Inc.) and its wholly-owning parent, DPW Holdings, Inc.  For a variety of reasons – including the Court's suggested period of negotiation in which defendants ultimately declined to settle on behalf of the subsidiary alone; an unsuccessful mediation before Magistrate Judge Jones; and unsuccessful efforts to conduct discovery by consent, without formal requests – the case has made limited progress.  After defendants in a motion to dismiss asserted defenses to jurisdiction and piercing the corporate veil, the Court directed the parties to discuss the possibility of solely voluntary disclosure on those issues.  Those negotiations have been unsuccessful, and plaintiff  now asks for permission to serve formal discovery requests limited to the issues of jurisdiction and alter ego liability, so the parties can move forward on this almost two-year-old case.

3545023.1

**Cowan, Liebowitz & Latman, P.C.**
Hon. Andrew L. Carter, U.S.D.J.
August 24, 2020
Page 2

Discovery Regarding Breach of Contract by Digital Farms

With the Court's approval, the parties served formal discovery requests on the breach of contract claim against the subsidiary, and the clock is running on the time to respond. The only issue relating to these requests is plaintiff's service of a set of six interrogatories asking only that Digital Farms identify each payment made under the contract. Aware of the provisions of Local Rule 33.3(a) that such interrogatories may be permitted if they are a more practical method of obtaining the information sought, we highlighted the issue in the parties' June 23 status report, and now ask that the Court authorize and require a response to those interrogatories. A copy of the interrogatories is attached hereto.

Discovery Regarding Alter Ego Claims

It being well-established that "a fact-laden claim to pierce the corporate veil is unsuited for resolution on a pre-answer, pre-discovery motion to dismiss," *Cortlandt St. Recovery Corp. v. Bonderman*, 31 N.Y.3d 30, 47 (2018), we requested at prior conferences, and the Court authorized, discovery on this issue prior to plaintiff's response to the motion – providing that the parties first attempt to negotiate voluntary discovery from defendants. Those negotiations have failed.

While defendants have produced some minimal documentation, it has been far from adequate. While it is entirely proper for a plaintiff on an alter ego claim to seek information about, among other things, the subsidiary's initial and subsequent capitalization; its common use of office space, attorneys and service providers with its parent; its general ledger and books of account; and its assets, earnings, dividends and liabilities, defendants have produced little more than three heavily-redacted bank statements, two balance sheets that reflect enormous liabilities and intercompany transfers with the parent, and some boilerplate corporate documents. While even this very limited production supports our belief that the subsidiary was undercapitalized at inception, was wholly dependent on its parent, to whom it owes enormous sums, and had at most limited business transactions of its own, the details to which plaintiff is entitled in order to respond to the motion to dismiss are withheld or hidden behind redactions. Information about capitalization, bank balances, receipts, and business operations are entirely missing, and our patient efforts through several meet and confer conversations with counsel have been unsuccessful. We do not believe it was the Court's intention to limit discovery to only items that defendants volunteer to produce, and submit that the time has come in this aging case to proceed with formal discovery on this issue, and ask the Court's permission to do so.

Discovery Regarding Jurisdiction Over DPW Holdings

Here, too, negotiations regarding jurisdictional discovery have been unsuccessful. As we reported to the Court in June, defendants have offered only to make limited production of

3545023.1

**Cowan, Liebowitz & Latman, P.C.**
Hon. Andrew L. Carter, U.S.D.J.
August 24, 2020
Page 3

documents relating to their travel to New York for the purpose of obtaining funds to pay their contractual obligations.  For that purpose, they stated their expectation that the parties could agree on appropriate search parameters.  Since that time, defendants have produced only a handful of emails between the parties that are already in plaintiff's possession.  Even the promise to negotiate search terms has failed, despite several meet and confer attempts, with defendants unwilling to agree to search terms limited to the parties' names, "New York," "Asset Purchase," and "bank."  While we have expressed our willingness to negotiate further over the search terms, it has been several weeks since defendants promised to disclose the number of hits for the basic terms proposed by plaintiff.  Moreover, defendants have refused to even search for those terms in personal e-mail accounts that DPW's CEO himself used in corresponding with plaintiff regarding the transaction in issue.

Plaintiff is not fishing for information in the general hope that something will turn up.  We have information that DPW used attorneys, bankers, and regulatory agencies in New York in connection with this transaction, sent money to plaintiff from New York through its New York attorneys, and travelled to New York for the very purpose of obtaining funds to pay the amounts owed to plaintiff.  It is not unreasonable to seek the details and documents regarding defendants' contacts with New York that relate to the contract in issue.  Accordingly, plaintiff wishes to pose formal discovery requests on this issue.

Timing

The parties have agreed that the discovery related to defendants' motion to dismiss, once begun, be completed within ninety days, with plaintiff's brief in opposition to the motion to be submitted thirty days thereafter, and defendants to have thirty days for their reply.   We ask the Court to approve that schedule.

Conclusion

In light of the age of this case and the reasonable nature of the requests, plaintiff requests leave to serve interrogatories on the breach of contract issue, and formal discovery requests on the alter ego and jurisdiction issues, in accordance with the agreed schedule.

Very respectfully,

*/s/ Ronald W. Meister*
Ronald W. Meister (RWM@cll.com)
Attorney for Plaintiff

Encls.
cc: Robert Volynsky, Esq. (via ECF)

3545023.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLOCKCHAIN MINING SUPPLY AND SERVICES LTD.,<br><br>*Plaintiff*,<br><br>–against–<br><br>SUPER CRYPTO MINING, INC. n/k/a DIGITAL FARMS, INC. and DPW HOLDINGS, INC.,<br><br>*Defendants*. | Civil Action No. 1:18-cv-11099-ALC |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiff Blockchain Mining Supply and Services Ltd. ("Plaintiff") hereby requests that defendants Super Crypto Mining, Inc. n/k/a Digital Farms, Inc. ("Super Crypto") and DPW Holdings, Inc. ("DPW" and, together with Super Crypto, "Defendants" and each a "Defendant") answer under oath the following interrogatories (the "Interrogatories" and each an "Interrogatory") within thirty (30) days after service hereof.

## DEFINITIONS AND INSTRUCTIONS

Plaintiff hereby incorporates, by reference, the Definitions and Instructions contained in Plaintiff's First Set of Requests for Production to Defendants.

## INTERROGATORIES

**Interrogatory No. 1**

Identify each and every person who participated in or provided information used in preparing the answers to these Interrogatories

**Interrogatory No. 2**

Identify each and every person with knowledge of information concerning the subject matter of this Action.

**Interrogatory No. 3**

Identify each and every payment made by either Defendant toward the Balance Owed.

**Interrogatory No. 4**

For each payment identified in response to Interrogatory No. 3, state the payment amount, the date on which the payment was initiated and/or completed, the account from which the payment was made and the named payor.

**Interrogatory No. 5**

Identify each and every payment made by either Defendant toward Storage Costs.

**Interrogatory No. 6**

For each payment identified in response to Interrogatory No. 5, state the payment amount, the date on which the payment was initiated and/or completed, the account from which the payment was made and the named payor.

Date: July 21, 2020

Respectfully submitted,

By:_____
    Ronald W. Meister (rwm@cll.com)
    Dasha Chestukhin (dxc@cll.com)
Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, New York 10036
Tel:   (212) 790-9200
Fax:   (212) 575-0671

2