

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY  10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Ronald W. Meister**
(212) 790-9255
rwm@cll.com

August 31, 2020

**Via ECF and E-Mail to: ALCarterNYSDChambers@NYSD.uscourts.gov**

Hon. Andrew L. Carter, U.S.D.J.
Southern District of New York
40 Foley Square, Courtroom 1306
New York, NY 10007

   Re: Blockchain Mining Supply v. Digital Farms et ano.
     Case No. 1:18-CV-l1099 (ALC)
     <u>Reply Status Report re Discovery</u>

Dear Judge Carter:

 On behalf of plaintiff in this matter, we submit this brief reply to defendants' status report filed earlier today.

 Defendants' position is that, having declined to provide any significant discovery voluntarily on the jurisdiction and alter ego issues, they are not obliged to provide any discovery at all.  Very little has changed since the Court at our June conference recognized the appropriateness of discovery, and urged the parties to see if they could agree voluntarily, which they have not been able to do.  As a result, on the jurisdiction issue, defendants have provided only a handful of emails that are already in our possession, and not even the results of a search of email accounts for the limited search terms we proposed; and they have declined to even look at the accounts of defendants' officers that they used for communications about this very transaction.  On the alter ego issue, we have received virtually none of the critical documents or information customarily regarded as critical to an alter ego inquiry – information about the subsidiary's capitalization, its general ledger, its earnings and dividends (if any), its liabilities to the parent and others, and details of the very substantial unexplained intercompany transfers.  It ill behoves defendants to rely on their production of a "separate bank account" for the subsidiary, which in fact consisted of merely three months of bank statements, with the transactions almost completely redacted. In asking that resolution of their motion proceed without that discovery, they disregard what we believe was the Court's intention that limited discovery on those two issues be permitted before plaintiff is required to respond to the motion.

3549415.1

**Cowan, Liebowitz & Latman, P.C.**
Hon. Andrew L. Carter, U.S.D.J.
August 31, 2020
Page 2

We note as well that, although defendants had agreed to a 90-day period for the completion of jurisdictional and alter ego discovery, they now contend that the period has already begun with the service of discovery requests limited to the breach of contract claim against the subsidiary, when formal discovery on the jurisdiction and alter ego issues has not been authorized.

Finally, though it does not relate to the discovery issue, a response to defendants' argument about plaintiffs' promissory estoppel claim is in order. Contrary to counsel's claim, defendants have <u>not</u> conceded the validity and enforceability of the entire contract for all the goods sold, not just for the first shipment of goods that have been paid for, which are not at issue in this lawsuit. Until defendants are willing to do so, plaintiff's promissory estoppel claim as to the unpaid portion of the contract remains entirely proper. This issue is raised in defendants' motion to dismiss, which plaintiff will address in its response to that motion.

For the reasons set forth herein, and in plaintiff's August 24 report, plaintiff respectfully requests that discovery proceed as set forth in the Conclusion to that letter.

Very respectfully,

*/s/ Ronald W. Meister*
Ronald W. Meister (RWM@cll.com)
Attorney for Plaintiff

cc: Robert Volynsky, Esq. (via ECF)

3549415.1