

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY  10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Ronald W. Meister**
(212) 790-9255
rwm@cll.com

October 2, 2020

**Via ECF and E-Mail to: ALCarterNYSDChambers@NYSD.uscourts.gov**

Hon. Andrew L. Carter, U.S.D.J.
Southern District of New York
40 Foley Square, Courtroom 1306
New York, NY 10007

> Re:    Blockchain Mining Supply v. Digital Farms et ano.
>        Case No. 1:18-CV-l 1099 (ALC)
>        Status Report re Discovery

Dear Judge Carter:

As counsel to plaintiff in this action, we write to follow up on our status reports of June 23 and August 24 and 31, and defendants' response on August 31.   Critical aspects of this case have been on hold while we are awaiting the Court's authorization to proceed with discovery.

As the Court will recall, plaintiff commenced this action in November 2018, alleging claims of breach of contract and promissory estoppel against DPW Holdings, Inc., and its wholly-owned subsidiary, Super Crypto Mining, Inc. (now known as Digital Farms, Inc.) Following unsuccessful efforts at settlement, including mediation by the Magistrate Judge, the parent by motion asserted defenses to jurisdiction and piercing the corporate veil. Because those defenses, as we explained, required limited discovery on the issues they raised, we asked the Court to authorize such discovery on a schedule agreed by the parties: ninety days for discovery, after which plaintiff would have thirty days to respond to the motion to dismiss.  The Court directed the parties first to attempt to engage in voluntary disclosures on those issues. Those efforts failed, as we described in detail in our August 24 status report.  While the subsidiary has produced documents (as has plaintiff) related solely to the breach of contract claim against it, they do not relate to the jurisdiction or alter ego issues raised by the parent.  We now ask leave to proceed with limited formal discovery on those issues, on the schedule we previously proposed – ninety days for discovery, followed by thirty days to respond to the motion.  We believe the issues are fully described in the parties' prior correspondence, and do not believe a conference is required for further argument, but are available for such a conference if the Court requires.

3571653.1

**Cowan, Liebowitz & Latman, P.C.**
Hon. Andrew L. Carter, U.S.D.J.
October 2, 2020
Page 2


                                        Very respectfully,

                                        */s/ Ronald W. Meister*
                                        Ronald W. Meister (RWM@cll.com)
                                        Attorney for Plaintiff


cc: Robert Volynsky, Esq. (via ECF)

3571653.1