

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY  10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Ronald W. Meister**
(212) 790-9255
rwm@cll.com

October 12, 2020

**Via ECF and E-Mail to: ALCarterNYSDChambers@NYSD.uscourts.gov**

Hon. Andrew L. Carter, U.S.D.J.
Southern District of New York
40 Foley Square, Courtroom 1306
New York, NY 10007

>     Re:    Blockchain Mining Supply v. Digital Farms et ano.
>            Case No. 1:18-CV-l 1099 (ALC)
>            Status Report re Discovery

Dear Judge Carter:

    In compliance with the Court's order of October 5, 2020, plaintiff Blockchain Mining Supply and Services Ltd. ("Plaintiff") submits herewith the discovery requests it seeks to serve with respect to the jurisdiction and alter ego/veil-piercing issues in the above-entitled matter.  Plaintiff proposes to serve eight interrogatories and ten document requests, which we attach to this letter.  We believe that, for the discrete information sought by the interrogatories, they are a more practical method of obtaining the information than a request for production or a deposition, and may in any case be ordered by the Court, and that they thereby comply with Local Rule 33.3.  If the Court prefers not to authorize these interrogatories at this stage in the proceeding, Plaintiff proposes to serve instead requests for documents sufficient to show the information sought, in addition to its other proposed requests for production.

    Plaintiff's proposed requests are limited to the jurisdiction and alter ego issues raised by defendants' motion to dismiss.  In that motion, defendant DPW asserts that its contacts with the jurisdiction were "random," "coincidental," and "tangential."  Plaintiff is entitled to show, and confident that the discovery sought will leave no doubt, that DPW had multiple contacts with New York that were directly related, and indeed essential, to the transactions between the parties; and that DPW had multiple service providers in New York that were engaged in various aspects of the transactions.  Plaintiff also has reason to believe that DPW's CEO and other agents were physically present in New York on multiple occasions in connection with the contract at issue.  We have also been informed by defendants' counsel

3576260.1

**Cowan, Liebowitz & Latman, P.C.**
Hon. Andrew L. Carter, U.S.D.J.
October 12, 2020
Page 2

that there are over 10,000 emails from the accounts of the defendants' CEOs in 2018 alone that contain the terms "New York" or "NY," which in itself is evidence that the defendants were regularly doing business in New York.

    These discovery requests also inquire into the relationship between DPW and its wholly-owned subsidiary, defendant Super Crypto, Inc./Digital Farms, Inc. Plaintiff reasonably believes that its requested discovery will show that Super Crypto operated as a mere department of DPW, a factor relevant to both the jurisdiction and alter ego issues, and showing both that DPW is subject to personal jurisdiction in New York based on Super Crypto's actions in the forum state, and that piercing its corporate veil is justified.[1] Plaintiff's requests are limited to those areas regularly recognized as probative on these issues: overlapping offices, officers, directors, executives, and service providers; the subsidiary's financial position and circumstances, including its capitalization, solvency, assets, liabilities, dividend payments (if any), lines of credit, and bank records; transfers between the subsidiary and the parent; payment of the subsidiary's obligations by the parent; the subsidiary's observation of corporate formalities; the parent's involvement in the subsidiary's operational policies and executive management; and communications between parent and subsidiary relating to the transaction at issue.

    Plaintiff respectfully requests that the Court authorize it to proceed with formal service of these requests, on the schedule initially agreed by the parties of 90 days to complete discovery, with Plaintiff to respond to Defendants' motion 30 days thereafter.

    Very respectfully,

    */s/ Ronald W. Meister*
    Ronald W. Meister (RWM@cll.com)
    Attorney for Plaintiff

cc: Robert Volynsky, Esq. (via ECF)

---

[1] "Establishing the exercise of personal jurisdiction over an alleged alter ego requires application of a less stringent standard than that necessary to pierce the corporate veil for purposes of liability." *Storm LLC v. Telenor Mobile Commun's AS*, 2006 U.S. Dist. LEXIS 90978, at *39 n.8 (S.D.N.Y. Dec. 15, 2006). In particular, personal "jurisdiction will [] be found where the [parent] company has a subsidiary that is amenable to jurisdiction and is found to be a 'mere department' of the corporate parent.'" *GEM Advisors, Inc. v. Corporacion Sidenor, S.A.*, 667 F. Supp. 2d 308, 318 (S.D.N.Y. 2009).

3576260.1

Plaintiff's specific requests are as follows:

## INTERROGATORIES

**Interrogatory No. 1**

Identify the dates and purposes of any occasion when Milton "Todd" Ault III ("Ault"), or any other officer, director or other agent of DPW, was present in New York for a purpose related, in whole or in part, to Plaintiff or obligations to Plaintiff, including to obtain funding in connection with the Asset Purchase Agreement (the "Agreement"), or the associated escrow agreements effective March 22, 2018 and April 19, 2018.

*[or produce documents sufficient to show that information]*

**Interrogatory No. 2**

State the names and titles of all directors, executives and officers of DPW and of Super Crypto in 2018.

*[or produce documents sufficient to show that information]*

**Interrogatory No. 3**

Identify and provide addresses for all DPW's and Super Crypto's attorneys, accountants, financial advisors and brokers, auditors, insurance carriers, insurance brokers, landlords and vendors in 2018.

*[or produce documents sufficient to show that information]*

**Interrogatory No. 4**

Identify each and every transfer or exchange of funds, property, capital, assets or liabilities between Super Crypto and DPW.

*[or produce documents sufficient to show that information]*

**Interrogatory No. 5**

Identify each and every payment made by either defendant to Plaintiff in connection with the Agreement, including the amount paid, the date on which the payment was initiated and/or completed, the account from which the payment was made, the source(s) of the funds and the named payor.

*[or produce documents sufficient to show that information]*

**Interrogatory No. 6**

State the initial capitalization of Super Crypto at the time of its incorporation, and the source(s) of those funds.

*[or produce documents sufficient to show that information]*

**Interrogatory No. 7**

Identify all obligations of Super Crypto paid by DPW.

*[or produce documents sufficient to show that information]*

**Interrogatory No. 8**

Identify, by institution, date(s) and amount(s), any line of credit obtained or maintained by Super Crypto in 2018.

*[or produce documents sufficient to show that information]*

3576260.1

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**Request No. 1**

Documents sufficient to show the amount, date, originating account and named payor for each and every payment made by or on behalf of DPW that originated in New York and relate, in whole or in part, to Plaintiff or obligations to Plaintiff, including the Agreement.

**Request No. 2**

All communications between DPW or Milton "Todd" Ault III ("Ault") on one hand, with attorneys, banks or other financial institutions, funders, regulatory agencies, service providers and others located in New York, on the other hand, that relate, in whole or in part, to Plaintiff or obligations to Plaintiff, including the Agreement.

**Request No. 3**

All communications sent from New York by or on behalf of DPW or Ault that relate, in whole or in part, to Plaintiff or obligations to Plaintiff, including the Agreement.

**Request No. 4**

All communications between DPW and/or Super Crypto, on one hand, and service providers or other entities engaged or otherwise paid by DPW and/or Super Crypto, including attorneys, accountants, financial advisors, auditors, insurance carriers, insurance brokers, landlords and vendors, on the other hand, that relate, in whole or in part, to Plaintiff or obligations to Plaintiff, including the Agreement.

**Request No. 5**

Super Crypto's general ledger, books of account, bank records and other documents sufficient to show the assets, liabilities, revenues and expenditures of as well as dividends (if any) paid by Super Crypto.

**Request No. 6**

Documents sufficient to show DPW's involvement or participation in the selection and assignment of Super Crypto's executive personnel.

**Request No. 7**

Documents sufficient to show DPW's involvement or participation in Super Crypto's marketing and operational policies.

**Request No. 8**

All documents and communications in the possession, custody or control of DPW that relate, in whole or in part, to Plaintiff or obligations to Plaintiff, including the Agreement.

**Request No. 9**

All communications between Super Crypto, on one hand, and DPW or Ault, on the other hand, concerning the Agreement, including the 1,100 Bitmain Antminer S9 model cryptocurrency mining machines and 1,100 power supply units that Plaintiff agreed to sell, and Super Crypto agreed to buy, pursuant to the Agreement.

**Request No. 10**

All communications between Super Crypto and DPW concerning each and every payment to Plaintiff.

3576260.1