

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY  10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Ronald W. Meister**
(212) 790-9255
rwm@cll.com

October 19, 2020

**Via ECF and E-Mail to: ALCarterNYSDChambers@NYSD.uscourts.gov**

Hon. Andrew L. Carter, U.S.D.J.
Southern District of New York
40 Foley Square, Courtroom 1306
New York, NY 10007

      Re: Blockchain Mining Supply v. Digital Farms et ano.
          Case No. 1:18-CV-l 1099 (ALC)
          <u>Reply Status Report re Discovery</u>

Dear Judge Carter:

      We represent plaintiff in the above-entitled matter. Defendants' October 16, 2020, status letter regarding plaintiff's proposed discovery requires this brief reply.

      Plaintiff's entitlement to discovery on the alter ego/veil-piercing and jurisdiction issues has been thoroughly addressed in the parties' prior letters, including plaintiff's letters of August 24 and October 12, to which we refer. We address here defendants' responses regarding the specific discovery we proposed in plaintiff's October 12 letter.

      It is discouraging to read, in defendants' footnote 1, that they "reserve all of their rights and objections to the proposed interrogatories and document requests to the extent that Plaintiff later propounds same as formal discovery requests, irrespective of whether Defendants have raised such objections in this response or not." We had hoped that this exchange of correspondence would advance the discovery process beyond that point.

      Nevertheless, a review of plaintiff's proposed interrogatories belies the criticism that they are overbroad or burdensome. Each asks for specific information about travel, names, payments, transfers, or funding, which should require only modest effort to respond to. That is why we posed them as interrogatories, because they are the most efficient manner of obtaining this information. We acknowledged Local Rule 33.3 in our October 12 letter, and remain of the view that these interrogatories are suitable in this case.

      As for defendants' concern that the relevant time period is not specified, we have made clear to them on numerous occasions that the requests seek information for the year 2018 only, and will so limit them in the Definitions and Instructions that will accompany the

3581288.1

**Cowan, Liebowitz & Latman, P.C.**
Hon. Andrew L. Carter, U.S.D.J.
October 19, 2020
Page 2

formal requests.[1]  As to the assertion that the requests seek privileged documents, defendants of course retain their right to object to production of specific documents that are privileged.

Defendants' claims of burden ignore that DPW disclaims any obligation under the contract, and denies that it controlled Super Crypto's actions.  If that is correct, documents relating to DPW's involvement with the contract should be few.  If it is not correct, the volume of DPW's documents relating to the contract – to which almost all of the document requests are directed – is itself pertinent to the alter ego/veil-piercing issue.  And Requests 6 and 7, which are directed to DPW's involvement in Super Crypto's management and activities, are taken directly from the cases cited in footnote 1 to plaintiff's October 12 letter regarding establishing jurisdiction over an alter ego, which enumerate those very factors.

We regard with skepticism defendants' claim that they will be burdened by having to review 10,000 documents.  Defendants first informed us that there were fewer than ten DPW documents containing a reference to New York.  Later, they provided the higher figure, but stated that those documents were not "deduplicated or threaded."  We understood from our follow-up inquiry that these numbers did _not_, as defendants now assert, include documents with "New York" merely in a signature block.  If that is true, and such documents can be eliminated, the task of review is substantially eased.  If it is _not_ true, and a large number of documents relates to defendants' activities in New York, that itself is probative of whether DPW's New York contacts were more than merely "random" and "tangential," as defendants contend in their motion.

Finally, defendants' claim that further production is unnecessary because plaintiff already has some information, overstates what is in their very limited production so far – which includes, most strikingly, Super Crypto's bank statements for three months in early 2018, which defendants assert are the only bank records Super Crypto has, and anyway are heavily redacted.  If Super Crypto had no other bank records – a significant fact in itself -- plaintiff's requests for its general ledger (if one exists), initial capitalization, line of credit (if any), and list of obligations paid by DPW are all the more essential to the questions of whether Super Crypto was inadequately capitalized and dominated by DPW.

The discovery plaintiff seeks is critical to plaintiff's response to defendants' motion, and to provide the Court with the facts on which to decide it.  It is beyond the point where defendants should be suggesting "we will talk further" to resolve discovery issues.  Plaintiff asks to be permitted to proceed with formal requests for the proposed discovery on the schedule initially agreed by the parties.

Very respectfully,

 */s/ Ronald W. Meister*
 Ronald W. Meister (RWM@cll.com)
cc: Robert Volynsky, Esq.        Attorney for Plaintiff

---

[1] Defendants acknowledge that "with respect to discovery related to Plaintiff's veil-piercing claims, the proposed temporal limitation for DPW's Proposed Limitation may need to be expanded."

3581288.1