

October 20, 2020

<u>Via ECF and Electronic Mail</u>
Hon. Andrew L. Carter, Jr.
United States District Court Judge
Southern District of New York
40 Foley Square, Courtroom 1306
New York, New York 10007

      Re:   <u>Blockchain Mining Supply and Services, Ltd. v. Digital Farms, Inc. (f/k/a Super Crypto Mining, Inc.) and DPW Holdings, Inc., No. 18-CV-11099-ALC</u>

Dear Judge Carter:

      The undersigned represents Defendants Digital Farms, Inc. (f/k/a Super Crypto Mining, Inc.) ("DF" or "Super Crypto") and DPW Holdings, Inc. ("DPW" and with "DF" collectively, "Defendants") in the above-referenced matter. Although Defendants do not wish to engage in a letter campaign, Defendants feel compelled to briefly address the statements made in Plaintiff's letter, dated October 19, 2020 [DE 53] ("Plaintiff's Letter").

      Initially, it is unclear why Plaintiff feels "discouraged" regarding Defendants' reservation of rights to formal discovery requests, especially, since, in response to each of Digital Farms' thirty-six (36) document requests ("DF's Document Requests") propounded to Plaintiff, Plaintiff qualified each of its responses with objections. Thus, it is disingenuous for Plaintiff to assert that Defendants should be held to a different standard and not be afforded the opportunity to review and respond to formal discovery requests in accordance with the F.R.C.P.[1]

      As to Plaintiff's assertion that it has "made clear to [Defendants] on numerous occasions that the requests seek information for the year 2018 only," Defendants do not recall any such limitation being "made clear" with regard to the alleged alter-ego discovery. Rather, a temporal limitation was *only* discussed with regard to the jurisdictional discovery (and even, in that regard, Plaintiff would not compromise from its unjustifiable position that it was entitled to documents and communications *after* the filing of the initial Complaint) and not with regard to the alleged alter-ego issue. Notwithstanding, it is encouraging that Plaintiff has now affirmatively represented that it is willing to temporally limit its Requests to the 2018 calendar year.

      Next, Plaintiff's contention that "defendants of course retain their right to object to production of specific documents that are privileged" misses the mark entirely. Requests No. 2

---

[1] By way of example, in response to a majority of DF's Document Requests, Plaintiff objected on the grounds that, *inter alia*, the discrete Request is "overbroad an unduly burdensome to the extent it request "all" documents and communications, which is not proportional to the needs of this Action," yet, curiously uses the same "all" language in connection with its proposed Request Nos. 2, 3, 4, 9, and 10.

Hon. Andrew L. Carter, Jr., U.S.D.J.
October 20, 2020
Page 2

and 4 explicitly seek communications with attorneys and Defendants' position is that, at the outset, a bare Request that seeks communications with counsel is, on its face, not proportionate to the needs of the case and Plaintiff's Letter does not provide any rebuttal to this salient point.

Additionally, Plaintiff's novel argument concerning Request Nos. 6 and 7 is curious. Plaintiff appears to now be asserting that Request Nos. 6 and 7 relate to establishing jurisdiction over an alter-ego, as yet another last-ditch effort to salvage its claims against DPW, notwithstanding the fact that: (i) Plaintiff's articulated basis for jurisdiction (as alleged in the First Amended Complaint) is based on Ault's alleged travel to New York for the purpose of obtaining funding for Plaintiff and (ii) that Digital Farms, itself, is not a New York corporation, does not have a principal place of business in New York, and this Court's jurisdiction over Digital Farms in this action is based solely on the Agreement (which DPW is not a party to). If anything, Plaintiff's relentless efforts to try to find a smoking-gun to confer jurisdiction further underscore the fact that this Court does not have jurisdiction over DPW in this action.

Moreover, Plaintiff's alleged "skepticism" concerning Defendants' arguments relating to disproportionately is also misplaced. Plaintiff is well aware that in connection with the prior e-mail searches, Defendants only searched Mr. Magot's (DF's Chief Executive Officer) and Mr. Ault's corporate e-mails. The Requests, as proposed, necessarily seek communications well beyond those two custodians (*see* Request No. 2 ("All communications between DPW or Milton "Todd" Ault III "Ault") on one hand…."); Request No. 3 ("All communications sent from New York by or on behalf of DPW or Ault….."). Indeed, these Requests belie Plaintiff's insinuation that the same level of e-mail searches would be sufficient if the Court granted its disclosure demands, unchanged, *in toto*.[2]

Finally, Plaintiff's Letter fails to address (because Plaintiff cannot) how or why DPW's Proposed Limitation, itself, would not be the most efficient, sensible, and least burdensome method for obtaining discovery that would **relate to Plaintiff or obligations to Plaintiff** and/or DPW's alleged control over Digital Farms in connection with the underlying transaction. Rather, Plaintiff again shifts its focus to legal authority, which, itself does not support Plaintiff's position, *to wit*, the case law is clear that pleading conclusory allegations of control does not translate to wide-ranging and invasive discovery related to an alter-ego claim.

Defendants look forward to appearing before the Court on October 28, 2020 and thank the Court for its time and consideration.

                                        Respectfully submitted,

                                        */s/ Robert Volynsky*

cc:    Ronald W. Meister, Esq.           Robert B. Volynsky

---

[2] Relatedly, as to Plaintiff's contention that the term "New York" is "probative of whether DPW's New York contacts were more than merely "random" or "tangential," DPW responds that, in this regard, Plaintiff appears to be seeking discovery related to general jurisdiction, which is well beyond the scope of the agreed-upon discovery (at the June 17th conference) related to specific jurisdiction (which itself is based on decisional authority post-*Daimler*). DPW further reiterates its position that DPW's Proposed Limitation is proportionate to the needs of the Plaintiff's claim for jurisdiction over DPW.