UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
   BLOCKCHAIN MINING SUPPLY AND
   SERVICES LTD.,
           Plaintiff,
         -against-

   SUPER CRYPTO MINING, INC. and DPW
   HOLDINGS INC.,
           Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: December 4, 2020

18-cv-11099 (ALC)

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

     Plaintiff, Blockchain Mining Supply and Services Ltd., commenced this action on November 28, 2018 against Super Crypto Mining, Inc. (Super Crypto) and its controlling parent, DPW Holdings, Inc. ("DPW"), for breach of contract and promissory estoppel, alleging that Super Crypto and Blockchain entered into a contract through which Blockchain agreed to sell cryptocurrency mining machines to Super Crypto. (Am. Compl., ECF No. 35.) The complaint alleges that DPW dominated Digital Farm's affairs in connection with the contract and acted throughout the transaction as Digital Farm's alter ego. (*Id.*) Currently pending before the Court is Defendants' motion to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (ECF Nos. 32, 37.) Plaintiff alleges that it is unable to adequately respond to Defendants' motion to dismiss and seeks to file formal discovery requests related to personal jurisdiction and alter ego status.

     "In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981). District courts have "wide latitude to determine the scope of discovery," and to allow jurisdictional discovery. *Frontera Res. Azerbaijan Corp. v. State Oil Co. of the Azerbaijan*

*Republic*, 582 F.3d 393, 401 (2d Cir. 2009). Such discovery may be authorized where plaintiff has made "a threshold showing that there is some basis for the assertion of jurisdiction." *Daval Steel Prods. v. M.V. Juraj Dalmatinac*, 718 F. Supp. 159, 162 (S.D.N.Y. 1989); *see also Strategem Dev. Corp. v. Heron Int'l N.V.*, 153 F.R.D. 535, 547–48 (S.D.N.Y. 1994) (authorizing jurisdictional discovery where plaintiff "made a sufficient start" toward establishing jurisdiction). The Second Circuit has explained that jurisdictional discovery may be appropriate even in the absence of a *prima facie* showing as to the existence of jurisdiction. *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 207–08 (2d Cir. 2003) (per curium); *Ikeda v. J. Sisters 57, Inc.*, No. 14 civ. 3570, 2015 WL 4096255, at *8 (S.D.N.Y. July 6, 2015); s*ee also Ehrenfeld v. Mahfouz*, 489 F.3d 542, 550 n.6 (2d Cir. 2007) (stating that it would be "legal error" for a district court to "forbid[ ] jurisdictional discovery any time a plaintiff does not make a prima facie showing of jurisdiction").

The Court finds that Plaintiff is entitled to limited jurisdictional discovery regarding personal jurisdiction and alter ego status. Regarding personal jurisdiction, Plaintiff puts forth allegations based on Milton "Todd" Ault III's ("Ault") activities in New York. (Am. Compl. ¶¶ 7–14.) Regarding the allegation that DPW acted as Super Crypto's alter ego, Plaintiff alleges that (1) DPW is the sole shareholder of Super Crypto; (2) DPW and Super Crypto are located at the same address, share common office space, and have the same attorneys; (3) DPW and Super Crypto made no distinction between themselves regarding their obligations to Plaintiff; and (4) DPW exercised complete domination over Super Crypto with regard to the Agreement. (Am. Compl. ¶¶ 57–69.) At the current stage of litigation, Plaintiff has made a sufficient threshold showing toward establishing personal jurisdiction and alter ego status.

While the Court has determined that Plaintiff has met the threshold for limited discovery, the Court shall permit such discovery "only to verify the allegations of specific facts crucial" to

establishing Plaintiff's personal jurisdiction and alter ego theory. *First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998) (citing *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992)).

Therefore, the Court shall authorize Plaintiff to proceed with formal service of Interrogatory No. 1, which shall be limited to the activities of Ault. The Court shall not allow Plaintiff to seek limited discovery regarding "any other officer, director or other agent of DPW" as that request is overbroad at this stage litigation. (*See* ECF No. 50, Interrogatory No. 1.) Additionally, the Court authorizes Interrogatory Nos. 2, 5. Regarding Plaintiff's Requests for Production of Documents, the Court authorizes Plaintiff to proceed with formal service of Request Nos. 1, 3, 8, 9, 10. Additionally, Defendants shall proceed with its proposed search terms as outlined in its October 16, 2020 letter to the Court. (ECF No. 52.) The Court imposes a temporal limitation of January 1, 2018 to December 31, 2018 for all limited discovery.

The Court declines to authorize Interrogatory Nos. 3, 4, 6, 8 and Request Nos. 2, 4, 5, 6, 7. "Discovery need not be granted to allow a plaintiff to engage in an unfounded fishing expedition for jurisdictional facts." *Togut v. Forever 21, Inc.*, 285 F. Supp. 3d 643, 648 (S.D.N.Y. 2018) (quoting *Vista Food Exch., Inc. v. Champion Foodservice*, LLC, 124 F. Supp. 3d 301, 315 (S.D.N.Y. 2015)).

For the foregoing reasons, Plaintiff's request for jurisdictional discovery is granted in part and denied in part. Accordingly, the court denies Defendants' motion to dismiss without prejudice. (ECF Nos. 32, 37.) Plaintiff shall complete the limited discovery by March 4, 2021. The parties shall file a joint status letter by March 8, 2021, at which time the Parties shall propose a briefing schedule for the motion to dismiss the amended complaint.

**SO ORDERED.**

**Dated:** December 4, 2020

  **New York, New York**

*/s/ Andrew L. Carter, Jr.*

**ANDREW L. CARTER, JR.**
**United States District Judge**