

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY  10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Dasha Chestukhin**
(212) 790-9251
dxc@cll.com

February 24, 2021

**Via ECF and Email to: ALCarterNYSDChambers@NYSD.uscourts.gov**

Hon. Andrew L. Carter, U.S.D.J.
Southern District of New York
40 Foley Square, Courtroom 1306
New York, New York 10007

Re: *Blockchain Mining Supply v. Digital Farms et ano.*, Case No. 1:18-CV-l 1099 (ALC)
    Letter Motion for Informal Pre-Motion Discovery Conference (Local Civil Rule 37.2)

Dear Judge Carter,

      As authorized by the Court's order of December 4, 2020 (the "December 4 Order"), plaintiff Blockchain Mining Supply and Services Ltd. ("Plaintiff"), on December 9, 2020, served discovery requests on defendants Super Crypto Mining Inc. n/k/a Digital Farms Inc. ("Super Crypto") and DPW Holdings Inc. ("DPW" and, together with Super Crypto, "Defendants") that related to personal jurisdiction and alter ego/veil piercing issues in the above-captioned action. Because Defendants have produced impermissibly redacted documents in response to those requests, Plaintiff hereby seeks an informal conference with the Court in advance of a possible discovery motion by Plaintiff.

      Plaintiff's discovery requests to Defendants included certain Requests for Production (the "Document Requests") and interrogatories, all of which were expressly authorized by the Court in the December 4 Order. True and correct copies of Plaintiff's Document Requests and Interrogatories are attached hereto as **Exhibit A**. On January 25, 2021, having requested and received from Plaintiff consent to extensions of the response deadline, Defendants served joint responses to Plaintiff's Document Requests, true and correct copies of which are attached hereto as **Exhibit B**, alongside a supplemental document production (the "Supplemental Production").

      The Supplemental Production contained, *inter alia*, a number of emails from Darren Magot, the nominal CEO of Super Crypto, to Todd Ault, the CEO of DPW, that contained extensive redactions. The Bates ranges of the relevant documents are listed in full in **Appendix 1** (collectively, the "Redacted Documents") and attached hereto as **Exhibit C**.[1] In these emails, Magot appears to be asking DPW to pay for Super Crypto's outstanding obligations to third parties, including Plaintiff. These emails are responsive to at least two of Plaintiff's Document Requests, namely, those that ask for "[a]ll documents and communications in the possession,

---

[1] Because Defendants have designated as "Confidential" all of the Redacted Documents, Plaintiff concurrently moves to file Exhibit C hereto under seal.

**Cowan, Liebowitz & Latman, P.C.**
Hon. Andrew L. Carter, U.S.D.J.
February 24, 2021
Page 2

custody or control of DPW that relate, in whole or in part, to Plaintiff or obligations to Plaintiff, including the Agreement" and "[a]ll communications between Super Crypto and DPW concerning each and every payment to Plaintiff."

The information contained in these emails (including the redacted portions) is directly relevant to, and indeed crucial for, establishing Plaintiff's alter ego theory as well as its "mere department" personal jurisdiction theory, both of which the Court authorized in its December 4 Order. Veil piercing under an alter ego theory requires, *inter alia*, that a plaintiff "show that the parent and the subsidiary operated as a 'single economic entity.'" *Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 975 F. Supp. 2d 392, 402 (S.D.N.Y. 2013) (applying Delaware law). Meanwhile, the "mere department" doctrine establishes personal jurisdiction over a parent based on a subsidiary's actions if the plaintiff, at the motion to dismiss stage, sufficiently alleges, *inter alia*, the subsidiary's financial dependency on the parent. *GEM Advisors, Inc. v. Corporacion Sidenor, S.A.*, 667 F. Supp. 2d 308, 319 (S.D.N.Y. 2009) (citing *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120-22 (2d Cir. 1984)). Both of these legal theories—which are essential to Plaintiff's theory of personal jurisdiction as to DPW as well as DPW's ultimate liability—look to the financial entanglement of the parent (DPW) and subsidiary (Super Crypto), especially where the subsidiary is financially dependent on the parent.

The fact that (apparently) all of Super Crypto's obligations were paid by DPW demonstrates that DPW is the alter ego of Super Crypto, as it shows that Super Crypto and DPW were a single economic entity at all relevant times. *See, e.g.*, *Essar Steel Algoma, Inc. v. S. Coal Sales Corp.*, 2018 U.S. Dist. LEXIS 188199, at *9 (S.D.N.Y. Oct. 29, 2018). Likewise, this evidence supports Plaintiff's contention that Super Crypto is a mere department of DPW, therefore allowing the Court to exercise personal jurisdiction over DPW on the basis of Super Crypto being subject to the same. Because Defendants have sought to dismiss the alter ego theory as well as to dismiss DPW from this action on the grounds that this Court lacks personal jurisdiction over DPW, information concerning DPW's financial domination and control of Super Crypto is extremely relevant.

Plaintiff and Defendants, through counsel, met and conferred both telephonically and via extensive email correspondence regarding the Redacted Documents. Counsel for Defendants has represented that (1) the redacted matter in the Redacted Documents is ***not privileged***, but merely confidential or sensitive (though it may contain, in some instances, personal information such as account numbers)[2] and (2) Defendants' position is that the redacted matter is not relevant to the issues of alter ego or personal jurisdiction. As such, despite Plaintiff's requests (on the grounds described below), Defendants have refused to produce unredacted versions of the Redacted Documents, necessitating the Court's involvement.

"The weight of authority in th[e Second] Circuit goes against allowing a party to redact information from admittedly responsive and relevant documents 'based on that party's unilateral determinations of relevancy.'" *Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52,

---

[2] Plaintiff concedes that Defendants are entitled to redact any personal information, such as account numbers, from any produced documents.

**Cowan, Liebowitz & Latman, P.C.**
Hon. Andrew L. Carter, U.S.D.J.
February 24, 2021
Page 3

54 (S.D.N.Y. 2018) (citation omitted). By producing the emails containing the redacted matter, Defendants have conceded their responsiveness. The fact that Defendants unilaterally allege that DPW's payment of all of Super Crypto's obligations is irrelevant is not a proper basis for redacting that information, especially where that information supports Plaintiff's position.

Defendants are entitled to produce any confidential information subject to a confidentiality designation under the protective order in place in this action (and in fact many of the documents that Defendants have produced thus far have been marked "Confidential"). However, that does not relieve Defendants of their obligation to provide complete copies of produced documents. Indeed, "***redactions on grounds of non-responsiveness or irrelevance are generally impermissible***, especially where, as here, a confidentiality stipulation and order is in place." *Durling v. Papa John's Int'l, Inc.*, 2018 U.S. Dist. LEXIS 11584, at *26 (S.D.N.Y. Jan. 24, 2018) (emphasis added). Adding a "Confidential" designation will restrict Plaintiff's ability to use or disclose any information in these documents outside this litigation, thereby preserving the confidentiality of this information as to third parties while still giving Plaintiff the information it needs to support the legal theories that Defendants seek to dismiss.

Moreover, because Defendants had to initially collect unredacted copies of the Redacted Documents, requiring Defendants to produce the unredacted versions will impose no greater burden on Defendants than adding the redactions in the first instance.

Plaintiff is not seeking independent discovery as to the identity of Super Crypto's vendors, but where such information appears in otherwise responsive documents, Plaintiff is entitled to see and use that information. Accordingly, the fact that the Court did not authorize a separate discovery request regarding Super Crypto's vendors does not somehow render information on that subject privileged or sensitive and therefore a proper subject for redaction. *See, e.g.*, *New Falls Corp. v. Soni*, 2020 U.S. Dist. LEXIS 94747, at *42-45 (E.D.N.Y. May 29, 2020) (prohibiting producing party from redacting information in otherwise responsive documents simply because it is not "technically responsive" to the request and/or not relevant because it does not relate to the receiving party).

Plaintiff respectfully requests that the Court schedule an informal conference to try to resolve this discovery dispute without the need for formal motion practice. Because this dispute directly impacts Plaintiff's ability to respond to Defendants' motion to dismiss, Plaintiff also asks that the parties' deadline to provide a joint status letter to the Court by March 8, 2021 be stayed until this matter has been resolved.

Respectfully,

Richard S. Mandel (rsm@cll.com)
Dasha Chestukhin (dxc@cll.com)

*Attorneys for Plaintiff*

**Appendix 1**
**Redacted Documents attached as Exhibit C**

DEFENDANTS_001741
DEFENDANTS_001905-1907
DEFENDANTS_002191-2199
DEFENDANTS_002338-2342
DEFENDANTS_002396-2404
DEFENDANTS_002431-2461
DEFENDANTS_002487-2488
DEFENDANTS_002497
DEFENDANTS_002514-2517
DEFENDANTS_002614
DEFENDANTS_002643-2647
DEFENDANTS_002676-2677
DEFENDANTS_002682-2684
DEFENDANTS_002696-2697
DEFENDANTS_002915-2916, 2919-2934 (single email with attachments)
DEFENDANTS_002935-2937, 3940-2955 (single email with attachments)
DEFENDANTS_002956-2957, 2960-2975 (single email with attachments)
DEFENDANTS_002976-2978, 2981-3006 (single email with attachments)
DEFENDANTS_003007-3008, 3011-3032 (single email with attachments)
DEFENDANTS_003033-3034, 3037-3058 (single email with attachments)
DEFENDANTS_003059-3060, 3063-3084 (single email with attachments)
DEFENDANTS_003085-3087, 3090-3112, 3114-3118 (single email with attachments)
DEFENDANTS_003133-3135, 3138-3166 (single email with attachments)
DEFENDANTS_003339-3341, 3344-3372 (single email with attachments)
DEFENDANTS_003395-3397, 3400-3429 (single email with attachments)
DEFENDANTS_003430-3432, 3435-3464 (single email with attachments)
DEFENDANTS_003813-3817
DEFENDANTS_003906, 3909-3910 (single email with attachments)
DEFENDANTS_004026-4030