# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLOCKCHAIN MINING SUPPLY AND SERVICES LTD., <br><br> Plaintiff, <br><br> v. <br><br> DIGITAL FARMS, INC. (F/K/A SUPER CRYPTO MINING, INC.) AND DPW HOLDINGS, INC., <br><br> Defendants. | Civil Action No.:  18-CV-11099-ALC |

**DEFENDANTS DPW HOLDINGS, INC. AND DIGITAL FARMS, INC.'S
(F/K/A SUPER CRYPTO MINING, INC.) OBJECTIONS AND RESPONSES
TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants DPW Holdings, Inc. ("DPW") and Digital Farms, Inc. (f/k/a Super Crypto Mining, Inc.) ("Digital Farms" and with "DPW" collectively, "Defendants"), by and through their undersigned counsel, hereby object and respond to Plaintiff Blockchain Mining Supply and Services Ltd.'s ("Plaintiff") Second Set of Requests for Production of Documents, dated December 9, 2020 ("Plaintiff's Second Request").

Defendants have made a good faith effort to respond to the Second Request, but reserve the right to supplement their responses and/or produce additional documents that might be later located during the pendency of the instant litigation.

**GENERAL OBJECTIONS**

Defendants make the following general objections to each and every definition, instruction, and request made in Plaintiff's Second Request.  Each of these objections are incorporated into the Specific Responses and Objections set forth below, whether or not

1

separately set forth therein. By responding to any of the requests or failing to specifically refer to or specify any particular General Objection in response to a particular request, Defendants do not waive any of these General Objections, nor admit or concede the appropriateness of any purported request or any assumptions contained therein.

1. Nothing in these responses should be construed as waiving rights or objections that might otherwise be available to Defendants, nor should Defendants' responses to any of these requests be deemed an admission of relevancy, materiality, or admissibility in evidence of the request or the response thereto.

2. A representation that Defendants will produce particular categories or types of documents in response to a request is not a representation that such documents or information necessarily exist.

3. Defendants object to each request, and to the definitions and instructions it incorporates, to the extent that it seeks disclosure of information protected from disclosure by the attorney client privilege, attorney work product privilege, FRCP 26(b)(3) and (4) (trial preparation materials) or any other applicable privilege or protection as provided by law. Nothing in these responses should be construed as a waiver of any such privilege or protection. Defendants will not produce or provide any such privileged or protected information, and any inadvertent disclosure of any privileged or protected information shall not be deemed a waiver of any privilege or protection.

4. Defendants object to each request, and to the definitions and instructions that it incorporates, to the extent that it seeks proprietary, trade secret, or other confidential, commercial or financial information and/or or competitively sensitive business information. Nonetheless, Defendants reserve all rights to withhold such confidential and proprietary information.

5. Defendants object to each request, and to the definitions and instructions it incorporates, to the extent that it seeks to impose obligations on Defendants broader than, or inconsistent with those allowed by the Federal Rules of Civil Procedure, Court Order, regulation or case law, including any request that that seeks information or documents not proportional to the needs of this case or are otherwise unduly burdensome and oppressive. Defendants will not produce documents or information in response to requests that seek to impose obligations on Defendants broader than, or inconsistent with, those allowed by the Federal Rules of Civil Procedure, Court Order, regulation, or case law.

6. Defendants object to each request, and to the definitions and instructions that it incorporates, to the extent that it requires Defendants to produce documents or disclose information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Nonetheless, Defendants reserve all rights to withhold such confidential and proprietary information.

7. Defendants object to each request to the extent that it calls for a legal conclusion.

8. Defendants object to the requests to the extent they are duplicative or redundant of Plaintiff's other requests.

9. Defendants object to each request, and to each definition and instruction that it incorporates, to the extent that it is overbroad, vague and ambiguous, unduly burdensome and oppressive in requiring Defendants to conduct a search beyond what is proportional to the needs of this case, produce information outside a relevant time period or unrelated to the events at issue. Defendants will not produce documents and information that are irrelevant, immaterial or are not proportional to the needs of the case. Defendants also will not produce information that is not in their possession, custody or control.

10. Defendants object to each request to the extent it seeks information, documents, or materials already in Plaintiff's possession or equally or more readily available to Plaintiff from other sources that are more convenient, less burdensome and/or less expensive, including publicly available sources.

11. Defendants object to each request, and to each definition and instruction that it incorporates, to the extent that it is overly broad, vague and ambiguous or unduly burdensome and oppressive in requiring Defendants to conduct a search beyond what is proportional to the needs of this case or for matters that are not relevant to any party's claim or defense. Defendants will not produce or provide information that is not relevant to any party's claim or defense and which is not proportional to the needs of the case.

12. Defendants reserve their right to object on any ground to the use of any of the responses to the requests or subject matter thereof in any subsequent proceeding or at the trial of this action and further reserves its right to object to any ground at any time to a request for further responses to the requests or any other discovery procedure involving or relating to the subject matter of these responses.

13. Defendants object to producing electronically stored information in the manner and form requested by Plaintiff, as overly broad, unduly burdensome and oppressive and not proportional to the needs of the case. Defendants agree to further meet and confer with Plaintiff in order to ascertain the proper and most efficient manner and form of production for electronically stored information.

14. Defendants object to each request as premature, unduly burdensome, and oppressive on the grounds that the parties have not yet conducted a Rule 26(f) conference. Notwithstanding, and without waiving any of its objections, Defendants are responding to

4

Plaintiff's Second Request in accordance with the Court's Order, dated December 4, 2020 (the "December 4th Order"). Pursuant to the December 4th Order, Defendants searched the terms contained in DPW's Proposed Limitation (as defined in Defendants' Letter, dated October 16, 2020 [DE 52]), during the time period between January 1, 2018 and December 31, 2018 (the "Relevant Time Period"), for the following custodians: darren@supercrypto.com; todd@supercrypto.com; darren@dpwholdings.com; and todd@dpwholdings.com (the "Custodians").

15. Defendants object to this request to the extent it seeks communications beyond those contained in the Custodians' mailboxes as not proportional to the needs of the case.

16. To the extent responsive documents may be responsive to more than one request, Defendants will produce only one copy of such documents.

17. DPW's responses to the requests contained in Plaintiff's Second Request shall not be deemed to be a waiver of any of DPW's rights to object to Plaintiff's First Set of Documents and Information directed to DPW, which were subsequently withdrawn by Plaintiff as to DPW.

18. The time period for the responses is January 1, 2018 to December 31, 2018.

19. Defendants reserve the right to modify or supplement these responses as circumstances warrant.

## **RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR PRODUCTION**

**Request No. 16**

Documents sufficient to show the amount, date, originating account and named payor for each and every payment made by or on behalf of DPW that originated in New York and relate, in whole or in part, to Plaintiff or obligations to Plaintiff, including the Agreement.

**Response to Request No. 16**

Defendants object to this request on the grounds that "relate, in whole or in part, to Plaintiff

5

or obligations to Plaintiff, including the Agreement" is vague, overly broad, unduly burdensome, states a legal conclusion, and not proportional to the needs of this case and exceeding the scope of relevant discovery to any party's claim or defense.  Defendants further object to this request to the extent that the phrase "originated in New York" is intended to encompasses payments that were made pursuant to the wiring instructions provided by Plaintiff that directed payments to be paid, in the first instance, to an intermediary bank located in New York City, New York (*see* BMS000221).  Defendants, therefore, do not interpret the term "originated in New York" to encompass any such payments made from the intermediary bank to Plaintiff, if any, to have "originated in New York."  Defendants object to this request to the extent it seeks documents that are not in Defendants' possession, custody, or control.  Defendants objects to this request to the extent that it seeks documents and information that is exclusively in the custody and control of another party or third-party.  Defendants object to this request to the extent it seeks documents and information already in Plaintiff's possession or equally or more readily available to Plaintiff from other sources that are more convenient, less burdensome and/or less expensive.  Defendants object to this request to the extent that it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, FRCP 26(b)(3) and (4) (trial preparation materials) or other applicable privilege or protection, or seeks documents or information which are confidential and/or proprietary.  Defendants object to this request to the extent that it calls for a legal conclusion.  Defendants object to this request as duplicative.

  Subject to and without waiving these objections, DPW avers that is not aware of any payments were made to Plaintiff by or on behalf of DPW that originated in New York and Digital Farms avers that, upon information and belief, Sichenzia Ross Ference LLP f/k/a Sichenzia Ross Ference Kesner LLP, a New York based law firm, made two payments totaling approximately

6

$1,487,500 to Plaintiff, on behalf of Digital Farms.

**Request No. 17**

All communications sent from New York by or on behalf of DPW or Ault that relate, in whole or in part, to Plaintiff or obligations to Plaintiff, including the Agreement.

**Response to Request No. 17**

Defendants object to "All communications" as vague, overly broad, unduly burdensome, not proportional to the needs of this case and exceeding the scope of relevant discovery to any party's claim or defense. Defendants object to this request on the grounds that "relate, in whole or in part, to Plaintiff or obligations to Plaintiff" is vague, overly broad, unduly burdensome, states a legal conclusion, and not proportional to the needs of this case and exceeding the scope of relevant discovery to any party's claim or defense. Defendants object to the identification of communications "sent from New York by or on behalf of DPW or Ault" as vague, overly broad, unduly burdensome, states a legal conclusion, and not proportional to the needs of this case and exceeding the scope of relevant discovery to any party's claim or defense.

Defendants object to this request to the extent it seeks documents that are not in Defendants' possession, custody, or control. Defendants objects to this request to the extent that it seeks documents and information that is exclusively in the custody and control of another party or third-party. Defendants object to this request to the extent it seeks documents and information already in Plaintiff's possession or equally or more readily available to Plaintiff from other sources that are more convenient, less burdensome and/or less expensive. Defendants object to this request to the extent that it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, FRCP 26(b)(3) and (4) (trial preparation materials) or other applicable privilege or protection, or seeks documents or information which are confidential and/or proprietary. Defendants object to this request to the extent that it calls for a legal conclusion.

7

Defendants object to this request as duplicative.

Subject to and without waiving these objections, Defendants conducted a search of the Custodians' e-mail boxes for the terms contained in DPW's Proposed Limitation (consistent with the December 4th Order), during the Relevant Time Period, and produce herewith, non-objectionable, non-privileged documents and communications which, on their face, discuss or relate to Plaintiff, and further aver that such documents and communications speak for themselves. Defendants further respectfully refer Plaintiff to the documents and communications previously produced to Plaintiff in this litigation, which documents speak for themselves, as well as to Response No. 7 of Plaintiff's Second Set of Interrogatories directed to Defendant DPW.

**Request No. 18**

All documents and communications in the possession, custody, or control of DPW that relate, in whole or in part, to Plaintiff or obligations to Plaintiff, including the Agreement.

**Response to Request No. 18**

Defendants object to "All communications" as vague, overly broad, unduly burdensome, not proportional to the needs of this case and exceeding the scope of relevant discovery to any party's claim or defense. Defendants object to this request on the grounds that "relate, in whole or in part, to Plaintiff or obligations to Plaintiff, including the Agreement" is vague, overly broad, unduly burdensome, states a legal conclusion, and not proportional to the needs of this case and exceeding the scope of relevant discovery to any party's claim or defense.

Defendants object to this request to the extent it seeks documents that are not in DPW's possession, custody or control. Defendants object to this request to the extent it seeks documents and information already in Plaintiff's possession or equally or more readily available to Plaintiff from other sources that are more convenient, less burdensome and/or less expensive. Defendants object to this request to the extent that it seeks documents or information protected by the attorney-

client privilege, attorney work-product doctrine, FRCP 26(b)(3) and (4) (trial preparation materials) or other applicable privilege or protection, or seeks documents or information which are confidential and/or proprietary. Defendants object to this request to the extent that it calls for a legal conclusion. Defendants object to this request as duplicative.

Subject to and without waiving these objections, Defendants conducted a search of the Custodians' e-mail boxes for the terms contained in DPW's Proposed Limitation (consistent with the December 4th Order), during the Relevant Time Period, and produce herewith, non-objectionable, non-privileged documents and communications which, on their face, discuss or relate to Plaintiff.

**Request No. 19**

All communications between Super Crypto, on one hand, and DPW or Ault, on the other hand, concerning the Agreement, including the 1,100 Bitmain Antminer S9 model cryptocurrency mining machines and 1,100 power supply units that Plaintiff agreed to sell, and Super Crypto agreed to buy, pursuant to the Agreement.

**Response to Request No. 19**

Defendants object to "All communications" between Digital Farms and DPW "concerning" as vague, overly broad, unduly burdensome, not proportional to the needs of this case and exceeding the scope of relevant discovery to any party's claim or defense. Defendants object to the use of "agreed to sell" and "agreed to buy" as vague, overly broad, unduly burdensome, and states a legal conclusion.

Defendants object to this request to the extent it seeks documents that are not in Defendants' possession, custody, or control. Defendants object to this request to the extent it seeks documents and information already in Plaintiff's possession or equally or more readily available

9

to Plaintiff from other sources that are more convenient, less burdensome and/or less expensive. Defendants objects to this request to the extent that it seeks documents and information that is exclusively in the custody and control of another party or third-party. Defendants object to this request to the extent that it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, FRCP 26(b)(3) and (4) (trial preparation materials) or other applicable privilege or protection, or seeks documents or information which are confidential and/or proprietary. Defendants object to this request to the extent that it calls for a legal conclusion. Defendants object to this request as duplicative.

Subject to and without waiving these objections, Defendants conducted a search of the Custodians' e-mail boxes for the terms contained in DPW's Proposed Limitation (consistent with the December 4th Order), during the Relevant Time Period, and produce herewith, non-objectionable, non-privileged documents and communications which, on their face, discuss or relate to Plaintiff.

**Request No. 20**

All communications between Super Crypto and DPW concerning each and every payment to Plaintiff.

**Response to Request No. 20**

Defendants object to "All communications" between Digital Farms and DPW "concerning each and every payment to Plaintiff" as vague, overly broad, unduly burdensome, not proportional to the needs of this case and exceeding the scope of relevant discovery to any party's claim or defense. Defendants object to this request on the grounds that it states a legal conclusion.

Defendants object to this request to the extent it seeks documents that are not in Defendants' possession, custody, or control. Defendants object to this request to the extent it seeks

10

documents and information already in Plaintiff's possession or equally or more readily available to Plaintiff from other sources that are more convenient, less burdensome and/or less expensive. Defendants object to this request to the extent that it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, FRCP 26(b)(3) and (4) (trial preparation materials) or other applicable privilege or protection, or seeks documents or information which are confidential and/or proprietary. Defendants object to this request to the extent that it calls for a legal conclusion. Defendants object to this request as duplicative.

Subject to and without waiving these objections, Defendants conducted a search of the Custodians' e-mail boxes for the terms contained in DPW's Proposed Limitation (consistent with the December 4th Order), during the Relevant Time Period, and produce herewith, non-objectionable, non-privileged documents and communications which, on their face, discuss or relate to Plaintiff.

Dated: Mineola, New York
January 25, 2021

**WELTZ KAKOS GERBI WOLINETZ VOLYNSKY LLP**

By: */s/ Robert Volynsky*
Robert B. Volynsky
170 Old Country Road, Suite 310
Mineola, New York 11501
Tel.:  (516) 320-6945
E-mail: rvolynsky@weltz.law

*Attorneys for Defendants DPW Holdings, Inc. and Digital Farms, Inc. (f/k/a Super Crypto Mining, Inc.)*