

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036-1525

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Richard S. Mandel**
(212) 790-9291
rsm@cll.com

August 22, 2022

**Via ECF and E-Mail to ALCarterNYSDChambers@NYSD.uscourts.gov**

Hon. Andrew L. Carter, U.S.D.J.
Southern District of New York
40 Foley Square, Courtroom 1306
New York, NY 10007

    Re:    *Blockchain Mining Supply and Services Ltd. v. Digital Farms, Inc. et ano.*
             Case No. 1:18-CV-l 1099 (ALC)
             **Joint Status Report**

Dear Judge Carter:

      Pursuant to the Court's order of August 8, 2022 (dkt. no. 92), the parties herby submit this letter providing a status report addressing the next stages of the litigation. The parties have conferred on a proposed schedule to govern the completion of discovery in this case. However, they disagree on the appropriate amount of time needed for the remainder of discovery, and accordingly separately set forth their respective views and proposals below.

**Plaintiff's Position**

      Although the parties have thus far only conducted discovery directed to the issues raised in Defendants' motion to dismiss, Plaintiff believes that as a practical matter this discovery encompasses most of the written discovery that will be necessary in this action. The parties have already exchanged most, if not all, of the correspondence regarding the Asset Purchase Agreement that is at issue in this action. Plaintiff, in particular, has produced both its internal communications regarding the APA as well as its communications with Defendants. Defendants have also produced some additional documents relating to the operations of Defendant Super Crypto, Inc. n/k/a Digital Farms, Inc. ("Super Crypto"), such as heavily redacted bank statements. Plaintiff has further produced documents, including communications, regarding the resale agreement on which Plaintiff bases its damage claim.

      Plaintiff anticipates the need for some additional written discovery (especially into subjects not addressed during the limited discovery period) and believes it will likely need only a couple of depositions. It expects that Defendants may require some additional written discovery and probably a similar small number of depositions of likely one or two fact witnesses. Even if Defendants seek the additional discovery they have outlined below, the universe of relevant, responsive documents that have not already been produced will be relatively small, given the breadth of the document discovery that has already taken place. And to the extent that discovery

**Cowan, Liebowitz & Latman, P.C.**
Hon. Andrew L. Carter, U.S.D.J.
August 22, 2022
Page 2

disputes may arise, Plaintiff still believes that its proposed schedule will allow ample time for them to be addressed without the need for the elongated schedule proposed by Defendants.

Because a significant amount of written discovery has already occurred and the parties are already familiar with the basic issues in the case from the motion to dismiss, Plaintiff believes that any remaining fact discovery can be completed in relatively short order while still allowing both parties a robust opportunity to interpose any additional discovery requests (including interrogatories) that they believe to be appropriate. Although Plaintiff originally proposed 60 days for additional fact discovery, it is willing to extend that time period out to 90 days based on Defendants' belief that more time is needed. However, Plaintiff believes that Defendants' proposal that fact discovery be completed within five months by late January provides for an unnecessarily prolonged discovery period.

Accordingly, Plaintiff proposes that the parties have until **November 21, 2022** to complete all fact discovery. Under such a proposal, in accordance with Rule 4.A. of Your Honor's Individual Practices, the parties' joint pretrial order would be due on **December 21, 2022**, unless one or more of the parties files a dispositive motion. Plaintiff proposes that any party wishing to file a dispositive motion notify the Court and the other party by filing the pre-motion letter required by Rule 3.A. of Your Honor's Individual Practices by no later than **December 7, 2022**. Plaintiff does not anticipate expert testimony will be necessary (except to rebut any expert testimony introduced by Defendants). However, if Defendants should disclose any expert that they intend to call, the above schedule would need to be adjusted to provide a period for expert discovery. Plaintiff proposes that any initial expert reports be disclosed by **December 2, 2022**, and if there have been any experts disclosed, the deadline for the pretrial order and dispositive motions could be adjusted accordingly. Plaintiff suggests a conference shortly after the proposed expert disclosure deadline so that the Court can assess the most appropriate schedule based on whether experts will be utilized.

### Defendants' Proposal

The Court previously permitted the parties to engage in limited discovery pertaining to the breach of contract claim asserted against Super Crypto and also permitted Plaintiff to obtain broader pre-motion, jurisdictional and alter-ego discovery prior to filing its motion to dismiss. Thus, although the Parties have engaged in some discovery, Plaintiff has had the benefit of requesting a wider range of documents from Defendants than Defendants were able to seek from Plaintiff. Defendants raise this point to underscore that they are not in a similarly situated position as the Plaintiff is with regard to the purported completeness of discovery or as to the scope and categories of relevant discovery.

By way of example, Plaintiff has not produced any documents to Defendants related to Defendants' anticipated defenses to the promissory estoppel claim. Indeed, Defendants intend to seek documents from Plaintiff relating to, *inter alia*, the market value of the Machines (as defined in the Complaint) when the alleged promises were made and Plaintiffs' agreements with other third-parties regarding the purchase and sale of crypto-currency machines. In that same vein,

**Cowan, Liebowitz & Latman, P.C.**
Hon. Andrew L. Carter, U.S.D.J.
August 22, 2022
Page 3

Defendants also intend to seek Plaintiff's internal and third-party communications related to its allegations that it understood DPW and Super Crypto to be one and the same entity. These categories of documents (which are intended to be illustrative, not exhaustive) are extremely relevant to Defendants' defenses to the claims, and Defendants do not know, at this juncture, *inter alia*: (i) whether Plaintiff will object to such requests and on what grounds; (ii) whether a motion to compel will need to be filed prior to depositions; (iii) whether Defendants will need to issue subpoenas to third-parties to obtain such relevant documentation.[1]

Defendants have also had no opportunity to interpose interrogatories and requests for admission in connection with the promissory estoppel claim against both Defendants and the breach of contract claim against DPW. Plaintiff, who has received ample time to engage in pre-motion discovery, seeks to circumscribe Defendants' efforts to engage in meaningful discovery with a truncated deadline because Plaintiff is seemingly disgruntled that this case has not moved as expeditiously as it had initially hoped.[2]

Plaintiff also suggests that it will also be seeking additional written discovery, but conspicuously omits what range or volume of documents it anticipates seeking from Defendants – an important factor in determining a discovery schedule for any case.

Moreover, the Parties have also not yet conducted the Rule 26 conference which further militates in favor of Defendant's proposed schedule.

Against this backdrop, Defendants believe that a fact discovery cutoff of ***January 20, 2023*** (which takes into account the end-of-year holidays) is a more suitable and appropriate deadline to afford the parties a meaningful opportunity to engage in full and complete fact discovery.

---

[1] Plaintiff's bald assertion that it has produced "both its internal communications regarding the APA as well as its communications with Defendants" does not even encompass the other discrete categories of documents enumerated in this paragraph (which categories are merely illustrative, not exhaustive).

[2] Remarkably, Plaintiff was not desirous of an expeditious schedule when Plaintiff, itself, was seeking pre-motion discovery. Defendants should not be bound to a different playbook than Plaintiff as Plaintiff is seemingly suggesting in its proposal. Indeed, as the Court will recall, Plaintiff would not initially interpose an opposition to the motion to dismiss (originally filed on May 13, 2020) until Plaintiff completed its year-long pre-motion discovery.

**Cowan, Liebowitz & Latman, P.C.**
Hon. Andrew L. Carter, U.S.D.J.
August 22, 2022
Page 4

      Defendants also anticipate the need for expert discovery in this case and would respectfully request that the Court also set a cutoff date of **March 6, 2023**, for the completion of all expert discovery.[3]

      Under Defendants' proposal, and in accordance with Rule 4.A of Your Honor's Individual Practices, the parties' joint pretrial order would be due on **April 6, 2023**, unless one or more of the parties file a dispositive motion and/or a pre-motion conference letter in connection with a dispositive motion, pursuant to Rule 2.A of Your Honor's Individual Practices.

      We thank the Court for its time and consideration.

Very respectfully,

*/s/ Richard S. Mandel*
Richard S. Mandel (rsm@cll.com)
Dasha Chestukhin (dxc@cll.com)
Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, New York 10036

*Attorneys for Plaintiff*

*/s/ Robert Volynsky*
Robert Volynsky, Esq. (rvolynsky@weltz.law)
Weltz Kakos Gerbi Wolinetz Volynsky LLP
170 Old Country Road, Suite 310
Mineola, New York 11501

*Attorney for Defendants*

---

[3] It is unclear why Plaintiff feels that Defendants should be rushed to complete fact discovery because the issues in this case lend themselves to expert discovery, and thereafter, leave Defendants with less than a week after the Thanksgiving holiday to submit expert reports. Plaintiff's sole motivation for the discovery schedule is its apparent frustration with the timeline of this case, which should not serve as a proxy to circumscribe Defendants' ability to engage in meaningful discovery.