UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BLOCKCHAIN MINING SUPPLY AND
SERVICES LTD.,

    Plaintiff,

-against-

SUPER CRYPTO MINING, INC.,

    Defendant.



18-CV-11099 (ALC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On August 22, 2022, the parties filed a joint letter outlining their dispute over the schedule by which discovery should proceed in this matter. (Dkt. 95.) Thereafter, the Honorable Andrew L. Carter, United States District Judge, referred this matter to me for general pretrial management, including the parties' discovery dispute. (Dkt. 96.) After review of the parties' positions, as set forth in their joint letter, which the Court construes as their Rule 26(f)(3) discovery plan, it is hereby ORDERED that the following schedule shall henceforth govern discovery and related pretrial proceedings in this action:

1. <u>Automatic Disclosures</u>. To the extent not already exchanged, the parties shall exchange the disclosures required by Fed. R. Civ. P. 26(a)(1)(A) no later than **September 9, 2022**.

2. <u>Depositions and Additional Fact Discovery</u>. All remaining fact discovery, including written discovery and depositions, shall be completed no later than **January 20, 2023**.

3. <u>Expert Discovery</u>. Disclosure of expert evidence, including the identities and written reports of experts, as required by Fed. R. Civ. P. 26(a)(2)(A), (B), or (C), shall be made no later than **February 6, 2023**. The disclosure of expert evidence intended solely to contradict or rebut expert evidence on the same subject matter disclosed by the opposing party shall be made no later than **February 20, 2023**. Depositions of experts shall be completed no later than **March 6, 2023**.

4. <u>Close of Discovery</u>. All discovery shall be completed no later than **March 6, 2023**.

5. <u>Timely Discovery</u>. Discovery requests and notices must be served in time to allow the person served to respond, on the schedule set forth in the Federal Rules of Civil Procedure, prior to the completion date for such discovery set forth above. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

6. <u>Conferences and Hearings</u>. All court conferences, hearings, and other proceedings before Judge Moses will be held in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, unless the Court orders otherwise. If a proceeding takes place via teleconference, the parties must call **(888) 557-8511** on their scheduled date, a few minutes before their scheduled time, and enter the access code **7746387. Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called.** If the proceeding takes place via videoconference, chambers will email the appropriate link to counsel in advance of the proceeding.

7. <u>Remote Depositions</u>. In accordance with Fed. R. Civ. P. 30(b)(4), the Court authorizes the parties to conduct any or all depositions in this action via telephone, videoconference, or other remote means, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4). This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

8. <u>Summary Judgment</u>. Pre-motion conference letters with respect to summary judgment shall be filed no later than **30 days after the close of discovery**. Summary judgment motion papers shall conform to the individual practices of the district judge.

9. <u>Joint Pretrial Order</u>. The parties' proposed joint pretrial order shall be filed no later than **30 days after the close of discovery**, unless there are summary judgment motion(s), in which case the joint pretrial order shall be filed no later than **30 days after the decision on the motion(s)**. The proposed joint pretrial order shall conform to the individual practices of the district judge.

10. <u>Extensions and Adjournments</u>. Any application for extension or adjournment of the time limits, deadlines or conferences set forth above must be made by letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. **Applications made after the expiration of the deadline in question may be summarily denied**.

11. <u>Discovery of ESI</u>. If they have not already done so, counsel are hereby directed to confer with one another by telephone or in person **within two weeks of the date of this Order** regarding potential discovery issues concerning electronically stored information (ESI). An exchange of letters or emails is not sufficient. Counsel must discuss, among other things, sources of relevant ESI; steps taken or to be taken to preserve relevant ESI; identification of appropriate custodians; ESI search and review procedures; form of production of ESI; any limitations or anticipated difficulties regarding discovery or production of ESI; cost estimates; and proposals for containing or sharing costs.

12. <u>Discovery Applications</u>. Discovery disputes that cannot be resolved after good-faith negotiations may be presented by letter-motion, seeking a discovery conference, in accordance with Local Civil Rule 37.2 and this Court's Individual Practices. Such applications must be made promptly after the need for court intervention arises, but in no event before the parties have met and conferred, in person or via telephone, with respect to all issues in dispute. An exchange of letters or emails is not sufficient. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless the Court determines that more formal briefing is required.

13. <u>Fed. R. Evid. 502(d) Order</u>. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

Dated: New York, New York  
       August 26, 2022

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**