UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/19/23

BLOCKCHAIN MINING SUPPLY AND
SERVICES LTD.,

    Plaintiff,

    –against–

SUPER CRYPTO MINING, INC. n/k/a
DIGITAL FARMS, INC. and DPW
HOLDINGS, INC. n/k/a BITNILE
HOLDINGS, INC.,

    Defendants.

Civil Action No. 1:18-cv-11099-ALC

**STIPULATED ORDER REGARDING
PLAINTIFF'S AMENDMENT OF RESPONSE TO REQUEST
FOR ADMISSION NO. 20 OF DEFENDANT SUPER CRYPTO MINING,
INC.'S SECOND SET OF REQUESTS FOR ADMISSION TO
<u>PLAINTIFF BLOCKCHAIN MINING SUPPLY AND SERVICES LTD.</u>**

    WHEREAS, on November 3, 2022, Defendants Super Cypto Mining, Inc. n/k/a Digital Farms ("Super Crypto") served Super Crypto's Second Set of Requests for Admission To Plaintiff Blockchain Mining Supply And Services Ltd. ("Plaintiff"), a copy of which is attached hereto as Exhibit A ("Super Crypto Second Set RFAs"); and

    WHEREAS, on December 3, 2022, Plaintiff served Plaintiff's Responses and Objections to Super Crypto Second Set RFAs, a copy of which is attached hereto as Exhibit B; and

    WHEREAS, Plaintiff wishes to amend its response to Request for Admission No. 20 of Super Crypto's Second Set RFAs, pursuant to Fed. R. Civ. P. 36(b), in the form shown in Plaintiff's Amended Response to Request for Admission No. 20 of Super Crypto's Second Set of Requests for Admission to Plaintiff attached hereto as Exhibit C ("Plaintiff's Amended

1

Response"), on the ground that it will promote the presentation of the merits of the action and will not prejudice the requesting party in defending the action; and

WHEREAS, Defendants have agreed and hereby stipulate to the service of Plaintiff's Amended Response.

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff may amend its response to Request No. 20 of Super Crypto Second Set RFAs, and Plaintiff's Amended Response attached hereto as Exhibit C shall hereby be deemed to have been served as o the date of this order entered below and shall constitute the operative response to such request for admission in place of the original response shown in Exhibit B.

SO ORDERED this  19  day of  January , 2023

                                                          Hon. Barbara Moses
                                                        United States Magistrate Judge

CONSENTED TO:

**COWAN, LIEBOWITZ & LATMAN, P.C.**
*Attorneys for Plaintiff*

By:      /s/ Dasha Chestukhin
Richard S. Mandel (rsm@cll.com)
Dasha Chestukhin (dxc@cll.com)
114 West 47th Street
New York, New York 10036
Tel.:    (212) 790-9200

**WELTZ KAKOS GERBI WOLINETZ VOLYNSKY LLP**
*Attorneys for Defendants*

By:      /s/ Robert B. Volynsky
Robert B. Volynsky
170 Old Country Road, Suite 310
Mineola, New York 11501
Tel.:    (516) 320-6945
E-mail: rvolynsky@weltz.law

2

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BLOCKCHAIN MINING SUPPLY AND
SERVICES LTD.,                                                          Case No. 18-CV-11099-ALC-BCM

                Plaintiff,

   -against-

SUPER CRYPTO MINING, INC. (N/K/A DIGITAL
FARMS, INC. and DPW HOLDINGS, INC.
(N/K/A BITNILE HOLDINGS, INC.),

                Defendants.
-----------------------------------------------------------------X

## DEFENDANT SUPER CRYPTO MINING, INC.'S (N/K/A DIGITAL FARMS, INC.) SECOND SET OF RQUESTS FOR ADMISSION TO PLAINTIFF BLOCKCHAIN MINING SUPPLY AND SERVICES LTD.

PROPOUNDING PARTY:   Defendant Super Crypto Mining, Inc. (n/k/a Digital Farms, Inc.)

RESPONDING PARTY:    Plaintiff Blockchain Mining Supply and Services Ltd.

      In accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Super Crypto Mining, Inc. (n/k/a Digital Farms, Inc.) ("Defendant"), by and through its undersigned counsel, hereby propounds the following requests for admission (the "Requests for Admission" and each a "Request for Admission") to Plaintiff Blockchain Mining Supply and Services Ltd. ("Plaintiff"). Responses in writing shall be served within thirty (30) days of service of these Requests for Admission, at the offices of Weltz Kakos Gerbi Wolinetz Volynsky LLP, 170 Old Country Road, Suite 310, Mineola, New York 11501, Attention: Robert B. Volynsky. The Requests for Admission are deemed to be continuing, so as to require prompt supplemental responses should Defendant learn that in some material respect a response is incomplete or incorrect between the time the answers are served and the time of trial in this Action.

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise set forth below, Defendant hereby incorporates, by reference, the Definition and Instructions contained in Defendants' Second Set of Requests for Production of Documents to Plaintiff.

## REQUESTS FOR ADMISSION

19. The Asset Purchase Agreement, as attached hereto as Exhibit A, is authentic.

20. The term "Assets" in Section 2(a)(ii) of the Asset Purchase Agreement refers to the Machines.

Dated: Mineola, New York
November 3, 2022

**WELTZ KAKOS GERBI WOLINETZ VOLYNSKY LLP**

By: /s/ Robert Volynsky
Robert B. Volynsky
170 Old Country Road, Suite 310
Mineola, New York 11501
Tel.: (516) 320-6945
E-mail: rvolynsky@weltz.law

*Attorneys for Defendant Super Crypto Mining, Inc. (n/k/a Digital Farms, Inc.)*

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BLOCKCHAIN MINING SUPPLY AND
SERVICES LTD.,

    Plaintiff,

    –against–

SUPER CRYPTO MINING, INC. n/k/a
DIGITAL FARMS, INC. and DPW
HOLDINGS, INC. n/k/a BITNILE
HOLDINGS, INC.,

    Defendants.

Civil Action No. 1:18-cv-11099-ALC

---

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF REQUESTS FOR ADMISSION TO PLAINTIFF BLOCKCHAIN MINING SUPPLY AND SERVICES LTD.

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Blockchain Mining Supply and Services Inc. ("Plaintiff"), by and through its undersigned counsel, hereby responds to the Second Set of Requests for Admission (the "Requests" and each a "Request") propounded by Super Crypto Mining, Inc. n/k/a Digital Farms, Inc. ("Super Crypto" or "Digital Farms") and DPW Holdings, Inc. n/k/a BitNile Holdings, Inc.("DPW" and, together with Super Crypto, "Defendants" and each a "Defendant").

Plaintiff has made a good faith effort to respond to the Requests, but reserves the right to supplement its responses and/or produce additional documents that might be located at a future time during the pendency of the above-referenced action (the "Action").

### PRELIMINARY STATEMENT

Plaintiff's written responses are made without waiving or intending to waive, but, on the contrary, intending to preserve and preserving Plaintiff's right to:

31592/000/4207423

       i.      Raise all questions of authenticity, confidentiality, privilege, relevance, materiality, competency and admissibility concerning the information provided and/or the responses and the subject matter thereof;

      ii.      Object to the use of the information provided, and/or the responses or the subject matter thereof, on any ground in further proceedings in this Action (through and including trial of this Action), and any other action or matter;

      iii.      Object on any grounds at any time to other discovery requests, the subject matter thereof and/or the information provided; and

      iv.      At any time, make further answers, or review, correct, add to, supplement, or clarify any of the answers and responses contained herein, or to introduce or rely upon additional information as subsequent discovery or inspection of Plaintiff's files uncovers additional information called for by these Requests, as Plaintiff's investigation of the facts and the evidence pertinent to this Action is ongoing.

## **GENERAL OBJECTIONS**

Plaintiff objects generally to the Requests, including the instructions and definitions incorporated by reference therein, for the reasons set forth below. All the specific objections that follow are made subject to these general objections, with all defined terms having the meaning ascribed to them in Plaintiff's Third Set of Requests for Production to Defendants unless otherwise defined herein.

    A.    Plaintiff objects to the Requests, including the definitions and instructions set forth therein, to the extent that they are inconsistent with or purport to impose obligations broader than those imposed by the Federal Rules of Civil Procedure, local rules and/or individual

rules, and expressly disclaims any obligation to provide any response beyond that required by such rules.

  B. Plaintiff objects to the Requests to the extent that they seek information that would be unreasonably or excessively costly or burdensome to search for, locate, collect, search through, compile, review and/or produce, such that responding would impose an undue burden on Plaintiff that is disproportionate to the needs of this Action.

  C. Plaintiff objects to the Requests to the extent that they call for information that is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery. The inclusion of any information in any response shall not constitute a waiver of such privilege, doctrine or immunity.

  D. Plaintiff objects to the Requests to the extent that they contain inaccurate, incomplete or misleading descriptions of the facts, events or pleadings underlying this Action. The provision of responsive information shall not constitute Plaintiff's agreement with or acquiescence in any such description.

  E. Plaintiff objects to the Requests to the extent they are vague or ambiguous such that the Request cannot be understood, in whole or in part.

  F. Plaintiff will make a good faith effort to respond fully to the Requests, but reserves the right to provide additional responsive information and documents identified at a future time in any future response(s).

  Each of the following responses and objections to individual Requests below incorporates without further reference each of the above general objections.

## PLAINTIFF'S SPECIFIC RESPONSES AND OBJECTIONS
## TO THE REQUESTS FOR ADMISSION

**Request for Admission No. 19:**

The Asset Purchase Agreement, as attached hereto as Exhibit A, is authentic.

**Response to Request for Admission No. 19:**

Plaintiff objects to this Request to the extent that Exhibit A contains a version of the Asset Purchase Agreement that was produced by Defendants in this Action, as Plaintiff lacks information as to how, from whom or when that document was identified, collected or produced. Subject to and without waiving any of its objections, Plaintiff admits that, based on Plaintiff's comparison of the Asset Purchase Agreement attached to Defendants' Requests as Exhibit A with a version of the Agreement in Plaintiff's possession, the Agreement attached to Defendants' Requests as Exhibit A appears to be authentic.

**Request for Admission No. 20:**

The term "Assets" in Section 2(a)(ii) of the Asset Purchase Agreement refers to the Machines.

**Response to Request for Admission No. 20:**

Plaintiff objects to this Request to the extent that the term "Machines" is vague and ambiguous because its definition characterizes the Bitmain Antminer S9 machines as "cryptocurrency machines" rather than "cryptocurrency mining machines." Subject to and without waiving any of its objections, Plaintiff admits that the term "Assets," as defined in the Agreement and used in Section 2(a)(ii) thereof, refers to the 1,100 Bitmain Antminer S9 model cryptocurrency mining machines & 1,100 power supply units that Plaintiff agreed to sell, and Defendants agreed to purchase, pursuant to the Agreement's terms.

4

Dated: December 3, 2022

                                       **COWAN, LIEBOWITZ & LATMAN, P.C.**

                                       By: _____
                                            Richard S. Mandel (rsm@cll.com)
                                            Dasha Chestukhin (dxc@cll.com)
                                       114 West 47th Street
                                       New York, New York 10036
                                       (212) 790-9200

                                       *Attorneys for Plaintiff Blockchain Mining Supply &*
                                       *Services Ltd.*

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLOCKCHAIN MINING SUPPLY AND SERVICES LTD.,<br><br>    Plaintiff,<br><br>    –against–<br><br>SUPER CRYPTO MINING, INC. n/k/a DIGITAL FARMS, INC. and DPW HOLDINGS, INC. n/k/a BITNILE HOLDINGS, INC.,<br><br>    Defendants. | Civil Action No. 1:18-cv-11099-ALC |

## PLAINTIFF'S AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 20 OF DEFENDANT SUPER CYRPTO MINING INC'S (N/K/A DIGITAL FARMS, INC) SECOND SET OF REQUESTS FOR ADMISSION TO PLAINTIFF BLOCKCHAIN MINING SUPPLY AND SERVICES LTD.

Pursuant to Rule 36(b) of the Federal Rules of Civil Procedure, Plaintiff Blockchain Mining Supply and Services Inc. ("Plaintiff"), by and through its undersigned counsel, with the consent of Defendants Super Crypto Mining, Inc. n/k/a Digital Farms, Inc. and DPW Holdings, Inc. n/k/a BitNile Holdings, Inc. (collectively, "Defendants") pursuant to the Proposed Stipulated Order served concurrently herewith and to be filed with the Court, hereby amends its response to Request for Admission No. 20 of Defendants' Second Set of Requests for Admission as follows:

### PLAINTIFF'S SPECIFIC RESPONSES AND OBJECTIONS TO THE REQUESTS FOR ADMISSION

**Request for Admission No. 20:**

The term "Assets" in Section 2(a)(ii) of the Asset Purchase Agreement refers to the Machines.

**Response to Request for Admission No. 20:**

Plaintiff objects to this Request to the extent that the term "Machines" is vague and ambiguous because its definition characterizes the Bitmain Antminer S9 machines as "cryptocurrency machines" rather than "cryptocurrency mining machines." Subject to and without waiving any of its objections, Plaintiff admits that the term "Assets" is defined in the Agreement as referring to the 1,100 Bitmain Antminer S9 model cryptocurrency mining machines & 1,100 power supply units that Plaintiff agreed to sell, and Defendants agreed to purchase, and that the term "Assets" appears in Section 2(a)(ii) of the Agreement, but states that in the context of Section 2(a)(ii) of the Agreement, as read in conjunction with the remainder of the Agreement and the parties' two escrow agreements entered into pursuant to the Agreement, the term "Assets" refers in Section 2(a)(ii) of the Agreement to the first 500 Machines being sold and expressly referenced in that provision of the Agreement.

Dated: January 17, 2023

                                                **COWAN, LIEBOWITZ & LATMAN, P.C.**

By: _____
                                      Richard S. Mandel (rsm@cll.com)
                                      Dasha Chestukhin (dxc@cll.com)
114 West 47th Street
New York, New York 10036
(212) 790-9200

*Attorneys for Plaintiff Blockchain Mining Supply & Services Ltd.*