UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BLOCKCHAIN MINING SUPPLY AND
SERVICES LTD.,                                              Case No. 18-CV-11099-ALC

          Plaintiff,

          -against-                                  **DECLARATION OF**
                                                     **ROBERT B. VOLYNSKY**

SUPER CRYPTO MINING, INC. (N/K/A DIGITAL
FARMS, INC. and DPW HOLDINGS, INC.
(N/K/A AULT AULLIANCE, INC.),

          Defendants.
------------------------------------------------------------X

I, Robert B. Volynsky, declare as follows:

    1.    I am an attorney in good standing admitted to practice in the State of New York and before the bar of this Court and a partner at Weltz Kakos Gerbi Wolinetz Volynsky LLP, counsel to Defendants Super Crypto Mining, Inc. (n/ka Digital Farms, Inc.) ("Super Crypto") and DPW Holdings, Inc. (n/k/a Ault Alliance, Inc.) ("DPW" and with "Super Crypto" collectively, "Defendants") in the above-captioned action.

    2.    I make this Declaration in Support of Defendants' motion for partial summary judgment as to both counts of the First Amended Complaint (the "FAC") filed by Plaintiff Blockchain Mining Supply and Services Ltd. ("Plaintiff" or "Blockchain"), and to place before the Court documents and information necessary to determine the Motion.

    3.    I make this declaration based upon my own personal knowledge, as well as a review of the documents that have been produced in this litigation.

    4.    On or about November 28, 2018, Plaintiff commenced the instant action against Defendants by filing a Complaint. [DE 1].

5. On or about April 29, 2020, Plaintiff filed the operative FAC, asserting two causes of action, for breach of contract and promissory estoppel, against Defendants. [DE 35]. A true and correct copy of the operative First Amended Complaint is annexed hereto at Exhibit 1.

6. Plaintiff's two claims are borne out of an Asset Purchase Agreement, dated March 8, 2018 (the "Agreement") and entered into between Plaintiff and Super Crypto.

7. Plaintiff makes no reference in the FAC to any amendments to the Agreement.

8. Nor does Plaintiff state or reference any waiver of any of the provisions in the Agreement.

9. Thus, there are no references in the FAC to an alleged extension of the April 15, 2018 date contained in Article 3 of the Agreement.

10. On or about May 13, 2020, Defendants filed a motion to dismiss the breach of contract claim as against DPW and the promissory estoppel claim as against both Defendants asserted in the FAC (the "Initial Motion to Dismiss"), pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). [DE 37].

11. On or about May 13, 2020, Super Crypto also filed a partial Answer with respect to Plaintiff's breach of contract claim (the "Partial Answer"). [DE 36]. A true and correct copy of the Partial Answer is annexed hereto at Exhibit 2.

12. On or about December 4, 2020, the Court denied the Initial Motion to Dismiss, without prejudice, to afford Plaintiff with an opportunity to engage in limited jurisdictional discovery. [DE 56].

13. At the conclusion of Plaintiff's jurisdictional discovery, on or about June 2, 2021, Defendants filed a motion to dismiss the motion to dismiss the breach of contract claim as against

DPW and the promissory estoppel claim as against both Defendants asserted in the FAC (the "Second Motion to Dismiss"), pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). [DE 73].

14. On or about August 8, 2022, the Court issued an Order denying the Second Motion to Dismiss and directing Defendants to interpose an Answer to the FAC. *See* [DE 92].

15. On or about September 2, 2022, Super Crypto filed an Answer to the FAC (the "Super Crypto Answer"). [DE 98]. A true and correct copy of the Super Crypto Answer is annexed hereto at Exhibit 3.

16. On or about September 2, 2022, DPW filed an Answer to the FAC (the "DPW Answer"). [DE 99]. A true and correct copy of the DPW Answer is annexed hereto at Exhibit 4.

17. In the DPW Answer, DPW asserts, *inter alia*, an affirmative defense for lack of personal jurisdiction. *See* Ex. 4, at Seventh Affirmative Defense.

18. On or about March 2, 2023, Plaintiff filed a pre-motion conference letter in connection with its anticipated motion for summary judgment ("Ps Pre-Motion Letter"). [DE 106]. A true and correct copy of Ps Pre-Motion Letter is annexed hereto at Exhibit 5.

19. Although Plaintiff self-servingly asserts in Ps Pre-Motion Letter that the April 15, 2018 date contained in Article 3 of the Agreement was purportedly extended by the Plaintiff and Super Crypto, Plaintiff has not identified, to date, the post-April 15, 2018 date to which it was supposedly extended to.

20. Although Plaintiff seeks compensatory damages of at least $1,388,495 in the FAC, (*see* FAC, Prayer for Relief), Plaintiff seemingly reduced that figure to $1,375,955 in Ps Pre-Motion Letter (*see* Ps Pre-Motion Letter, p. 4).

21. On or about April 4, 2023, Defendants filed a pre-motion conference letter in connection with Defendants' anticipated motion for summary judgment ("Ds Pre-Motion Letter"). [DE 108]. A true and correct copy of Ds Pre-Motion Letter is annexed hereto at Exhibit 6.

22. On or about April 7, 2023, the Court granted in part, and denied in part, the relief sought in Ps Pre-Motion Letter and Ds Pre-Motion Letter, and, *inter alia*, granted permission for Defendants to file the instant motion. [DE 110].

23. Attached as Exhibit 7 hereto are true and correct excerpts of the transcript for the deposition of William Tencer (hereinafter, the "Tencer Deposition"), which was taken by counsel for Defendants on January 10, 2023 in this litigation.

24. Attached as Exhibit 8 hereto are true and correct excerpts of the transcript for the deposition of Yonah Kalfa (hereinafter, the "Kalfa Deposition"), which was taken by counsel for Defendants on January 18, 2023 in this litigation.

25. Attached as Exhibit 9 hereto are true and correct excerpts of the transcript for the deposition of Darren Magot (hereinafter, the "Magot Deposition"), which was taken by counsel for Plaintiff on January 20, 2023 in this litigation.

26. Attached as Exhibit 10 hereto are true and correct excerpts of the transcript for the deposition of Milton C. Ault, III (hereinafter, the "Ault Deposition"), which was taken by counsel for Plaintiff on January 12, 2023 in this litigation.

27. Attached as Exhibit 11 hereto is a true and correct copy of Exhibit 11 from the Tencer Deposition, which is BMS000001-BMS000009, produced by Plaintiff in this action.

28. Attached as Exhibit 12 hereto is a true and correct copy of Exhibit 40 from the Kalfa Deposition, which is BMS001590-BMS001593, produced by Plaintiff in this action.

29. Attached as Exhibit 13 hereto is a true and correct copy of Plaintiff's Responses and Objections to Defendants' First Set of Requests for Admission to Plaintiff, dated November 23, 2022.

30. Attached as Exhibit 14 hereto is a true and correct copy of Exhibit 43 from the Kalfa Deposition, which is a press release, titled "DPW Holdings' Subsidiary, Super Crypto Mining to Launch Cloud Mining," and dated January 31, 2018.

31. Attached as Exhibit 15 hereto is a true and correct copy of Exhibit 52 from the Kalfa Deposition, which is a copy of DPW's Form 10-Q filing with the Securities Exchange Commission, for the quarterly period ended September 30, 2017, that was filed by DPW on or about November 20, 2017.  *See* Declaration of William B. Horne, dated May 23, 2023, at ¶8.

32. Attached as Exhibit 16 hereto is a true and correct copy of Exhibit 9 from the Tencer Deposition, which is DEFENDANTS_000940-DEFENDANTS_000957, produced by Defendants in this action.

33. Attached as Exhibit 17 hereto is a true and correct copy of Exhibit 44 from the Kalfa Deposition, which is DEFENDANTS_0001475-DEFENDANTS_0001487, produced by Defendants in this action.

34. Attached as Exhibit 18 hereto is a true and correct copy of DPW's Responses and Objections to Plaintiff's Second Set of Interrogatories, dated January 8, 2021.

35. Attached as Exhibit 19 hereto is a true and correct copy of Exhibit 17 from the Tencer Deposition, which is BMS000765-BMS000767, produced by Plaintiff in this action.

36. Attached as Exhibit 20 hereto is a true and correct copy of Exhibit 20 from the Tencer Deposition, which is BMS000275-BMS000277, produced by Plaintiff in this action.

37. Attached as Exhibit 21 hereto is a true and correct copy of Exhibit 14 from the Tencer Deposition, which is BMS000707-BMS000714, produced by Plaintiff in this action.

38. Attached as Exhibit 22 hereto is a true and correct copy of Exhibit 13 from the Tencer Deposition, which is BMS000727-BMS000729, produced by Plaintiff in this action.

39. Attached as Exhibit 23 hereto is a true and correct copy of Exhibit 15 from the Tencer Deposition, which is BMS000748-BMS000749, produced by Plaintiff in this action.

40. Attached as Exhibit 24 hereto is a true and correct copy of BMS000202-BMS000206, produced by Plaintiff in this action.

41. Attached as Exhibit 25 hereto is a true and correct copy of DEFENDANTS_002901-DEFENDANTS_002904, produced by Defendants in this action.

42. Attached as Exhibit 26 hereto is a true and correct copy of BMS000282, produced by Plaintiff in this action.

43. Attached as Exhibit 27 hereto is a true and correct copy of Exhibit 65 from the Ault Deposition, which is BMS000554-BMS000571, produced by Plaintiff in this action.

44. Attached as Exhibit 28 hereto is a true and correct copy of Exhibit 36 from the Tencer Deposition, which is BMS001340-BMS001341, produced by Plaintiff in this action.

45. Attached as Exhibit 29 hereto is a true and correct copy of Exhibit 33 from the Tencer Deposition, which is BMS001444-BMS001448, produced by Plaintiff in this action.

46. Attached as Exhibit 30 hereto is a true and correct copy of the corporation page for Blockchain Mining Supply & Services, Ltd., which the undersigned accessed from the Ontario Business Registry website, on or about May 5, 2023.

47. Attached as Exhibit 31 hereto is a true and correct copy of BMS000318-BMS000326, produced by Plaintiff in this action.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 29th day of May of 2023 in Los Angeles, California.

                                                */s/ Robert Volynsky*
                                           ROBERT B. VOLYNSKY