UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

.....................................................................................X

BLOCKCHAIN MINING SUPPLY AND
SERVICES LTD.,                                                   Case No. 18-CV-11099-ALC-BCM

                Plaintiff,

                                            **ANSWER**

   -against-

DIGITAL FARMS, INC. (F/K/A/ SUPER
CRYPTO MINING, INC.) and DPW HOLDINGS, INC.,

                Defendants.

.....................................................................................X

Defendant Digital Farms, Inc. (f/k/a Super Crypto Mining, Inc.) ("Defendant" or "Super Crypto"), by and through its undersigned counsel, Weltz Kakos Gerbi Wolinetz Volynsky LLP, hereby submits its Answer to the First Amended Complaint ("FAC" and "Complaint") filed by Plaintiff Blockchain Mining Supply and Services Ltd. ("Plaintiff").[1]  To the extent that headings in the Complaint are construed as allegations, they are each denied.  Defendant further denies the allegations in the Complaint except as specifically admitted or qualified below:

    1.      Paragraph 1 of the Complaint states a legal conclusion, to which a response is not required.  To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 1 of the Complaint.

    2.      Lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

    3.      Admits the allegations contained in Paragraph 3 of the Complaint.

---

[1] For the avoidance of doubt, co-Defendant DPW Holdings, Inc. ("DPW") ***is not a party*** to this discrete filing.  DPW is separately filing a motion to dismiss the Complaint, in its entirety, as against DPW.  Relatedly, pursuant to the Court's Order, dated March 5, 2020 (the "Order"), Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim (*i.e.*, the Complaint's first cause of action *only*).  Super Crypto is contemporaneously filing a motion to dismiss Plaintiff's promissory estoppel claim (*i.e.*, the Complaint's second cause of action), as against Super Crypto.

4.  Admits the allegations contained in Paragraph 4 of the Complaint.

5.  Paragraph 5 of the Complaint states a legal conclusion, to which a response is not required.  To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 5 of the Complaint.

6.  Paragraph 6 of the Complaint states a legal conclusion, to which a response is not required.  To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 6 of the Complaint and respectfully refers the Court to the referenced document for the true and correct contents thereof.

7.  Paragraph 7 of the Complaint states a legal conclusion, to which a response is not required.  To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 7 of the Complaint and respectfully refers the Court to the referenced document for the true and correct contents thereof.

8.  The allegations contained in Paragraph 8 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents.

9.  The allegations contained in Paragraph 9 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents, except that Defendant admits that a payment was made on March 29, 2018.

10.  The allegations contained in Paragraph 10 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents.

Case 1:18-cv-11099-ALC    Document 96    Filed 05/13/20    Page 3 of 20

11.    The allegations contained in Paragraph 11 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents.  the extent that a further response may be required, Defendant denies the allegations contained in Paragraph 11 of the Complaint, except admits that Darren Magot is the President of Super Crypto.

12.    The allegations contained in Paragraph 12 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents.

13.    The allegations contained in Paragraph 13 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents.

14.    The allegations contained in Paragraph 14 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents.   Defendant further avers that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations concerning the allegation that "[o]n information and belief, Mr. Ault travelled to New York for that purpose."

15.    The allegations contained in Paragraph 15 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents.  To the extent that a further response may be required, Defendant denies the allegations contained in Paragraph 15 of the Complaint, except Super Crypto admits that it entered into an agreement with Plaintiff.

16.     The allegations contained in Paragraph 16 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents.  To the extent that a further response may be required, Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Denies the allegations contained in Paragraph 17 of the Complaint, except admits that a payment for $163,625 was made.

18.     Denies the allegations contained in Paragraph 18 of the Compliant, except admits that two payments totaling $1,487,500 were made, that Plaintiff released 500 Machines to Super Crypto, and respectfully refers the Court to the referenced instrument for the true and correct contents thereof.

19.     Denies the allegations contained in Paragraph 19 of the Complaint.

20.     Denies the allegations contained in Paragraph 20 of the Complaint.

21.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file a motion to dismiss (the "Motion") in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 21 of the Complaint is not required during the pendency of the Motion.

22.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the

allegations contained in Paragraph 22 of the Complaint is not required during the pendency of the Motion. To the extent that this Paragraph contains allegations relating to Plaintiff's breach of contract clam against Super Crypto, Super Crypto avers that Paragraph 22 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 22 of the Complaint.

23.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted. The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 23 of the Complaint is not required during the pendency of the Motion. To the extent that this Paragraph contains allegations relating to Plaintiff's breach of contract clam against Super Crypto, Super Crypto avers that Paragraph 23 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 23 of the Complaint.

24.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted. The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 24 of the Complaint is not required during the pendency of the Motion. To the extent a further response is required, Super Crypto avers that Paragraph 24 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 24 of the Complaint.

25.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 25 of the Complaint is not required during the pendency of the Motion.  To the extent a further response is required, Super Crypto avers that Paragraph 25 of the Complaint states a legal conclusion, to which a response is not required.  To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 25 of the Complaint.

26.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 26 of the Complaint is not required during the pendency of the Motion.  To the extent a further response is required, Super Crypto avers that Paragraph 26 of the Complaint states a legal conclusion, to which a response is not required and respectfully refers the Court to the documents referenced therein for the true and correct contents thereof.  To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 26 of the Complaint.

27.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the

allegations contained in Paragraph 27 of the Complaint is not required during the pendency of the Motion. To the extent a further response is required, Super Crypto avers that Paragraph 27 of the Complaint states a legal conclusion, to which a response is not required and respectfully refers the Court to the documents referenced therein for the true and correct contents thereof. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 27 of the Complaint.

28.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted. The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 28 of the Complaint is not required during the pendency of the Motion. To the extent a further response is required, Super Crypto avers that Paragraph 28 of the Complaint states a legal conclusion, to which a response is not required and respectfully refers the Court to the documents referenced therein for the true and correct contents thereof. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 28 of the Complaint.

29.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted. The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 29 of the Complaint is not required during the pendency of the Motion. To the extent a further response is required, Super Crypto avers that Paragraph 29 of the Complaint states a legal conclusion, to which a response is not required and respectfully refers the

Court to the documents referenced therein for the true and correct contents thereof. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 29 of the Complaint.

30. Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted. The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 30 of the Complaint is not required during the pendency of the Motion. To the extent a further response is required, Super Crypto avers that Paragraph 30 of the Complaint states a legal conclusion, to which a response is not required and respectfully refers the Court to the documents referenced therein for the true and correct contents thereof. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 30 of the Complaint.

31. Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted. The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 31 of the Complaint is not required during the pendency of the Motion. To the extent a further response is required, Super Crypto avers that Paragraph 31 of the Complaint states a legal conclusion, to which a response is not required and respectfully refers the Court to the documents referenced therein for the true and correct contents thereof. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 31 of the Complaint.

32.    Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 32 of the Complaint is not required during the pendency of the Motion.  To the extent that this Paragraph contains allegations relating to Plaintiff's breach of contract clam against Super Crypto, Super Crypto lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.    Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 33 of the Complaint is not required during the pendency of the Motion.  To the extent that this Paragraph contains allegations relating to Plaintiff's breach of contract clam against Super Crypto, Super Crypto lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.    Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 34 of the Complaint is not required during the pendency of the Motion.  To the extent that this Paragraph contains allegations relating to Plaintiff's breach of

contract clam against Super Crypto, Super Crypto lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 35 of the Complaint is not required during the pendency of the Motion.  To the extent a further response is required, Super Crypto avers that Paragraph 35 of the Complaint states a legal conclusion, to which a response is not required and respectfully refers the Court to the documents referenced therein for the true and correct contents thereof.  To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 35 of the Complaint.

36.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 36 of the Complaint is not required during the pendency of the Motion.  To the extent that this Paragraph contains allegations relating to Plaintiff's breach of contract clam against Super Crypto, Super Crypto lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was

granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 37 of the Complaint is not required during the pendency of the Motion.  To the extent a further response is required, Super Crypto avers that Paragraph 37 of the Complaint states a legal conclusion, to which a response is not required and respectfully refers the Court to the documents referenced therein for the true and correct contents thereof.  To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 37 of the Complaint.

38.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 38 of the Complaint is not required during the pendency of the Motion.  To the extent a further response is required, Super Crypto avers that Paragraph 38 of the Complaint states a legal conclusion, to which a response is not required and respectfully refers the Court to the documents referenced therein for the true and correct contents thereof.  To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 38 of the Complaint.

39.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 39 of the Complaint is not required during the pendency of the Motion.  To the extent a further response is required, Super Crypto avers that Paragraph 39 of the

Complaint states a legal conclusion, to which a response is not required and respectfully refers the Court to the documents referenced therein for the true and correct contents thereof.  To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 39 of the Complaint.

40.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 40 of the Complaint is not required during the pendency of the Motion.  To the extent a further response is required, Super Crypto avers that Paragraph 40 of the Complaint states a legal conclusion, to which a response is not required and respectfully refers the Court to the documents referenced therein for the true and correct contents thereof.  To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 40 of the Complaint.

41.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 41 of the Complaint is not required during the pendency of the Motion.  To the extent a further response is required, Super Crypto avers that Paragraph 41 of the Complaint states a legal conclusion, to which a response is not required and respectfully refers the Court to the documents referenced therein for the true and correct contents thereof.  To the extent

a further response is required, Super Crypto denies the allegations contained in Paragraph 41 of the Complaint.

42.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 42 of the Complaint is not required during the pendency of the Motion.  To the extent that this Paragraph contains allegations relating to Plaintiff's breach of contract clam against Super Crypto, Super Crypto lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 43 of the Complaint is not required during the pendency of the Motion.  To the extent that this Paragraph contains allegations relating to Plaintiff's breach of contract clam against Super Crypto, Super Crypto lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 44 of the Complaint is not required during the pendency of the

Motion.  To the extent that this Paragraph contains allegations relating to Plaintiff's breach of contract clam against Super Crypto, Super Crypto lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 45 of the Complaint is not required during the pendency of the Motion.  To the extent a further response is required, Super Crypto avers that Paragraph 45 of the Complaint states a legal conclusion, to which a response is not required and respectfully refers the Court to the documents referenced therein for the true and correct contents thereof.  To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 45 of the Complaint.

46.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 46 of the Complaint is not required during the pendency of the Motion.  To the extent a further response is required, Super Crypto avers that Paragraph 46 of the Complaint states a legal conclusion, to which a response is not required and respectfully refers the Court to the documents referenced therein for the true and correct contents thereof.  To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 46 of the Complaint.

47.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 47 of the Complaint is not required during the pendency of the Motion.  To the extent a further response is required, Super Crypto avers that Paragraph 39 of the Complaint states a legal conclusion, to which a response is not required and respectfully refers the Court to the documents referenced therein for the true and correct contents thereof.  To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 47 of the Complaint.

48.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 48 of the Complaint is not required during the pendency of the Motion.  To the extent the allegations contained in Paragraph 48 of the Complaint relate to Plaintiff's breach of contract claim against Super Crypto, Super Crypto admits that Super Crypto did not tender any payments to Plaintiff on or after September 14, 2018.

49.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 49 of the Complaint is not required during the pendency of the

15

Motion. To the extent that this Paragraph contains allegations relating to Plaintiff's breach of contract clam against Super Crypto, Super Crypto avers that Paragraph 49 of the Complaint states a legal conclusion, to which a response is not required. To the extent that a further response is required, Super Crypto lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted. The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 50 of the Complaint is not required during the pendency of the Motion. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 50 of the Complaint and respectfully refers the Court to the documents referenced therein for the true and correct contents thereof.

51.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted. The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 43 of the Complaint is not required during the pendency of the Motion. To the extent that this Paragraph contains allegations relating to Plaintiff's breach of contract clam against Super Crypto, Super Crypto avers that Paragraph 50 of the Complaint states a legal conclusion, to which a response is not required. To the extent that a further response is required, Super Crypto denies the allegations contained in Paragraph 50 of the Complaint.

52.      Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 52 of the Complaint is not required during the pendency of the Motion.  To the extent that this Paragraph contains allegations relating to Plaintiff's breach of contract clam against Super Crypto, Super Crypto avers that Paragraph 52 of the Complaint states a legal conclusion, to which a response is not required.  To the extent that a further response is required, Super Crypto denies the allegations contained in Paragraph 52 of the Complaint, except admits that Super Crypto did not tender any payments to Plaintiff on or after October 11, 2018.

53.      Paragraph 53 of the Complaint states a legal conclusion, to which a response is not required and Super Crypto respectfully the Court to the documents referenced in Paragraph 53 of the Complaint for a complete and accurate statement of their contents.  To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 53 of the Complaint.

54.      Paragraph 54 of the Complaint states a legal conclusion, to which a response is not required and Super Crypto respectfully the Court to the documents referenced in Paragraph 54 of the Complaint for a complete and accurate statement of their contents.  To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 54 of the Complaint.

55.      Paragraph 55 of the Complaint states a legal conclusion, to which a response is not required and Super Crypto respectfully the Court to the documents referenced in Paragraph 55 of the Complaint for a complete and accurate statement of their contents.  To the extent a further

17

response is required, Super Crypto denies the allegations contained in Paragraph 55 of the Complaint.

56.     Paragraph 56 of the Complaint states a legal conclusion, to which a response is not required.  To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 56 of the Complaint.

57.     Admits that its sole shareholder is co-Defendant, DPW Holdings, Inc. ("DPW").

58.     Denies the allegations contained in Paragraph 58 of the Complaint, except admits that Super Crypto's office is located at the same address as DPW's office and that both Super Crypto and DPW are represented by the same attorney in connection with the instant litigation.

59.     Paragraph 59 of the Complaint states a legal conclusion, to which a response is not required.  To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 59 of the Complaint, except admits that it was incorporated in 2018.

60.     Paragraph 60 of the Complaint states a legal conclusion, to which a response is not required.  To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 60 of the Complaint.

61.     Denies the allegations contained in Paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint states a legal conclusion, to which a response is not required.  To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint states a legal conclusion, to which a response is not required.  To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 63 of the Complaint.

64.     Paragraph 64 of the Complaint states a legal conclusion, to which a response is not required. To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint states a legal conclusion, to which a response is not required. To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 65 of the Complaint.

66.     Paragraph 66 of the Complaint states a legal conclusion, to which a response is not required. To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint states a legal conclusion, to which a response is not required. To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint states a legal conclusion, to which a response is not required. To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint states a legal conclusion, to which a response is not required. To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant repeats and re-alleges each of the responses contained in Paragraphs 1 through 69 of this Answer as though fully set forth herein.

71.     Paragraph 71 of the Complaint states a legal conclusion, to which a response is not required. To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 71 of the Complaint, except admits that the Agreement is a valid contract.

72.    The allegations contained in Paragraph 72 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents.  To the extent that a further response may be required, Super Crypto denies the allegations contained in Paragraph 72 of the Complaint.

73.    Denies the allegations contained in Paragraph 73 of the Complaint, except admits that Super Crypto paid for 500 Machines, in full.

74.    Paragraph 74 of the Complaint states a legal conclusion, to which a response is not required.  To the extent a response is required, Super Crypto lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75.    Paragraph 75 of the Complaint states a legal conclusion, to which a response is not required.  To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 75 of the Complaint.

76.    Paragraph 76 of the Complaint states a legal conclusion, to which a response is not required.  To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 76 of the Complaint.

77.    Paragraph 77 of the Complaint states a legal conclusion, to which a response is not required.  To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 77 of the Complaint.

78.    Paragraph 78 of the Complaint states a legal conclusion, to which a response is not required.  To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 78 of the Complaint.

79.     Paragraph 79 of the Complaint states a legal conclusion, to which a response is not required.  To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint states a legal conclusion, to which a response is not required and is directed to co-defendant DPW.  To the extent a response is required by Super Crypto, Super Crypto denies the allegations contained in Paragraph 80 of the Complaint.

81.     Paragraph 81 of the Complaint states a legal conclusion, to which a response is not required.  To the extent a response is required, Super Crypto denies the allegations contained in Paragraph 81 of the Complaint.

82.     Defendant repeats and re-alleges each of the responses contained in Paragraphs 1 through 81 of this Answer as though fully set forth herein.

83.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 83 of the Complaint, which are under the heading "Count II: Promissory Estoppel", is not required during the pendency of the Motion.

84.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 84 of the Complaint, which are under the heading "Count II: Promissory Estoppel", is not required during the pendency of the Motion.

85.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 85 of the Complaint, which are under the heading "Count II: Promissory Estoppel", is not required during the pendency of the Motion.

86.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 86 of the Complaint, which are under the heading "Count II: Promissory Estoppel", is not required during the pendency of the Motion.

87.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 87 of the Complaint, which are under the heading "Count II: Promissory Estoppel", is not required during the pendency of the Motion.

88.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the

allegations contained in Paragraph 88 of the Complaint, which are under the heading "Count II: Promissory Estoppel", is not required during the pendency of the Motion.

89.     Pursuant to the Order, Super Crypto was ordered to file a partial Answer with regards to Plaintiff's breach of contract claim against Super Crypto and Super Crypto's request to file the Motion in connection with Plaintiff's promissory estoppel claim against Super Crypto was granted.  The Motion is being filed contemporaneously herewith and as such, a response to the allegations contained in Paragraph 89 of the Complaint, which are under the heading "Count II: Promissory Estoppel", is not required during the pendency of the Motion.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant did not breach any agreements with Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to mitigate any damages.

## FOURTH AFFIRMATIVE DFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to mutual mistake and/or unilateral mistake.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because this Court lacks personal jurisdiction over Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's purported damages were caused by Plaintiff's own acts, negligence, failure to act, omissions, and conduct.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's purported damages are the result of its own breaches and failure to complete the performance required.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege a clear and unequivocal promise on behalf of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege reasonable detrimental reliance by Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to provide reasonable notice of its intention to sell the Machines.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because insofar as Plaintiff suffered cognizable harm or damages, Plaintiff failed to mitigate such harm or damages by not reselling

the Machines in good faith and in a commercial reasonable manner in accordance with N.Y.

U.C.C. §§ 2-706(1) and 2-706(2).

### FOURTEETNTH AFFIRMATIVE DEFENSE

Damages incurred by Plaintiff, if any, in whole or in part, were caused by actions or omissions of Plaintiff and/or actions or omissions of superseding and/or intervening individuals or entities over which Defendant had no control and were not foreseeable to Defendant and not in any way attributable to any actions and/or omissions on the part of Defendant.

### PRESERVATION OF DEFENSES

Defendant hereby gives notice to Plaintiff, as stated in its Answer, that Defendant lacks sufficient information upon which to form a belief as to the truth of certain allegations contained in the Complaint, or specific knowledge of actions on Plaintiff's part or other persons that contributed to or caused Plaintiff's alleged damages.  Until Defendant avails itself of its rights to disclosure in this action, Defendant cannot determine whether the above affirmative defenses will be asserted at the time of trial.  Defendant reserves the right to amend this Answer to the extent permissible, including its right to add additional affirmative defenses as may become known to Defendant during disclosure.  Any allegations in the Complaint that are not specifically admitted, denied or otherwise responded to herein by Defendant are hereby expressly denied.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff as follows:

    a.     Dismissing, with prejudice, Plaintiff's Complaint against Defendant, in its entirety;

    b.     Denying all relief that Plaintiff seeks in this case;

—

c.      Awarding Defendant its reasonable attorneys' fees, expenses, and costs incurred in connection with this litigation; and

d.      Awarding Defendant such further and other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all counts so triable against Defendant.

Dated: May 13, 2020
       New York, New York

Respectfully submitted,

WELTZ KAKOS GERBI WOLINETZ VOLYNSKY LLP

By:   */s/ Robert B. Volynsky*
       Robert B. Volynsky
       34 Willis Avenue, Suite 106
       Mineola, New York 11501
       Tel.:   (516) 320-6945
       E-mail:  rvolynsky@weltz.law

*Attorneys for Defendant Digital Farms, Inc. (f/k/a Super Crypto Mining, Inc.)*

26