UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BLOCKCHAIN MINING SUPPLY AND
SERVICES LTD.,                                     Case No. 18-CV-11099-ALC-BCM

        Plaintiff,

    -against-                                      **ANSWER**

SUPER CRYPTO MINING, INC. (N/K/A DIGITAL
FARMS, INC. and DPW HOLDINGS, INC.
(N/K/A AULT GLOBAL HOLDINGS, INC.),

        Defendants.
----------------------------------------------------------------X

        Defendant Super Crypto Mining, Inc. (n/k/a Digital Farms, Inc.) ("Defendant" or "Super Crypto"), by and through its undersigned counsel, Weltz Kakos Gerbi Wolinetz Volynsky LLP, hereby submits its Answer to the First Amended Complaint ("FAC" or "Complaint") filed by Plaintiff Blockchain Mining Supply and Services Ltd. ("Plaintiff"). To the extent that headings in the Complaint are construed as allegations, they are each denied. Defendant further denies the allegations in the Complaint except as specifically admitted or qualified below:

        1.     Paragraph 1 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 1 of the Complaint.

        2.     Lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

        3.     Admits the allegations contained in Paragraph 3 of the Complaint, except denies that Defendant DPW Holdings, Inc.'s (n/k/a Ault Global Holdings, Inc.) ("DPW") principal place of business is currently located at 201 Shipyard Way, Suite E, Newport Beach, California 92663.

4. Admits the allegations contained in Paragraph 4 of the Complaint, except denies that Super Crypto's principal place of business is currently located at 201 Shipyard Way, Suite E, Newport Beach, California 92663.

5. Paragraph 5 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 6 of the Complaint and respectfully refers the Court to the referenced document for the true and correct contents thereof.

7. Paragraph 7 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 7 of the Complaint and respectfully refers the Court to the referenced document for the true and correct contents thereof.

8. The allegations contained in Paragraph 8 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents.

9. The allegations contained in Paragraph 9 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents, except that Defendant admits that a payment was made on March 29, 2018.

10. The allegations contained in Paragraph 10 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court

to such documents for a complete and accurate statement of their contents.  To the extent that a further response may be required, Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     The allegations contained in Paragraph 11 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents.  To the extent that a further response may be required, Defendant denies the allegations contained in Paragraph 11 of the Complaint, except admits that Darren Magot is the President of Super Crypto.

12.     The allegations contained in Paragraph 12 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents.  To the extent that a further response may be required, Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     The allegations contained in Paragraph 13 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents.   To the extent that a further response may be required, Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     The allegations contained in Paragraph 14 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents.   Defendant further avers that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations concerning the allegation that "[o]n information and belief, Mr. Ault travelled to New

York for that purpose." To the extent that a further response may be required, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. The allegations contained in Paragraph 15 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents. To the extent that a further response may be required, Defendant denies the allegations contained in Paragraph 15 of the Complaint, except admits that it entered into an agreement with Plaintiff.

16. The allegations contained in Paragraph 16 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents. To the extent that a further response may be required, Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Denies the allegations contained in Paragraph 17 of the Complaint, except admits that a payment for $163,625 was made.

18. Denies the allegations contained in Paragraph 18 of the Complaint, except admits that two payments totaling $1,487,500 were made, that Plaintiff released 500 Machines to Super Crypto, and respectfully refers the Court to the referenced instrument for the true and correct contents thereof.

19. Denies the allegations contained in Paragraph 19 of the Complaint.

20. Denies the allegations contained in Paragraph 20 of the Complaint.

21. Denies the allegations contained in Paragraph 21 of the Complaint.

22. Denies the allegations contained in Paragraph 22 of the Complaint.

23. Denies the allegations contained in Paragraph 23 of the Complaint.

24. Denies the allegations contained in Paragraph 24 of the Complaint.

25. Denies the allegations contained in Paragraph 25 of the Complaint.

26. Denies the allegations contained in Paragraph 26 of the Complaint.

27. Denies the allegations contained in Paragraph 27 of the Complaint.

28. Denies the allegations contained in Paragraph 28 of the Complaint.

29. Denies the allegations contained in Paragraph 29 of the Complaint.

30. Denies the allegations contained in Paragraph 30 of the Complaint.

31. Denies the allegations contained in Paragraph 31 of the Complaint.

32. Lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Denies the allegations contained in Paragraph 35 of the Complaint.

36. Lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Denies the allegations contained in Paragraph 37 of the Complaint.

38. Denies the allegations contained in Paragraph 38 of the Complaint.

39. Denies the allegations contained in Paragraph 39 of the Complaint.

40. Denies the allegations contained in Paragraph 40 of the Complaint.

41. Denies the allegations contained in Paragraph 41 of the Complaint.

42. Lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45. Denies the allegations contained in Paragraph 45 of the Complaint.

46. Denies the allegations contained in Paragraph 46 of the Complaint.

47. Denies the allegations contained in Paragraph 47 of the Complaint.

48. Admits that Super Crypto did not tender any payments to Plaintiff on or after September 14, 2018.

49. Lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 49 of the Complaint.

50. Denies the allegations contained in Paragraph 50 of the Complaint and respectfully refers the Court to the documents referenced therein for the true and correct contents thereof.

51. Denies the allegations contained in Paragraph 51 of the Complaint.

52. Denies the allegations contained in Paragraph 52 of the Complaint, except admits that Super Crypto did not tender any payments to Plaintiff on or after October 11, 2018.

53. Paragraph 53 of the Complaint states a legal conclusion, to which a response is not required and Super Crypto respectfully the Court to the documents referenced in Paragraph 53 of the Complaint for a complete and accurate statement of their contents. To the extent a further

response is required, Super Crypto denies the allegations contained in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint states a legal conclusion, to which a response is not required and Super Crypto respectfully the Court to the documents referenced in Paragraph 54 of the Complaint for a complete and accurate statement of their contents. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint states a legal conclusion, to which a response is not required and Super Crypto respectfully the Court to the documents referenced in Paragraph 55 of the Complaint for a complete and accurate statement of their contents. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 56 of the Complaint.

57. Admits that DPW is the sole shareholder of Super Crypto.

58. Denies the allegations contained in Paragraph 58 of the Complaint, except admits that Super Crypto's office is located at the same address as DPW's office and that both Super Crypto and DPW are represented by the same attorney in connection with the instant litigation.

59. Paragraph 59 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 59 of the Complaint, except admits that it was incorporated in 2018.

60. Paragraph 60 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 60 of the Complaint.

61. Denies the allegations contained in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant repeats and re-alleges each of the responses contained in Paragraphs 1 through 69 of this Answer as though fully set forth herein.

71. Paragraph 71 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 71 of the Complaint, except admits that the Agreement is a valid contract.

72. The allegations contained in Paragraph 72 of the Complaint relate to documents that are in writing and speak for themselves, and as such, Defendant respectfully refers the Court to such documents for a complete and accurate statement of their contents. To the extent that a further response may be required, Super Crypto denies the allegations contained in Paragraph 72 of the Complaint.

73. Denies the allegations contained in Paragraph 73 of the Complaint, except admits that Super Crypto paid for 500 Machines, in full.

74. Paragraph 74 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 74 of the Complaint.

75. Denies the allegations contained in Paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required by Super Crypto, Super Crypto denies the allegations contained in Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Super Crypto denies the allegations contained in Paragraph 81 of the Complaint.

82. Defendant repeats and re-alleges each of the responses contained in Paragraphs 1 through 81 of this Answer as though fully set forth herein.

83. Paragraph 83 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86. Paragraph 86 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 86 of the Complaint, except admits that payments were made to Plaintiff as previously referenced in the herein Answer.

87. Paragraph 87 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint states a legal conclusion, to which a response is not required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89. Denies the allegations contained in Paragraph 89 of the Complaint.

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant did not breach any agreements with Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to mitigate any damages.

## FOURTH AFFIRMATIVE DFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to mutual mistake and/or unilateral mistake.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because this Court lacks personal jurisdiction over Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's purported damages were caused by Plaintiff's own acts, negligence, failure to act, omissions, and conduct.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's purported damages are the result of its own breaches and failure to complete the performance required.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege a clear and unequivocal promise on behalf of Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege reasonable detrimental reliance by Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to provide reasonable notice of its intention to sell the Machines.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because insofar as Plaintiff suffered cognizable harm or damages, Plaintiff failed to mitigate such harm or damages by not reselling the Machines in good faith and in a commercial reasonable manner in accordance with N.Y. U.C.C. §§ 2-706(1) and 2-706(2).

### FOURTEENTH AFFIRMATIVE DEFENSE

Damages incurred by Plaintiff, if any, in whole or in part, were caused by actions or omissions of Plaintiff and/or actions or omissions of superseding and/or intervening individuals or entities over which Defendant had no control and were not foreseeable to Defendant and not in any way attributable to any actions and/or omissions on the part of Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant fully performed its obligations under the Agreement.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant was fraudulently induced by Plaintiff to enter into the Agreement with Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with New York's Statute of Frauds (New York General Obligations Law § 5-701).

## PRESERVATION OF DEFENSES

Defendant hereby gives notice to Plaintiff, as stated in its Answer, that Defendant lacks sufficient information upon which to form a belief as to the truth of certain allegations contained in the Complaint, or specific knowledge of actions on Plaintiff's part or other persons that contributed to or caused Plaintiff's alleged damages. Until Defendant avails itself of its rights to disclosure in this action, Defendant cannot determine whether the above affirmative defenses will be asserted at the time of trial. Defendant reserves the right to amend this Answer to the extent permissible, including its right to add additional affirmative defenses as may become known to Defendant during disclosure. Any allegations in the Complaint that are not specifically admitted, denied or otherwise responded to herein by Defendant are hereby expressly denied.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff as follows:

 a. Dismissing, with prejudice, Plaintiff's Complaint against Defendant, in its entirety;

 b. Denying all relief that Plaintiff seeks in this case;

14

c.  Awarding Defendant its reasonable attorneys' fees, expenses, and costs incurred in connection with this litigation; and

d.  Awarding Defendant such further and other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all counts so triable against Defendant.

Dated: September 2, 2022
      Mineola, New York

Respectfully submitted,

WELTZ KAKOS GERBI WOLINETZ VOLYNSKY LLP

By: */s/ Robert B. Volynsky*
Robert B. Volynsky
170 Old Country Road, Suite 310
Mineola, New York 11501
Tel.: (516) 320-6945
E-mail: rvolynsky@weltz.law

*Attorneys for Defendant Super Crypto Mining, Inc. (n/k/a Digital Farms, Inc.)*

15