UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLOCKCHAIN MINING SUPPLY AND SERVICES LTD., <br><br> Plaintiff, <br><br> –against– <br><br> SUPER CRYPTO MINING, INC. n/k/a DIGITAL FARMS, INC. and DPW HOLDINGS, INC. n/k/a BITNILE HOLDINGS, INC., <br><br> Defendants. | Civil Action No. 1:18-cv-11099-ALC |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION
TO PLAINTIFF BLOCKCHAIN MINING SUPPLY AND SERVICES LTD.**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Blockchain Mining Supply and Services Inc. ("Plaintiff"), by and through its undersigned counsel, hereby responds to the First Set of Requests for Admission (the "Requests" and each a "Request") propounded by Super Crypto Mining, Inc. n/k/a Digital Farms, Inc. ("Super Crypto" or "Digital Farms") and DPW Holdings, Inc. n/k/a BitNile Holdings, Inc.("DPW" and, together with Super Crypto, "Defendants" and each a "Defendant").

Plaintiff has made a good faith effort to respond to the Requests, but reserves the right to supplement its responses and/or produce additional documents that might be located at a future time during the pendency of the above-referenced action (the "Action").

**PRELIMINARY STATEMENT**

Plaintiff's written responses are made without waiving or intending to waive, but, on the contrary, intending to preserve and preserving Plaintiff's right to:

31592/000/4198655.2

        i.       Raise all questions of authenticity, confidentiality, privilege, relevance, materiality, competency and admissibility concerning the information provided and/or the responses and the subject matter thereof;

        ii.      Object to the use of the information provided, and/or the responses or the subject matter thereof, on any ground in further proceedings in this Action (through and including trial of this Action), and any other action or matter;

        iii.     Object on any grounds at any time to other discovery requests, the subject matter thereof and/or the information provided; and

        iv.     At any time, make further answers, or review, correct, add to, supplement, or clarify any of the answers and responses contained herein, or to introduce or rely upon additional information as subsequent discovery or inspection of Plaintiff's files uncovers additional information called for by these Requests, as Plaintiff's investigation of the facts and the evidence pertinent to this Action is ongoing.

## **GENERAL OBJECTIONS**

Plaintiff objects generally to the Requests, including the instructions and definitions incorporated by reference therein, for the reasons set forth below. All the specific objections that follow are made subject to these general objections, with all defined terms having the meaning ascribed to them in Plaintiff's Third Set of Requests for Production to Defendants unless otherwise defined herein.

    A.     Plaintiff objects to the Requests, including the definitions and instructions set forth therein, to the extent that they are inconsistent with or purport to impose obligations broader than those imposed by the Federal Rules of Civil Procedure, local rules and/or individual

rules, and expressly disclaims any obligation to provide any response beyond that required by such rules.

  B. Plaintiff objects to the Requests to the extent that they seek information that would be unreasonably or excessively costly or burdensome to search for, locate, collect, search through, compile, review and/or produce, such that responding would impose an undue burden on Plaintiff that is disproportionate to the needs of this action.

  C. Plaintiff objects to the Requests to the extent that they call for information that is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery. The inclusion of any information in any response shall not constitute a waiver of such privilege, doctrine or immunity.

  D. Plaintiff objects to the Requests to the extent that they contain inaccurate, incomplete or misleading descriptions of the facts, events or pleadings underlying this Action. The provision of responsive information shall not constitute Plaintiff's agreement with or acquiescence in any such description.

  E. Plaintiff objects to the Requests to the extent they are vague or ambiguous such that the Request cannot be understood, in whole or in part.

  F. Plaintiff will make a good faith effort to respond fully to the Requests, but reserves the right to provide additional responsive information and documents identified at a future time in any future response(s).

  Each of the following responses and objections to individual Requests below incorporates without further reference each of the above general objections, and documents subject to these objections will not be produced.

## PLAINTIFF'S SPECIFIC RESPONSES AND OBJECTIONS
## TO THE REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

Plaintiff did not have any correspondence with Ault prior to March 9, 2018.

**Response to Request for Admission No. 1:**

Plaintiff objects to this Request to the extent that it is based on the characterization that correspondence "with" Ault could take place only by way of letters on which Ault was the primary or sole sender or recipient, and/or via emails with one of Ault's email addresses in the "From," "To" or "Cc" lines. Subject to and without waiving any of its objections, Plaintiff admits that it did not receive any emails with one of Ault's email addresses in the "From" line, nor send any emails with one of Ault's email addresses in the "To" or "Cc" lines, prior to March 9, 2018.

**Request for Admission No. 2:**

Plaintiff did not send any e-mails addressed to Ault prior to March 9, 2018.

**Response to Request for Admission No. 2:**

Plaintiff objects to this Request to the extent that the phrase "addressed to" is vague and ambiguous. Plaintiff further objects to this Request to the extent that it is based on the characterization that emails could only be addressed to Ault if one of Ault's email addresses is in the "To:" line. Subject to and without waiving any of its objections, Plaintiff admits that it did not send any emails with any of Ault's email addresses in the "To" line prior to March 9, 2018.

**Request for Admission No. 3:**

Plaintiff did not send any e-mails prior to March 9, 2018, in which Ault was copied.

**Response to Request for Admission No. 3:**

  Plaintiff objects to this Request as vague and ambiguous to the extent that it is unclear what is meant by "e-mails . . . *in* which Ault was copied." Subject to and without waiving any of its objections, Plaintiff admits that it did not send any emails with one of Ault's email addresses in the "Cc" line prior to March 9, 2018.

**Request for Admission No. 4:**

Plaintiff did not receive any e-mails from Ault prior to March 9, 2018.

**Response to Request for Admission No. 4:**

  Subject to and without waiving any of its objections, Plaintiff admits that it did not receive any emails with one of Ault's email addresses in the "From" line prior to March 9, 2018.

**Request for Admission No. 5:**

Plaintiff did not send any SMS messages to Ault prior to March 9, 2018.

**Response to Request for Admission No. 5:**

  Plaintiff objects to this Request to the extent that it is based on the characterization that an SMS message "to" Ault is one sent to a phone number associated with Ault. Plaintiff further objects to this Request as vague and ambiguous to the extent that it does not specify a phone number for Ault. Subject to and without waiving any of its objections, Plaintiff admits that it did not send any SMS messages to any phone numbers known to Plaintiff to be associated with Ault prior to March 9, 2018.

**Request for Admission No. 6:**

Plaintiff did not send any iMessages to Ault prior to March 9, 2018.

**Response to Request for Admission No. 6:**

      Plaintiff objects to this Request to the extent that it is based on the characterization that an iMessage "to" Ault is one sent to a phone number associated with Ault. Plaintiff objects to this Request as vague and ambiguous to the extent that it does not specify a phone number for Ault. Subject to and without waiving any of its objections, Plaintiff admits that it did not send any iMessages to any phone numbers known to Plaintiff to be associated with Ault prior to March 9, 2018.

**Request for Admission No. 7:**

Plaintiff did not receive any SMS messages from Ault prior to March 9, 2018.

**Response to Request for Admission No. 7:**

      Plaintiff objects to this Request to the extent that it is based on the characterization that an SMS message "from" Ault is one sent from a phone number associated with Ault. Plaintiff further objects to this Request as vague and ambiguous to the extent that it does not specify a phone number for Ault. Subject to and without waiving any of its objections, Plaintiff admits that it did not receive any SMS messages from any phone numbers known to Plaintiff to be associated with Ault prior to March 9, 2018.

**Request for Admission No. 8:**

Plaintiff did not receive any iMessages from Ault prior to March 9, 2018.

**Response to Request for Admission No. 8:**

      Plaintiff objects to this Request to the extent that it is based on the characterization that an SMS message "from" Ault is one sent from a phone number associated with Ault. Plaintiff further objects to this Request as vague and ambiguous to the extent that it does not specify a phone number for Ault. Subject to and without waiving any of its objections, Plaintiff admits that it did

not receive any iMessages from any phone numbers known to Plaintiff to be associated with Ault prior to March 9, 2018.

**Request for Admission No. 9:**

Plaintiff did not send any e-mails prior to March 9, 2018, in which Ault was copied.

**Response to Request for Admission No. 9:**

Plaintiff objects to this Request to the extent that it is entirely duplicative of Request for Admission No. 3. Plaintiff objects to this Request as vague and ambiguous to the extent that it is unclear what is meant by "e-mails . . . *in* which Ault was copied." Subject to and without waiving any of its objections, Plaintiff admits that it did not send any emails with one of Ault's email addresses in the "Cc" line prior to March 9, 2018.

**Request for Admission No. 10:**

Plaintiff did not send any e-mails to an e-mail with a @dpwholdings.com domain prior to March 9, 2018.

**Response to Request for Admission No. 10:**

Subject to and without waiving any of its objections, Plaintiff admits that it did not send any emails with any email addresses at the domain name "dpwholdings.com" in the "To" line prior to March 9, 2018.

**Request for Admission No. 11:**

Plaintiff did not receive any emails from an e-mail with a @dpwholdings.com domain prior to March 9, 2018.

**Response to Request for Admission No. 11:**

Subject to and without waiving any of its objections, Plaintiff admits that it did not receive any emails with any email address at the domain name "dpwholdings.com" in the "From" line prior to March 9, 2018.

**Request for Admission No. 12:**

Plaintiff did not request any financial statements from DPW prior to March 9, 2018.

**Response to Request for Admission No. 12:**

Plaintiff objects to this Request to the extent that the term "financial statements" is vague and ambiguous. Plaintiff further objects to this Request to the extent it is vague and ambiguous whether it asks Plaintiff to admit that it did not request DPW's or another entity's financial statements from DPW. Subject to and without waiving any of its objections, Plaintiff admits that it did not request DPW's profit and loss statements or balance sheets from DPW prior to March 9, 2018.

**Request for Admission No. 13:**

Plaintiff did not request any financial statements from Super Crypto prior to March 9, 2018.

**Response to Request for Admission No. 13:**

Plaintiff objects to this Request to the extent that the term "financial statements" is vague and ambiguous. Plaintiff further objects to this Request to the extent it is vague and ambiguous whether it asks Plaintiff to admit that it did not request Super Crypto's or another entity's financial statements from Super Crypto. Subject to and without waiving any of its objections, Plaintiff admits that it did not request Super Crypto's profit and loss statements or balance sheets from Super Crypto prior to March 9, 2018.

**Request for Admission No. 14:**

Plaintiff did not request that DPW guarantee the Agreement prior to the execution of the Agreement.

**Response to Request for Admission No. 14:**

Plaintiff objects to this Request to the extent that the term "guarantee" is vague and ambiguous. Subject to and without waiving any of its objections, Plaintiff admits that it did not ask DPW to execute a formal guaranty agreement prior to the execution of the Agreement.

**Request for Admission No. 15:**

On or around April 4, 2018, Willy Tencer stated in an e-mail to Joe Kalfa:
> Had a big call with CEO of DPW which owns Super Crypto. It's a long story with banks and SEC filings but the bottom line is that they must have these machines and he claims they will definitely buy them. it's not if, it's when. We have another call scheduled for tomorrow night when he should be able to give me a firm date.
> He hopes it will be this week.
> He sounds honest and I think he can pull it off.
> He sent me 2 releases below.
> He needs to be able to tell his bank and investors that the machines will be in his premises in April.
>
> Willy Tencer
> Timberlane Wood Products 200-345
> Wilson Ave.
> Toronto, On. Canada
> M3H 5W1
> Tel. 416 398 1198
> Fax. 416 398 0878
> sales@timberlane-mldg.com

**Response to Request for Admission No. 15:**

[WITHDRAWN BY DEFENDANTS' COUNSEL]

9

**Request for Admission No. 16:**

In or about November 2018, Plaintiff entered into an agreement with Backbone Hosting Solutions, Inc. ("Backbone") for the sale of 600 Antminer S9 13.5+ new PSU (hereinafter, the "Backbone Agreement").

**Response to Request for Admission No. 16:**

Plaintiff objects to this Request to the extent that the term "entered into" is vague and ambiguous. Plaintiff further objects to this Request to the extent it does not identify the exact items covered by the referenced agreement, namely, Antminer S9 $13.5^{TH}$ + new PSU. Subject to and without waiving any of its objections, Plaintiff admits that, in or about November 2018, it executed an agreement with Backbone Hosting Solutions Inc. relating to the sale of 600 Antminer S9 $13.5^{TH}$ + new PSU.

**Request for Admission No. 17:**

Bitfarms Ltd. ("Bitfarms") did not guarantee Backbone's performance under the Backbone Agreement.

**Response to Request for Admission No. 17:**

Plaintiff objects to this Request to the extent that the term "guarantee" is vague and ambiguous. Plaintiff further objects to this Request as seeking information that is not relevant to either party's claims or defenses.

**Request for Admission No. 18:**

Bitfarms did not guarantee any of the installment payments under the Backbone Agreement.

**Response to Request for Admission No. 18:**

Plaintiff objects to this Request to the extent that the term "guarantee" is vague and ambiguous. Plaintiff further objects to this Request as seeking information that is not relevant to either party's claims or defenses.

Dated: November 23, 2022

          **COWAN, LIEBOWITZ & LATMAN, P.C.**

By: _____
      Richard S. Mandel (rsm@cll.com)
      Dasha Chestukhin (dxc@cll.com)
114 West 47th Street
New York, New York 10036
(212) 790-9200

*Attorneys for Plaintiff Blockchain Mining Supply & Services Ltd.*

11

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that, on November 23, 2022, I caused a true and correct copy of the foregoing *Plaintiff's Responses and Objections to Defendants' First Set of Requests for Admission to Plaintiff Blockchain Mining Supply and Services Ltd.* to be served on Defendants by sending a copy thereof via email to Defendants' attorney of record Robert Brian Volynsky of Weltz Kakos Gerbi Wolinetz Volynsky LLP at Rvolynsky@weltz.Law.

                                                                     Dasha Chestukhin