UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLOCKCHAIN MINING SUPPLY SERVICES LTD.,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL FARMS, INC. (F/K/A SUPER CRYPTO MINING, INC.) AND DPW HOLDINGS, INC.,<br><br>Defendants. | Civil Action No.: 18-CV-11099-ALC |

**DEFENDANT DPW HOLDINGS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3, Defendant DPW Holdings, Inc. ("DPW") DPW, Inc., by and through its undersigned counsel, hereby objects and responds to Plaintiff Blockchain Mining Supply Services Ltd.'s ("Plaintiff") Second Set of Interrogatories to Defendants, dated December 8, 2020 ("Plaintiff's Second Interrogatories"), as follows:

**GENERAL OBJECTIONS**

DPW makes the following general objections to each and every definition, instruction, and interrogatory made in Plaintiff's Second Interrogatories. Each of these objections are incorporated into the Specific Responses and Objections set forth below, whether or not separately set forth therein. By responding to any of the interrogatories or failing to specifically refer to or specify any particular General Objection in response to a particular interrogatory, DPW does not waive any of these General Objections, nor admit or concede the appropriateness of any purported interrogatory or any assumptions contained therein.

1.  Nothing in these responses should be construed as waiving rights or objections that

1

might otherwise be available to DPW, nor should DPW's responses to any of these interrogatories be deemed an admission of relevancy, materiality, or admissibility in evidence of the interrogatory or the response thereto.

2.     DPW objects to Plaintiff's Second Interrogatories to the extent that Plaintiff has exceeded the permissible number of interrogatories as set forth in FRCP 33(a)(1).

3.     DPW objects to Plaintiff's Second Interrogatories to the extent they exceed the scope permitted under Local Civil Rule 33.3(b).

4.     DPW objects to each interrogatory, and to the definitions and instructions it incorporates, to the extent that it seeks disclosure of information protected from disclosure by the attorney client privilege, attorney work product privilege, FRCP 26(b)(3) and (4) (trial preparation materials) or any other applicable privilege or protection as provided by law.  Nothing in these responses should be construed as a waiver of any such privilege or protection.  DPW will not produce or provide any such privileged or protected information, and any inadvertent disclosure of any privileged or protected information shall not be deemed a waiver of any privilege or protection.

5.     DPW objects to each interrogatory, and to the definitions and instructions that it incorporates, to the extent that it seeks proprietary, trade secret, or other confidential, commercial or financial information and/or or competitively sensitive business information.  Nonetheless, DPW reserves all rights to withhold such confidential and proprietary information.

6.     DPW objects to each interrogatory, and to the definitions and instructions it incorporates, to the extent that it seeks to impose obligations on DPW broader than, or inconsistent with those allowed by the Federal Rules of Civil Procedure, Court order, regulation or case law, including any interrogatory that that seeks information or documents not proportional to the needs

of this case or are otherwise unduly burdensome and oppressive.

7. DPW objects to each interrogatory, and to the definitions and instructions that it incorporates, to the extent that it requires DPW to disclose information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Nonetheless, DPW reserves all rights to withhold such confidential and proprietary information.

8. DPW objects to each interrogatory to the extent that it calls for a legal conclusion.

9. DPW objects to the interrogatories to the extent they are duplicative or redundant of Plaintiff's other interrogatories.

10. DPW objects to each interrogatory, and to each definition and instruction that it incorporates, to the extent that it is overbroad, vague and ambiguous, unduly burdensome and oppressive in requiring DPW to conduct a search beyond what is proportional to the needs of this case, produce information outside a relevant time period or unrelated to the events at issue. DPW will not produce documents and information that are irrelevant, immaterial or are not proportional to the needs of the case. DPW also will not produce information that is not in its possession, custody or control.

11. DPW objects to each interrogatory to the extent it seeks information, documents, or materials already in Plaintiff's possession or equally or more readily available to Plaintiff from other sources that are more convenient, less burdensome and/or less expensive, including publicly available sources.

12. DPW objects to each interrogatory, and to each definition and instruction that it incorporates, to the extent that it is overly broad, vague and ambiguous or unduly burdensome and oppressive in requiring DPW to conduct a search beyond what is proportional to the needs of this

case or for matters that are not relevant to any party's claim or defense. DPW will not produce or provide information that is not relevant to any party's claim or defense and which is not proportional to the needs of the case.

13. DPW reserves its right to object on any ground to the use of any of the responses to the interrogatories or subject matter thereof in any subsequent proceeding or at the trial of this action and further reserves its right to object to any ground at any time to a request for further responses to the interrogatories or any other discovery procedure involving or relating to the subject matter of these responses.

14. Where DPW responds to an interrogatory by agreeing to produce documents pursuant to Federal Rule of Civil Procedure 33(d), it will produce those documents in accordance with terms agreed to by the parties.

15. DPW objects to each interrogatory as premature, unduly burdensome, and oppressive to the extent that the interrogatory on the grounds that the parties have not yet conducted a Rule 26(f) conference. Notwithstanding, and without waiving any of its objections, DPW is responding to Plaintiff's Second Interrogatories in accordance with the Court's Order, dated December 4, 2020 (the "December 4th Order"). DPW's responses to the interrogatories contained in Plaintiff's Second Interrogatories shall not be deemed to be a waiver of any of DPW's rights to object to Plaintiff's First Set of Interrogatories directed to DPW, which were subsequently withdrawn by Plaintiff as to DPW.

16. The time period for the responses is January 1, 2018 to December 31, 2018.

17. DPW reserves the right to modify or supplement these responses as circumstances warrant.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Interrogatory No. 7:**

Identify the dates and purposes of any occasion when Milton "Todd" Ault III ("Ault") was present in New York for a purpose related, in whole or in part, to Plaintiff or obligations to Plaintiff, including obtaining funding in connection with the Asset Purchase Agreement (the "Agreement") or the associated escrow agreements effective March 22, 2018 and April 19, 2018.

**Response to Interrogatory No. 7:**

DPW objects to this interrogatory because Plaintiff's definition of "Identify" is vague, overly broad, unduly burdensome, not proportional to the needs of this case and exceeding the scope of relevant discovery to any party's claim or defense. DPW objects to this interrogatory because requiring the identification of any date that Ault was "present in the New York for a purpose related, in whole or in part, to Plaintiff or obligations to Plaintiff" is vague, overly broad, unduly burdensome, states a legal conclusion, and not proportional to the needs of this case and exceeding the scope of relevant discovery to any party's claim or defense. DPW objects to this interrogatory to the extent it seeks information that is not in DPW's custody or control. DPW objects to this interrogatory to the extent that it seeks information that is exclusively in the custody and control of another party or third-party. DPW objects to this interrogatory to the extent it seeks information already in Plaintiff's possession or equally or more readily available to Plaintiff from other sources that are more convenient, less burdensome and/or less expensive. DPW objects to this interrogatory to the extent that it calls for a legal conclusion.

DPW further objects to this interrogatory to the extent that it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, FRCP 26(b)(3) and (4) (trial preparation materials) or other applicable privilege or protection, or seeks

documents or information which are confidential, proprietary and/or beyond the scope of the Federal Rules of Civil Procedure. DPW further objects to this interrogatory as exceeding the scope of Local Civil Rule 33.3. DPW further objects to this Interrogatory on the grounds that seeks information that is not relevant to the issues in this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any of its objections, DPW responds as follows: Ault customarily travels outside of California to meet with potential third-party financers to raise capital for DPW's and/or its subsidiaries' general operational needs and such travel is not necessarily constrained to any specific obligation. DPW respectfully refers Plaintiff to the documents and communications that were previously produced to Plaintiff in this litigation and avers that such documents and communications speak for themselves.

Beyond the foregoing, DPW has been unable to locate any additional documents and communications in its custody and control, which, on their face, demonstrate that, during the relevant time period, Ault was present in New York for a purpose related, in whole or in part, to obtain financing to pay for any obligations purportedly owed to Plaintiff.

Notwithstanding, DPW is still reviewing documents and communications in connection with Plaintiff's Second Set of Document and Information Requests to DPW, in accordance with the limitations set forth in the December 4th Order, and, to the extent that DPW locates additional non-objectionable, non-privileged documents that, on their face, are responsive to this Interrogatory, if any, DPW shall amend its response to this Interrogatory and identify such documents by Bates Number/Bates Range.

**Interrogatory No. 8:**

State the names and titles of all directors, executives and officers of DPW and of Super

Crypto in 2018.

**Response to Interrogatory No. 8:**

DPW objects to this interrogatory because Plaintiff's use of the terms "executives" and "titles" is vague, overly broad, unduly burdensome, not proportional to the needs of this case and exceeding the scope of relevant discovery to any party's claim or defense. DPW objects to this interrogatory to the extent it seeks information already in Plaintiff's possession or equally or more readily available to Plaintiff from other sources that are more convenient, less burdensome and/or less expensive.

Subject to and without waiving any of its objections, DPW respectfully refers Plaintiff to Item 10 of DPW's Form 10-K/A for the Fiscal Year Ended December 31, 2018, filed with the Securities and Exchange Commission ("SEC") on or about October 16, 2019, which is publicly available on the SEC's website.

**Interrogatory No. 9:**

Identify each and every payment made by either Defendant to Plaintiff in connection with the Agreement, including the amount paid, the date on which the payment was initiated and/or completed, the account from which the payment was made, the source(s) of the funds and the named payor.

**Response to Interrogatory No. 9:**

DPW objects to this interrogatory because Plaintiff's definition of "Identify" is vague, overly broad, unduly burdensome, not proportional to the needs of this case and exceeding the scope of relevant discovery to any party's claim or defense. DPW objects to this interrogatory because Plaintiff's use of the term "source(s)" is vague, overly broad, unduly burdensome, not proportional to the needs of this case and exceeding the scope of relevant discovery to any party's

claim or defense. DPW objects to this interrogatory to the extent it seeks information already in Plaintiff's possession or equally or more readily available to Plaintiff from other sources that are more convenient, less burdensome and/or less expensive, as Plaintiff would necessarily have records of any payments it received from either Defendant. DPW objects to this interrogatory to the extent it seeks information that is not in DPW's custody or control. DPW objects to the interrogatory to the extent that it calls for a legal conclusion. DPW further objects to this interrogatory as exceeding the scope of Local Civil Rule 33.3. DPW further objects to this interrogatory to the extent that it seeks documents or information protected by the attorney-client privilege, attorney work-product doctrine, FRCP 26(b)(3) and (4) (trial preparation materials) or other applicable privilege or protection, or seeks documents or information which are confidential, proprietary and/or beyond the scope of the Federal Rules of Civil Procedure.

Subject to and without waiving any of its objections, DPW responds as follows: DPW initiated the following payments to Plaintiff, by wire transfer, on or about the corresponding date referenced below, from a U.S. Bank banking account (account number ending in 9499), held in the name of DPW (or its former name, Digital Power Corporation):

| DATE | AMOUNT |
|---|---|
| May 17, 2018 | $50,000.00 |
| May 25, 2018 | $5,000.00 |
| June 12, 2018 | $5,000.00 |
| July 17, 2018 | $1,000.00 |
| July 18, 2018 | $1,000.00 |
| July 19, 2018 | $5,000.00 |
| July 20, 2018 | $7,500.00 |

| | |
|---|---|
| July 23, 2018 | $5,000.00 |
| July 25, 2018 | $10,000.00 |
| July 27, 2018 | $10,000.00 |
| July 31, 2018 | $5,000.00 |
| August 1, 2018 | $5,000.00 |
| August 6, 2018 | $5,000.00 |
| August 17, 2018 | $5,000.00 |

**Interrogatory No. 10:**

Identify all obligations of Super Crypto paid by DPW.

**Response to Interrogatory No. 10:**

DPW incorporates its General Objections as though fully set forth herein and further objects to this interrogatory as premature on the grounds that the parties have not yet conducted a Rule 26(f) conference and the December 4th Order did not authorize Plaintiff to propound this interrogatory on DPW.

Dated: Mineola, New York
January 8, 2021

**WELTZ KAKOS GERBI WOLINETZ VOLYNSKY LLP**

By: */s/ Robert Volynsky*
Robert B. Volynsky
170 Old Country Road, Suite 310
Mineola, New York 11501
Tel.: (516) 320-6945
E-mail: rvolynsky@weltz.law

*Attorneys for Defendant DPW Holdings, Inc.*

9

## **VERIFICATION**

I, Henry C.W. Nisser, the General Counsel and Executive Vice President of Defendant DPW Holdings, Inc. ("DPW") verify under penalty of perjury that I believe, based upon reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, belief, understanding, or recollection, with the understanding that DPW reserves the right to further amend or supplement the answers as this case proceeds.

Executed on this 8th day of January, 2021.

_____
By: Henry C.W. Nisser
General Counsel and Executive Vice President