UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLOCKCHAIN MINING SUPPLY AND SERVICES LTD., <br><br> Plaintiff, <br><br> –against– <br><br> SUPER CRYPTO MINING, INC. n/k/a DIGITAL FARMS, INC. and DPW HOLDINGS, INC. n/k/a AULT ALLIANCE, INC., <br><br> Defendants. | Civil Action No. 1:18-cv-11099-ALC |

# EXHIBIT XX

## TO THE DECLARATION OF RICHARD S. MANDEL IN SUPPORT

## OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

31592/000/4360303

Message

| | |
|---|---|
| **From**: | darren@supercrypto.com [darren@supercrypto.com] |
| **Sent**: | 4/19/2018 10:18:49 AM |
| **To**: | sales@timberlane-mldg.com; 'Thomas Rose' [TRose@srfkllp.com] |
| **Subject**: | RE: DPW Escrow |
| **Attachments**: | Escrow Agreement 4.18.18 fully executed.pdf |

**Exhibit 68**

Sorry please find the fully executed agreement attached.

Thank you,

Darren Magot
www.supercryptomining.com
714-887-6377

---

**From:** Willy Tencer <sales@timberlane-mldg.com>
**Sent:** Thursday, April 19, 2018 10:08 AM
**To:** 'Thomas Rose' <TRose@srfkllp.com>
**Cc:** darren@supercrypto.com
**Subject:** FW: DPW Escrow

Tom can you sign this one so that we have all the signatures on the same page?
Thanks.
Looks like Darren didn't sign the one that had both our signatures.

Willy Tencer
Blockchain Mining Supply and Services Ltd.
200 - 345 Wilson Ave.,
Toronto, ON M3H 5W1
Tel. 416 398 1198
Fax 416 398 0878
sales@timberlane-mldg.com

---

**From:** darren@supercrypto.com [mailto:darren@supercrypto.com]
**Sent:** April 19, 2018 12:58 PM
**To:** sales@timberlane-mldg.com; 'Thomas Rose' <TRose@srfkllp.com>
**Cc:** 'Joe Kalfa - NADW' <joekalfa@gmail.com>
**Subject:** RE: DPW Escrow

Thank you all,

Please find the Escrow Agreement with my signature. It is ready for you now Tom.

Darren Magot
www.supercryptomining.com
714-887-6377

---

**From:** Willy Tencer <sales@timberlane-mldg.com>
**Sent:** Thursday, April 19, 2018 7:46 AM
**To:** 'Thomas Rose' <TRose@srfkllp.com>; darren@supercrypto.com
**Cc:** Joe Kalfa - NADW <joekalfa@gmail.com>
**Subject:** RE: DPW Escrow

Attached is the signed Escrow Agreement.
Tom and Darren, Please sign and return to me.
Look forward to moving this shipment out either Friday or early next week.
Darren, when available, send me update as to when this will be moving.

Willy Tencer
Blockchain Mining Supply and Services Ltd.
200 - 345 Wilson Ave.,
Toronto, ON M3H 5W1
Tel. 416 398 1198
Fax 416 398 0878
sales@timberlane-mldg.com

---

**From:** Thomas Rose [mailto:TRose@srfkllp.com]
**Sent:** April 18, 2018 2:53 PM
**To:** 'sales@timberlane-mldg.com' <sales@timberlane-mldg.com>; darren@supercrypto.com
**Subject:** RE: DPW Escrow

See attached

---

**From:** Willy Tencer [mailto:sales@timberlane-mldg.com]
**Sent:** Wednesday, April 18, 2018 2:11 PM
**To:** Thomas Rose; darren@supercrypto.com
**Subject:** FW: DPW Escrow

I see this Escrow agreement is different from the previous one.
Can we use the same format as the previous one and re insert the paragraphs 1.4 -1.7 along with the 2 exhibits.  (current Escrow agreement only has 1 exhibit)

Willy Tencer
Blockchain Mining Supply and Services Ltd.
200 - 345 Wilson Ave.,
Toronto, ON M3H 5W1
Tel. 416 398 1198
Fax 416 398 0878
sales@timberlane-mldg.com

---

**From:** darren@supercrypto.com [mailto:darren@supercrypto.com]
**Sent:** April 18, 2018 1:27 PM
**To:** sales@timberlane-mldg.com; 'Thomas Rose' <trose@srfkllp.com>
**Cc:** 'Milton Ault III' <todd@dpwholdings.com>; 'Marc Ross' <mross@srfkllp.com>; 'Henry Nisser' <hnisser@srfkllp.com>; 'joe kalfa' <joekalfa@gmail.com>; 'Ed' <ed@imaginemediagroup.com>; scott@supercrypto.com; 'Joe Spaziano' <joe@supercrypto.com>
**Subject:** RE: DPW Escrow

Good morning Willy,

Please find the Escrow Agreement for the second group of 600 machines. If you agree please sign and return for our execution of the document.

Thank you,

Darren Magot
www.supercryptomining.com
714-887-6377

---

**From:** Willy Tencer <sales@timberlane-mldg.com>
**Sent:** Tuesday, April 17, 2018 6:35 AM
**To:** darren@supercrypto.com; 'Thomas Rose' <trose@srfkllp.com>
**Cc:** 'Milton Ault III' <todd@dpwholdings.com>; 'Marc Ross' <mross@srfkllp.com>; 'Henry Nisser' <hnisser@srfkllp.com>; 'joe kalfa' <joekalfa@gmail.com>; 'Ed' <ed@imaginemediagroup.com>; scott@supercrypto.com; 'Joe Spaziano' <joe@supercrypto.com>
**Subject:** RE: DPW Escrow

Thomas, attached is the release notice you require to release the funds.
Please advise when wire has been initiated and send me wire confirmation.
Thanks for your help.

Willy Tencer
Blockchain Mining Supply and Services Ltd.
200 - 345 Wilson Ave.,
Toronto, ON M3H 5W1
Tel. 416 398 1198
Fax 416 398 0878
sales@timberlane-mldg.com

---

**From:** darren@supercrypto.com [mailto:darren@supercrypto.com]
**Sent:** April 16, 2018 5:58 PM
**To:** 'Willy Tencer' <sales@timberlane-mldg.com>; 'Thomas Rose' <trose@srfkllp.com>
**Cc:** 'Milton Ault III' <todd@dpwholdings.com>; 'Marc Ross' <mross@srfkllp.com>; 'Henry Nisser' <hnisser@srfkllp.com>; 'joe kalfa' <joekalfa@gmail.com>; 'Ed' <ed@imaginemediagroup.com>; scott@supercrypto.com; Joe Spaziano <joe@supercrypto.com>
**Subject:** RE: DPW Escrow

Thank you Willy and team,

Adding a few others for awareness as well.

Darren Magot
www.supercryptomining.com
714-887-6377

---

**From:** Willy Tencer <sales@timberlane-mldg.com>
**Sent:** Monday, April 16, 2018 2:57 PM
**To:** Thomas Rose <trose@srfkllp.com>
**Cc:** Milton Ault III (todd@dpwholdings.com) <todd@dpwholdings.com>; darren@supercrypto.com; Marc Ross <mross@srfkllp.com>; Henry Nisser <hnisser@srfkllp.com>; joe kalfa <joekalfa@gmail.com>
**Subject:** Re: DPW Escrow

Thank you. The warehouse has now closed for the day, so they will send you the required exhibit tomorrow, which will confirm that the goods are now released to Super Crypto and available for pick up.
I will also send you a required exhibit tomorrow am.
That should do it for the release of funds.

DEFENDANTS_002236

Thank you for facilitating.

Willy Tencer
Blockchain Mining Supply and Services Ltd
200-345 Wilson Ave.
Toronto, On. Canada
M3H 5W1
Tel. 416 398 1198
Fax. 416 398 0878
sales@timberlane-mldg.com


On Mon, Apr 16, 2018 at 5:38 PM -0400, "Thomas Rose" <TRose@srfkllp.com> wrote:

> Willy – The funds are now available for release.
>
> ---
>
> **From:** Willy Tencer [mailto:sales@timberlane-mldg.com]
> **Sent:** Monday, April 16, 2018 5:11 PM
> **To:** Thomas Rose
> **Cc:** Milton Ault III (todd@dpwholdings.com); darren@supercrypto.com; Marc Ross; Henry Nisser; joe kalfa
> **Subject:** Re:DPW Escrow
>
> Let me know when you are in a position to release the funds, then I will send you the required exhibits to satisfy the Escrow agreement which will allow you to wire us the funds.
> Thanks.
>
> Willy Tencer
> Blockchain Mining Supply and Services Ltd
> 200-345 Wilson Ave.
> Toronto, On. Canada
> M3H 5W1
> Tel. 416 398 1198
> Fax. 416 398 0878
> sales@timberlane-mldg.com
>
>
> On Apr 16, 2018, at 5:01 PM, Thomas Rose <TRose@srfkllp.com> wrote:
>
> Willy – Pursuant to the Escrow Agreement between Super Crypto Mining, Inc. and Blockchain Mining Supply & Services, Inc. dated as of March 22, 2018, we advise you pursuant to Section 1.4 of the Escrow Agreement that we have the $1,387,500 in our escrow account, subject to closing on the receipt of such funds which is scheduled to occur later today.
>
>
> Thomas A. Rose
> Sichenzia Ross Ference Kesner LLP
> 1185 Avenue of the Americas | 37th Floor | New York, NY 10036
> T 212 930 9700  |  F 212 930 9725
> trose@srfkllp.com www.srfkllp.com
>
>
> <image001.png>
>
> NOTICE: The information contained in this communication is legally privileged and/or confidential information, which is intended only for use of recipient. If the reader of this communication is not the intended recipient (or the agent or employee responsible to deliver it to the intended (recipient), you are hereby notified that any dissemination, distribution, or reproduction of this communication is strictly prohibited. If you have received this

DEFENDANTS_002237

communication by error, please immediately notify the sender by e-mail and delete this email from your system. Nothing in this email should be construed as a legal opinion or tax advice.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance.

DEFENDANTS_002238

## ESCROW AGREEMENT

THIS ESCROW AGREEMENT (this "Agreement") is made as of April 19 , 2018, by and among Super Crypto Mining, Inc., a California corporation (the "Company"), Blockchain Mining Supply & Services Ltd., a Province of Ontario corporation ("Vendor"), and Sichenzia Ross Ference Kesner LLP, with an address at 1185 Avenue of the Americas, New York, NY 10036 (the "Escrow Agent").

WITNESSETH:

WHEREAS, the Company and the Vendor desires to enter into an agreement for the sale of certain equipment from the Vendor to the Company (the "Assets"), pursuant to an asset purchase agreement dated as of March 8, 2018 (the "Purchase Agreement"); and

WHEREAS, the Company has previously paid the Vendor a deposit of $163,625 pursuant to the Purchase Agreement;

WHEREAS, the Company and the Vendor wish the Escrow Agent to hold the balance of the purchase price for the 600 machines and power supplies in the amount of One Million, six Hundred And Twenty One Thousand, Three Hundred Seventy Five ($1,621,375.00) US Dollars, pending satisfaction of certain conditions set forth in the Purchase Agreement (the "Escrow Funds");

NOW, THEREFORE, in consideration of the covenants and mutual promises contained herein and other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged and intending to be legally bound hereby, the parties agree as follows:

ARTICLE I
TERMS OF THE ESCROW

1.1   The parties hereby agree to establish an escrow account (the "Escrow Account") with the Escrow Agent whereby the Escrow Agent shall hold the Escrow Funds from the Company.

1.2   Wire transfers to the Escrow Agent shall be made as follows:

Citibank
153 East 53rd Street
23rd Floor
New York, NY  10022

A/C of Sichenzia Ross Ference Kesner LLP
A/C#:
ABA#:
SWIFT Code:

1.3   Payment into Escrow by Purchaser. The sum of One Million, six Hundred And

Twenty One Thousand, Three Hundred Seventy Five ($1,621,375.00) US Dollars (the "Escrow Funds") shall be deposited into the Escrow Account of the Escrow Agent by the Company.

1.4     Notification of Receipt of Escrow Funds. Upon receipt of the Escrow Funds, the Escrow Agent shall notify the Vendor (the "Notification").

1.5     Release of Assets. Upon receipt of the Notification by Vendor, the Vendor shall direct the Assets to be released by Stonegate Logistics, Inc. ("Stonegate") to the Company's possession. Stonegate shall confirm these instructions by executing the form enclosed as Exhibit "A" hereto (the "Confirmation"). The Confirmation shall be sent to the Vendor and to the Company. Thereafter execution of the Confirmation by Stonegate, Stonegate shall only take direction or instruction from the Company as to the Assets in respect of its release or otherwise.

1.6     Notification to Escrow Agent. Upon Vendor's receipt of the Confirmation from Stonegate, the Vendor shall execute the release notice attached hereto as Exhibit "B" (the "Release Notice").

1.7     Release of Escrow Funds. The Escrow Funds shall be released from the Escrow Agent to Vendor upon Escrow Agent's receipt of the fully executed Release Notice by Vendor and the fully executed Confirmation by Stonegate, the combined effect of which confirms that all condition precedent in the Purchase Agreement in respect of the Assets have been satisfied. The Escrow Agent shall pay the Escrow Funds to the Vendor to the same account into which the Company deposited the initial deposit funds in the Purchase Agreement, on the same day of its receipt of the Vendor's Release Notice and Stonegate's Confirmation.

## ARTICLE II
## MISCELLANEOUS

2.1     No waiver or any breach of any covenant or provision herein contained shall be deemed a waiver of any preceding or succeeding breach thereof, or of any other covenant or provision herein contained.  No extension of time for performance of any obligation or act shall be deemed an extension of the time for performance of any other obligation or act.

2.2     Any and all notices or other communications or deliveries required or permitted to be provided hereunder shall be in writing and shall be deemed given and effective on the earliest of (a) the date of transmission, if such notice or communication is delivered via facsimile at the facsimile number set forth on the signature pages attached hereto (and on the first page in the case of the Escrow Agent) prior to 5:30 p.m. (Eastern Time) on a Business Day, (b) the next Business Day after the date of transmission, if such notice or communication is delivered via facsimile at the facsimile number set forth on the signature pages attached hereto (or the first page of this agreement in the case of the Escrow Agent) on a day that is not a Business Day or later than 5:30 p.m. (Eastern Time) on any business Day, (c) the 2nd business Day following the date of mailing, if sent by U.S. nationally recognized overnight courier service, or (d) upon actual receipt by the party to whom such notice is required to be given.  As used herein, "Business Day" shall mean any day other than Saturday, Sunday or other day on which commercial banks in the City of New York are authorized or required by law to remain closed.

DEFENDANTS_002240

The address for such notices and communications shall be as set forth above in the case of the Escrow Agent and on the signature pages attached hereto, in the case of the Company and the Vendor, until changed by notice given in accordance with this Section.

2.3 This Escrow Agreement shall be binding upon and shall inure to the benefit of the permitted successors and permitted assigns of the parties hereto.

2.4 This Escrow Agreement is the final expression of, and contains the entire agreement between, the parties with respect to the subject matter hereof and supersedes all prior understandings with respect thereto. This Escrow Agreement may not be modified, changed, supplemented or terminated, nor may any obligations hereunder be waived, except by written instrument signed by the parties to be charged or by its agent duly authorized in writing or as otherwise expressly permitted herein.

2.5 Whenever required by the context of this Escrow Agreement, the singular shall include the plural and masculine shall include the feminine. This Escrow Agreement shall not be construed as if it had been prepared by one of the parties, but rather as if all parties had prepared the same. Unless otherwise indicated, all references to Articles are to this Escrow Agreement.

2.6 The parties hereto expressly agree that this Escrow Agreement shall be governed by, interpreted under and construed and enforced in accordance with the laws of the State of New York. Any action to enforce, arising out of, or relating in any way to, any provisions of this Escrow Agreement shall only be brought in a state or Federal court sitting in New York City.

2.7 The Escrow Agent's duties hereunder may be altered, amended, modified or revoked only by a writing signed by the Company, the Vendor and the Escrow Agent.

2.8 The Escrow Agent shall be obligated only for the performance of such duties as are specifically set forth herein and may rely and shall be protected in relying or refraining from acting on any instrument reasonably believed by the Escrow Agent to be genuine and to have been signed or presented by the proper party or parties. The Escrow Agent shall not be personally liable for any act the Escrow Agent may do or omit to do hereunder as the Escrow Agent while acting in good faith and in the absence of gross negligence, fraud and willful misconduct, and any act done or omitted by the Escrow Agent pursuant to the advice of the Escrow Agent's attorneys-at-law shall be conclusive evidence of such good faith, in the absence of gross negligence, fraud and willful misconduct.

2.9 The Escrow Agent is hereby expressly authorized to disregard any and all warnings given by any of the parties hereto or by any other person or corporation, excepting only orders or process of courts of law and is hereby expressly authorized to comply with and obey orders, judgments or decrees of any court. In case the Escrow Agent obeys or complies with any such order, judgment or decree, the Escrow Agent shall not be liable to any of the parties hereto or to any other person, firm or corporation by reason of such decree being subsequently reversed, modified, annulled, set aside, vacated or found to have been entered without jurisdiction.

2.10 The Escrow Agent shall not be liable in any respect on account of the identity, authorization or rights of the parties executing or delivering or purporting to execute or deliver

DEFENDANTS_002241

the Subscription Agreement or any documents or papers deposited or called for thereunder in the absence of gross negligence, fraud and willful misconduct.

2.11   The Escrow Agent shall be entitled to employ such legal counsel and other experts as the Escrow Agent may deem necessary properly to advise the Escrow Agent in connection with the Escrow Agent's duties hereunder, may rely upon the advice of such counsel, and may pay such counsel reasonable compensation; provided that the costs of such compensation shall be borne by the Escrow Agent.

2.12   The Escrow Agent's responsibilities as escrow agent hereunder shall terminate if the Escrow Agent shall resign by giving written notice to the Company and the Vendor. In the event of any such resignation, the Company and the Vendor shall appoint a successor Escrow Agent and the Escrow Agent shall deliver to such successor Escrow Agent any escrow funds held by the Escrow Agent.

2.13   If the Escrow Agent reasonably requires other or further instruments in connection with this Escrow Agreement or obligations in respect hereto, the necessary parties hereto shall join in furnishing such instruments.

2.14   It is understood and agreed that should any dispute arise with respect to the delivery and/or ownership or right of possession of the documents (if any) or the escrow funds held by the Escrow Agent hereunder, the Escrow Agent is authorized and directed in the Escrow Agent's sole discretion (1) to retain in the Escrow Agent's possession without liability to anyone all or any part of said documents or the escrow funds until such disputes shall have been settled either by mutual written agreement of the parties concerned by a final order, decree or judgment or a court of competent jurisdiction after the time for appeal has expired and no appeal has been perfected, but the Escrow Agent shall be under no duty whatsoever to institute or defend any such proceedings or (2) to deliver the escrow funds and any other property and documents held by the Escrow Agent hereunder to a state or Federal court having competent subject matter jurisdiction and located in the City of New York in accordance with the applicable procedure therefore.

2.15   The Company and the Vendor agree jointly and severally to indemnify and hold harmless the Escrow Agent and its partners, employees, agents and representatives from any and all claims, liabilities, costs or expenses in any way arising from or relating to the duties or performance of the Escrow Agent hereunder or the transactions contemplated hereby or by the Subscription Agreement other than any such claim, liability, cost or expense to the extent the same shall have been determined by final, unappealable judgment of a court of competent jurisdiction to have resulted from the gross negligence, fraud or willful misconduct of the Escrow Agent.

2.16   The Escrow Agent shall be permitted to act as counsel for the Company in any transaction and/or dispute including any dispute between the Company and the Vendor, whether or not the Escrow Agent is then holding the escrow funds held by the Escrow Agent hereunder.

**********************

4

*REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK*

IN WITNESS WHEREOF, the parties hereto have executed this Escrow Agreement as of date first written above.

COMPANY:

SUPER CRYPTO MINING, INC.

By: *Darren M. Magot*
Darren Magot,
CEO

ESCROW AGENT:
SICHENZIA ROSS FERENCE KESNER LLP

By: *Thomas A. Rose*
Thomas A. Rose,
Partner

VENDOR:

BLOCKCHAIN MINING SUPPLY & SERVICES LTD.

By: *William Tenger*
William Tenger
President

5