

July 31, 2023

<u>Via ECF and Electronic Mail</u>
Hon. Andrew L. Carter, Jr.
United States District Court Judge
Southern District of New York
40 Foley Square, Courtroom 1306
New York, New York 10007

      Re:    Blockchain Mining Supply and Services, Ltd. v. Digital Farms, Inc. (f/k/a Super Crypto Mining, Inc.) and Ault Alliance, Inc. (f/k/a DPW Holdings, Inc.),
            **<u>No. 18-CV-11099-ALC-BCM</u>**

Dear Judge Carter:

      The undersigned represents Defendants Digital Farms, Inc. (f/k/a Super Crypto Mining, Inc.) ("DF") and Ault Alliance, Inc. (f/k/a DPW Holdings, Inc.) ("DPW" and with "DF" collectively, "Defendants") in the above-referenced matter.

      The deadline for Defendants to file their opposition papers to the summary judgment motion is presently scheduled for August 7, 2023 and the deadline for Defendants to file their reply brief in further support is presently scheduled for August 30, 2023. For the reasons set forth below, Defendants respectfully request a further adjournment of the deadline for Defendants to file their opposition papers to the summary judgment motion until August 15, 2023 and a further adjournment of the deadline to file their reply brief until September 8, 2023. (Defendants do not object to granting a similar adjournment to Plaintiff in connection with Defendants' motion for summary judgment).

      Earlier today, the Court granted Defendants' request for an enlargement of the page count in connection with its opposition papers. The enlargement was necessary in light of Plaintiff's submissions which, *inter alia*, cite to 308 pages of deposition testimony and over one-hundred exhibits, **without pincite**.[1] Consequently, the undersigned respectfully requests additional time to finalize Defendants' opposition papers with his clients, prior to submission.

      Additionally, the undersigned also needs to tend to a personal matter this week, and, against that backdrop, requested a brief adjournment from Plaintiff's counsel.

      Plaintiff's counsel did not consent to the adjournment. The stated reason was, as follows:

      **Hi Rob,**

---

[1] Plaintiff did not count the pages from Yonah Kalfa's deposition transcript in its prior submission.

1 OLD COUNTRY ROAD, SUITE 275 | CARLE PLACE, NEW YORK 11514
T: (212) 202-3171

> **Our client has been reasonable in accommodating Defendants' requests for additional time, but it cannot consent to this further adjournment. Below please find the reasons for the refusal, per Judge Carter's rules. Please let us see a copy of the final letter before it is filed with the Court.**
>
> **Plaintiff does not consent to Defendants' <u>fourth</u> request to adjourn the summary judgment briefing schedule. The Court first set the schedule on April 7 (ECF No. 110), with moving briefs due on May 22, oppositions on July 6, and replies on July 27. Plaintiff consented to Defendants' *first* adjournment request, on May 9, to change the moving brief deadline to May 30 without affecting any of the subsequent deadlines. *See* ECF Nos. 111-112. Plaintiff also consented to Defendants' *second* adjournment request, on June 12, to move the opposition deadline to July 27 and the reply deadline to August 17. *See* ECF Nos. 128-129. Likewise, Plaintiff consented to Defendants' *third* adjournment request, on July 9, this time moving the opposition deadline to August 7 and the reply deadline to August 30. *See* ECF Nos. 130-131.**
>
> **Defendants have already extended the opposition and reply deadlines by more than a month, giving them *over two months* total to prepare their opposition. Despite this, and only one week before the current opposition deadline, Defendants now request a *fourth* adjournment without providing any justification for why they require this additional time.**
>
> **This action has been pending for nearly five years and Plaintiff is eager for a resolution. Plaintiff has been exceedingly reasonable in granting Defendants' repeated requests for more time, but a fourth adjournment is simply not necessary.**
>
> **Thank you,**
> **Dasha**

*See* Ex. A.

Plaintiff has routinely lamented that it is displeased with the trajectory of this case, notwithstanding the fact that Plaintiff waited until Defendants actually filed their motion to dismiss, to amend their complaint, and then, after Defendants filed their motion to dismiss the amended complaint, insisted upon a year-long discovery track prior to filing its opposition papers.[2] The Court should not countenance Plaintiff's disingenuous assertion that it is "eager for a resolution" because "[t]his action has been pending for five years."

The undersigned further concedes that, unfortunately, this is not the first personal matter that he has needed to tend to over this difficult summer. Thus, the undersigned previously asked

---

[2] Thus, when Plaintiff waited until December 1, 2022 to serve deposition notices (despite a January 20, 2023 fact discovery cutoff), Plaintiff remained insistent that it absolutely would not agree to an extension of the fact discovery deadline. Plaintiff showed no consideration for my or my clients' holiday and travel schedules and ultimately, four depositions were conducted over a ten-day period.

for two adjournments to tend to some personal matters. Plaintiff's counsel graciously consented to each, but was sure to remind the undersigned of his client's disdain. (*See* Exs. B and C).

With regard to the third adjournment request, counsel responded that his "Client has reluctantly agreed." *See* Ex. D.

It is disingenuous for Plaintiff to now claim that Defendants have had "***over two months***" to prepare opposition papers, when Plaintiff is well aware that the undersigned has had to deal with other issues. No prejudice would befall Plaintiff with this additional adjournment, *to wit*, the only reason that it has proffered for withholding consent is that it is seemingly displeased with the pace of this proceeding. Defendants have no issue with the pace of this proceeding.

The proposed adjournment would result in an aggregate six-week extension of the initial summary judgment schedule. Defendants do not make this request lightly, but submit that good cause exists.

This is Defendants' third request for an adjournment of the deadline to file opposition papers and reply briefs. The Court granted Defendants' prior requests for an adjournment of the deadline to file opposition papers and reply briefs.

We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ Robert B. Volynsky*

cc:   All Counsel of Record

**SO ORDERED:**_____   Dated: August __, 2023
          Hon. Andrew L. Carter, Jr., U.S.D.J.

# **EXHIBIT A**

# Robert Volynsky

| | |
|---|---|
| **From:** | Chestukhin, Dasha <DXC@cll.com> |
| **Sent:** | Monday, July 31, 2023 9:10 PM |
| **To:** | Robert Volynsky |
| **Cc:** | Mandel, Richard |
| **Subject:** | RE: Blockchain Mining v. Super Crypto and DPW -- Extension Request -- Summary Judgment Motion |

Hi Rob,

Our client has been reasonable in accommodating Defendants' requests for additional time, but it cannot consent to this further adjournment. Below please find the reasons for the refusal, per Judge Carter's rules. Please let us see a copy of the final letter before it is filed with the Court.

> Plaintiff does not consent to Defendants' <u>fourth</u> request to adjourn the summary judgment briefing schedule. The Court first set the schedule on April 7 (ECF No. 110), with moving briefs due on May 22, oppositions on July 6, and replies on July 27. Plaintiff consented to Defendants' *first* adjournment request, on May 9, to change the moving brief deadline to May 30 without affecting any of the subsequent deadlines. *See* ECF Nos. 111-112. Plaintiff also consented to Defendants' *second* adjournment request, on June 12, to move the opposition deadline to July 27 and the reply deadline to August 17. *See* ECF Nos. 128-129. Likewise, Plaintiff consented to Defendants' *third* adjournment request, on July 9, this time moving the opposition deadline to August 7 and the reply deadline to August 30. *See* ECF Nos. 130-131.
>
> Defendants have already extended the opposition and reply deadlines by more than a month, giving them *over two months* total to prepare their opposition. Despite this, and only one week before the current opposition deadline, Defendants now request a *fourth* adjournment without providing any justification for why they require this additional time.
>
> This action has been pending for nearly five years and Plaintiff is eager for a resolution. Plaintiff has been exceedingly reasonable in granting Defendants' repeated requests for more time, but a fourth adjournment is simply not necessary.

Thank you,
Dasha

**Dasha Chestukhin**
*she | her | hers*
Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036-1525
t: (212) 790-9251 | f: (212) 575-0671
cll.com | bio | vCard | DXC@cll.com



---

**From:** Robert Volynsky <rvolynsky@weltz.law>
**Sent:** Monday, July 31, 2023 4:48 PM

**To:** Mandel, Richard <RSM@cll.com>; Chestukhin, Dasha <DXC@cll.com>
**Subject:** Blockchain Mining v. Super Crypto and DPW -- Extension Request -- Summary Judgment Motion

---

**Warning:** External e-mail. Use caution when clicking links or opening attachments.

---

Richard and Dasha,

I write with one final request to adjourn the summary judgment schedule.

Opposition Briefs to be filed on Aug. 15 and Reply Briefs to be filed on September 8.

Pursuant to Paragraph 1(D) of Judge Carter's Individual Rules, I am reaching out to you to see whether you consent to this request, and, if not, the reason for any such refusal.

I am also available for a call if you wish to discuss further.

Rob


****PLEASE NOTE NEW ADDRESS IN SIGNATURE BLOCK****

**Robert B. Volynsky**
**WELTZLAW**
**Weltz Kakos Gerbi Wolinetz Volynsky LLP**
1 Old Country Road, Suite 275
Carle Place, New York 11514
T: 516.320.6945 | D: 212.202.3178 | F: 516.855.8776
rvolynsky@weltz.law | www.weltz.law

NOTE: This e-mail is from a law firm, Weltz Kakos Gerbi Wolinetz Volynsky LLP ("W|L"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of W|L, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to W|L in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of W|L, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you. This email has been scanned for email related threats and delivered safely by Mimecast. For more information please visit http://www.mimecast.com

# **EXHIBIT B**

**Robert Volynsky**

| | |
|---|---|
| **From:** | Mandel, Richard <RSM@cll.com> |
| **Sent:** | Monday, May 8, 2023 5:07 PM |
| **To:** | Robert Volynsky; Chestukhin, Dasha |
| **Subject:** | RE: Blockchain v. Ault Alliance and Digital Farms -- Summary Judgment Motions Deadline |

Hope all is ok with you.  We're fine with extending due dates to May 30 as long as we can keep the rest of schedule intact.  Please plan accordingly, as we do not want to elongate the overall schedule down the road and further delay disposition of the motion.

**Richard S. Mandel**
Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036-1525
t: (212) 790-9291 | f: (212) 575-0671
cll.com | bio | vCard | RSM@cll.com



**From:** Robert Volynsky <rvolynsky@weltz.law>
**Sent:** Monday, May 8, 2023 3:18 PM
**To:** Chestukhin, Dasha <DXC@cll.com>; Mandel, Richard <RSM@cll.com>
**Subject:** Blockchain v. Ault Alliance and Digital Farms -- Summary Judgment Motions Deadline

**Warning:** External e-mail. Use caution when clicking links or opening attachments.

Dasha and Richard,

I hope you both are doing well.

I have been largely out the last two week dealing with some personal matters and am just returning to full time work today.

I am writing to see whether you are agreeable to a short extension (can be mutual) for opening briefs from May 22nd to May 30th (as May 29th is a holiday).

My intention is not to push out the entire briefing schedule and have no issues keeping the opposition deadlines and reply brief deadline the same.  Notwithstanding, if you want to push those out as well to line up with the requested extension we, of course, would not object.

Please advise whether you are amenable and if so, I will prepare the letter to the Court.

Best,

1

Rob

**Robert B. Volynsky**

**WELTZLAW**

**Weltz Kakos Gerbi Wolinetz Volynsky LLP**
170 Old Country Road, Suite 310
Mineola, New York 11501
T: 516.320.6945 | D: 212.202.3178 | F: 516.855.8776
rvolynsky@weltz.law | www.weltz.law

NOTE: This e-mail is from a law firm, Weltz Kakos Gerbi Wolinetz Volynsky LLP ("W|L"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of W|L, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to W|L in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of W|L, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you. This email has been scanned for email related threats and delivered safely by Mimecast. For more information please visit http://www.mimecast.com

# **<u>EXHIBIT C</u>**

**Robert Volynsky**

| | |
|---|---|
| **From:** | Mandel, Richard <RSM@cll.com> |
| **Sent:** | Friday, June 9, 2023 6:47 PM |
| **To:** | Robert Volynsky |
| **Cc:** | Chestukhin, Dasha |
| **Subject:** | RE: Blockchain v. Ault Alliance, Inc. and Digital Farms, Inc. --- Adjournment Request for Opposition and Reply papers |

Rob,

I had to twist my client's arm to get him to agree. I did so out of professional courtesy to you since you say had unforeseen personal matters. He's not happy, as we made clear when we agreed to last extension that it was conditioned on keeping the rest of the schedule intact.

Anyway, you have our consent, but I can't go back to him again on this, so this is with the understanding that there will be no further extensions.

**Richard S. Mandel**
Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036-1525
t: (212) 790-9291 | f: (212) 575-0671
cll.com | bio | vCard | RSM@cll.com



---

**From:** Robert Volynsky <rvolynsky@weltz.law>
**Sent:** Friday, June 9, 2023 4:55 PM
**To:** Mandel, Richard <RSM@cll.com>
**Cc:** Chestukhin, Dasha <DXC@cll.com>
**Subject:** Blockchain v. Ault Alliance, Inc. and Digital Farms, Inc. --- Adjournment Request for Opposition and Reply papers

**Warning: External e-mail. Use caution when clicking links or opening attachments.**

Richard and Dasha,

In light of the voluminous exhibits and sheer number of issues that need to be addressed in the SUMF, coupled with some further unforeseen personal matters that have kept me from full time work (unforeseen from my last email to you), I intend request an adjournment from the Court to extend the briefing schedule for the summary judgment motions by an additional three weeks for opposition papers and additional three weeks for reply papers, to permit adequate and ample time for Defendants (and Plaintiff) to prepare the necessary opposition papers, as well as, to have sufficient time for client review.

The requested adjournment will be July 27 for opposition papers and August 17 for reply papers.

Pursuant to Paragraph 1(D) of Judge Carter's Individual Rules, I am reaching out to you to see whether you consent to this request, and, if not, the reason for any such refusal.

Best,

Rob

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you. This email has been scanned for email related threats and delivered safely by Mimecast. For more information please visit http://www.mimecast.com

# **EXHIBIT D**

# Robert Volynsky

| | |
|---|---|
| **From:** | Mandel, Richard <RSM@cll.com> |
| **Sent:** | Friday, July 7, 2023 11:14 AM |
| **To:** | Robert Volynsky; Chestukhin, Dasha |
| **Subject:** | RE: Blockchain v Digital Farms and Ault Alliance — Adjournment Request |

Client has reluctantly agreed.

**Richard S. Mandel**
Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036-1525
t: (212) 790-9291 | f: (212) 575-0671
cll.com | bio | vCard | RSM@cll.com



---

**From:** Robert Volynsky <rvolynsky@weltz.law>
**Sent:** Friday, July 7, 2023 10:38 AM
**To:** Mandel, Richard <RSM@cll.com>; Chestukhin, Dasha <DXC@cll.com>
**Subject:** Blockchain v Digital Farms and Ault Alliance — Adjournment Request

**Warning: External e-mail. Use caution when clicking links or opening attachments.**

Hi Richard,

I hope all is well.

I need to request an additional (and hopefully final) extension of the briefing schedule.   Oppositions due August 7 and reply briefs August 30.

While I anticipate that you will inform me that your client does not want to prolong this litigation, I am constrained to remind you that your client spent almost one year on pre-motion discovery before it could respond to a motion dismiss.   Objectively speaking, a 30 day extension of the initial schedule set by the Court is not unreasonable given the voluminous submissions.

Pursuant to Paragraph 1(D) of Judge Carter's Individual Rules, I am reaching out to you to see whether you consent to this request, and, if not, the reason for any such refusal.

I am also available for a call if you wish to discuss further.

Rob

**Robert B. Volynsky**

Weltz Kakos Gerbi Wolinetz Volynsky LLP
1 Old Country Road, Suite 275
Carle Place, New York 11514
T: 212.202.3171 | D: 212.202.3178
rvolynsky@weltz.law | www.weltz.law

Sent from my iPhone

---

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you. This email has been scanned for email related threats and delivered safely by Mimecast. For more information please visit http://www.mimecast.com