**MEMO ENDORSED**

# WELTZLAW
WELTZ KAKOS GERBI WOLINETZ VOLYNSKY LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/1/2023

July 31, 2023

<u>Via ECF and Electronic Mail</u>
Hon. Andrew L. Carter, Jr.
United States District Court Judge
Southern District of New York
40 Foley Square, Courtroom 1306
New York, New York 10007

    Re:    Blockchain Mining Supply and Services, Ltd. v. Digital Farms, Inc. (f/k/a Super Crypto Mining, Inc.) and Ault Alliance, Inc. (f/k/a DPW Holdings, Inc.),
           <u>No. 18-CV-11099-ALC-BCM</u>

Dear Judge Carter:

    The undersigned represents Defendants Digital Farms, Inc. (f/k/a Super Crypto Mining, Inc.) ("DF") and Ault Alliance, Inc. (f/k/a DPW Holdings, Inc.) ("DPW" and with "DF" collectively, "Defendants") in the above-referenced matter.

    The deadline for Defendants to file their opposition papers to the summary judgment motion is presently scheduled for August 7, 2023 and the deadline for Defendants to file their reply brief in further support is presently scheduled for August 30, 2023. For the reasons set forth below, Defendants respectfully request a further adjournment of the deadline for Defendants to file their opposition papers to the summary judgment motion until August 15, 2023 and a further adjournment of the deadline to file their reply brief until September 8, 2023. (Defendants do not object to granting a similar adjournment to Plaintiff in connection with Defendants' motion for summary judgment).

    Earlier today, the Court granted Defendants' request for an enlargement of the page count in connection with its opposition papers. The enlargement was necessary in light of Plaintiff's submissions which, *inter alia*, cite to 308 pages of deposition testimony and over one-hundred exhibits, **without pincite**.[1] Consequently, the undersigned respectfully requests additional time to finalize Defendants' opposition papers with his clients, prior to submission.

    Additionally, the undersigned also needs to tend to a personal matter this week, and, against that backdrop, requested a brief adjournment from Plaintiff's counsel.

    Plaintiff's counsel did not consent to the adjournment. The stated reason was, as follows:

    **Hi Rob,**

---

[1] Plaintiff did not count the pages from Yonah Kalfa's deposition transcript in its prior submission.

> **Our client has been reasonable in accommodating Defendants' requests for additional time, but it cannot consent to this further adjournment. Below please find the reasons for the refusal, per Judge Carter's rules. Please let us see a copy of the final letter before it is filed with the Court.**
>
> **Plaintiff does not consent to Defendants' <u>fourth</u> request to adjourn the summary judgment briefing schedule. The Court first set the schedule on April 7 (ECF No. 110), with moving briefs due on May 22, oppositions on July 6, and replies on July 27. Plaintiff consented to Defendants'** *first* **adjournment request, on May 9, to change the moving brief deadline to May 30 without affecting any of the subsequent deadlines. See ECF Nos. 111-112. Plaintiff also consented to Defendants'** *second* **adjournment request, on June 12, to move the opposition deadline to July 27 and the reply deadline to August 17. See ECF Nos. 128-129. Likewise, Plaintiff consented to Defendants'** *third* **adjournment request, on July 9, this time moving the opposition deadline to August 7 and the reply deadline to August 30. See ECF Nos. 130-131.**
>
> **Defendants have already extended the opposition and reply deadlines by more than a month, giving them** *over two months* **total to prepare their opposition. Despite this, and only one week before the current opposition deadline, Defendants now request a** *fourth* **adjournment without providing any justification for why they require this additional time.**
>
> **This action has been pending for nearly five years and Plaintiff is eager for a resolution. Plaintiff has been exceedingly reasonable in granting Defendants' repeated requests for more time, but a fourth adjournment is simply not necessary.**
>
> **Thank you,**
> **Dasha**

*See* Ex. A.

Plaintiff has routinely lamented that it is displeased with the trajectory of this case, notwithstanding the fact that Plaintiff waited until Defendants actually filed their motion to dismiss, to amend their complaint, and then, after Defendants filed their motion to dismiss the amended complaint, insisted upon a year-long discovery track prior to filing its opposition papers.[2] The Court should not countenance Plaintiff's disingenuous assertion that it is "eager for a resolution" because "[t]his action has been pending for five years."

The undersigned further concedes that, unfortunately, this is not the first personal matter that he has needed to tend to over this difficult summer. Thus, the undersigned previously asked

---

[2] Thus, when Plaintiff waited until December 1, 2022 to serve deposition notices (despite a January 20, 2023 fact discovery cutoff), Plaintiff remained insistent that it absolutely would not agree to an extension of the fact discovery deadline. Plaintiff showed no consideration for my or my clients' holiday and travel schedules and ultimately, four depositions were conducted over a ten-day period.

for two adjournments to tend to some personal matters. Plaintiff's counsel graciously consented to each, but was sure to remind the undersigned of his client's disdain. (*See* Exs. B and C).

With regard to the third adjournment request, counsel responded that his "Client has reluctantly agreed." *See* Ex. D.

It is disingenuous for Plaintiff to now claim that Defendants have had "***over two months***" to prepare opposition papers, when Plaintiff is well aware that the undersigned has had to deal with other issues. No prejudice would befall Plaintiff with this additional adjournment, *to wit*, the only reason that it has proffered for withholding consent is that it is seemingly displeased with the pace of this proceeding. Defendants have no issue with the pace of this proceeding.

The proposed adjournment would result in an aggregate six-week extension of the initial summary judgment schedule. Defendants do not make this request lightly, but submit that good cause exists.

This is Defendants' third request for an adjournment of the deadline to file opposition papers and reply briefs. The Court granted Defendants' prior requests for an adjournment of the deadline to file opposition papers and reply briefs.

We thank the Court for its time and consideration.

                                                    Respectfully submitted,

                                                    */s/ Robert B. Volynsky*

cc:    All Counsel of Record

The Court is unlikely to grant further extensions of Defendants' deadline absent extraordinary circumstances.

SO ORDERED:

/s/ Andrew L. Carter, Jr.
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

Dated: August _1_, 2023

3