K35dbloc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

BLOCKCHAIN MINING SUPPLY AND
SERVICES, LTD.,

              Plaintiff,              New York, N.Y.

         v.                           18 Civ. 11099(ALC)

SUPER CRYPTO MINING, INC. and
DPW HOLDINGS, INC.,

              Defendants.
------------------------------x
                                      March 5, 2020
                                      10:07 a.m.
Before:

              HON. ANDREW L. CARTER, JR.,

                                      District Judge

                        APPEARANCES

COWAN, LIEBOWITZ & LATMAN, P.C.
     Attorneys for Plaintiffs
BY:  RONALD W. MEISTER
        - and -
PRYOR CASHMAN LLP
BY:  DASHA CHESTUKHIN


WELTZ KAKOS GERBI WOLINETZ VOLYNSKY LLP
     Attorneys for Defendants
BY:  ROBERT B. VOLYNSKY
```

        THE CLERK:  Civil cause for a status conference in case number 18-cv-11099, Blockchain versus Super Crypto.

        Counsel, please state your appearance for the plaintiff.

K35dbloc

1    MR. MEISTER:  Good morning, your Honor.  Ronald
2    Meister, of Cowan, Liebowitz & Latman, and with me is my
3    colleague Dasha Chestukhin.
4         THE CLERK:  And for the defendant.
5         MR. VOLYNSKY:  Good morning, your Honor.  Robert
6    Volynsky, of Weltz Kakos Gerbi Wolinetz Volynsky, on behalf of
7    defendants Digital Farms, Inc. and DPW Holdings, Inc.
8         THE COURT:  OK.  All right.  So we're here for a
9    status conference/premotion conference.  I have seen the
10   parties' submissions.
11        What appears to perhaps make the most sense -- and
12   I'll hear from counsel -- is to allow DPW to file their partial
13   motion to dismiss and to give the plaintiffs an opportunity,
14   after the motion is filed, to make a request for any discovery
15   that they think is relevant in particular to that motion before
16   the plaintiffs are required to respond to the motion.  That may
17   be the most efficient way of dealing with this.
18        It also seems to me that it makes sense for Super
19   Crypto, since Super Crypto is not going to be filing any motion
20   to dismiss, to go ahead and answer the complaint.
21        Those are my thoughts.  Let me hear from counsel as to
22   what you think about that suggestion, starting with plaintiff's
23   counsel.
24        MR. MEISTER:  Thank you, your Honor.
25        Your Honor, I'm in accord with your suggestion.  I had

1    suggested a slightly separate order, that the discovery come

2    before the motion be filed, but I understand the wisdom of

3    knowing exactly what the allegations are, so perhaps we can

4    focus our discovery more clearly.

5         The principal fact of the status of this case is that

6    we have a case that's 15 months old with no answer.  I'm not

7    suggesting that there is a default of any sort because of the

8    way the case has developed.  Because of the referral to the

9    magistrate, it has taken that long.  And they should answer the

10   complaint.  They should answer the complaint in part because

11   Super Crypto, or, rather, Digital Farms, as it is now called,

12   has admitted the validity of the contract.  They have suggested

13   no defense to the breach of contract claim.  And we may be able

14   to move fairly rapidly towards a resolution of that case

15   against them if there is no defense, or perhaps through some

16   very quick requests to admit or maybe even a motion on the

17   pleadings, depending on what there is.  We may be able to

18   resolve that breach of contract claim.  We may be able to try

19   to collect against them.  And, indeed, if in fact they are

20   solvent, we may be able to obviate some of the litigation with

21   regard to the parent.

22        THE COURT:  OK.  Let me hear from defense counsel.

23        MR. VOLYNSKY:  Your Honor, I'm generally OK with it.

24   I guess the only two issues I would like to raise is Super

25   Crypto is moving -- I apologize, Digital Farms, Super Crypto,

is moving to dismiss the promissory estoppel claim, because there is still that duplicative claim against Digital Farms. So if we do proceed with a partial motion to dismiss, I would ask that Digital Farms also be allowed to join in at least with respect to its promissory estoppel claim, and then I guess if your Honor would like Digital Farms to still answer the complaint, I presume they could answer those allegations that relate to the breach of contract claim.

The other threshold issue, which we address in our letter, is this whole governing law issue, whether New York or Delaware law applies with respect to veil piercing. You know, for the purpose of streamlining this, I don't see an issue with briefing both New York and Delaware law and then having the Court make a determination based on the submissions at that juncture.

THE COURT: OK. Let me ask counsel if there have been any further settlement discussions between the parties? I know that there was a settlement conference with the Magistrate Judge and things did not settle. But has there been any recent developments in that regard?

MR. MEISTER: There have not been, your Honor. The Magistrate Judge gave us -- I don't think I am revealing any confidences if I say gave us a relatively short actual to discuss with each other --

THE COURT: All right. Let's do this.

K35dbloc

1          MR. MEISTER:  And we --
2          THE COURT:  Hold on.  Before you do that, let's do
3  this.  Since we are going to talk a little bit about
4  settlement, perhaps it makes sense to go off of the record.
5  All right?
6          MR. MEISTER:  Yes.
7          THE COURT:  So let's go off the record.
8          OK.  Go ahead, counsel.
9          (Discussion off the record)
10         THE COURT:  All right.  So we had an off-the-record
11 discussion about settlement.  I have encouraged the parties to
12 please continue to engage in those discussions to see if we can
13 move things along efficiently and perhaps settle this matter.
14         But I will go ahead and set a briefing schedule for
15 the defendants' anticipated motions to dismiss.  For both DPW
16 and Digital Farms, let's have the defendants file their motions
17 in three weeks.
18         Which would be when, Tara?
19         THE CLERK:  March 26th.
20         THE COURT:  All right.
21         MR. VOLYNSKY:  Your Honor, is it possible for
22 defendants to have 30 days, an extra week for filing?
23         THE COURT:  That is fine.
24         When would that be, then, Tara?
25         THE CLERK:  April 6th.

Case 1:18-cv-11099-ALC   Document 154   Filed 08/21/23   Page 6 of 8    6
K35dbloc

```
 1              THE COURT:  OK.  Let's have that filed by April 6th.
 2              MR. MEISTER:  April 4th, I think.  That is a Saturday,
 3    right?
 4              MR. VOLYNSKY:  April 6th.
 5              THE COURT:  April 6th counsel is saying is a Saturday?
 6              MR. MEISTER:  No, no, no.
 7              THE CLERK:  The 6th is a Monday, Judge.
 8              THE COURT:  Yes.  The 6th is a Monday.  So April 6th.
 9              And then let's have a joint status report from the
10    parties on April 27th.  And in that status report I would
11    anticipate finding out whether or not the plaintiffs will be
12    seeking discovery and, if so, what sort of discovery the
13    plaintiffs are seeking.  I would ask counsel to meet and confer
14    about any discovery that plaintiffs may be seeking the week
15    before, April 20th, and in that joint status report let me know
16    whether or not there is an agreement regarding discovery.  I
17    doubt that there will be, but let me know what the issues are
18    regarding discovery that the plaintiffs are seeking, if any.
19              MR. MEISTER:  Your Honor would like a written status
20    report on the 20th?
21              THE COURT:  No, the 27th.
22              MR. MEISTER:  A written status report --
23              THE COURT:  On the 27th.
24              MR. MEISTER:  On the day of the conference?
25              THE COURT:  No.  We won't have a conference that day.
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

K35dbloc

1  That is just a status report.  But counsel should meet and
2  confer by April 20th, but just a status report.  And then
3  depending on what's in the report, we very well may set a
4  conference after that to deal with the issue.
5            OK?  And we'll hold off on plaintiffs' response to the
6  motions to dismiss until after we deal with any issues
7  regarding discovery related to at least one of those motions.
8  All right?
9            MR. MEISTER:  An answer from Digital Farms.
10           THE COURT:  And we will set a time for the answer from
11 Digital Farms.  Digital Farms should answer in three weeks.
12           Which would be when, Tara?
13           THE CLERK:  March 26th.
14           THE COURT:  All right.  March 26th Digital Farms
15 should answer.
16           MR. VOLYNSKY:  Your Honor, can we set the answer date
17 for the same date as the motion?
18           MR. MEISTER:  You are going away?
19           MR. VOLYNSKY:  I am going away at the end of March.
20           THE COURT:  That is fine.  The answer will be on April
21 the 6th.
22           OK.  Anything else from plaintiffs' counsel today?
23           MR. MEISTER:  Yes, your Honor.
24           Tucked away in Mr. Volynsky's letter and footnote was
25 a reference to a motion to dismiss with regard to the parent.

1  this comes 13 months after we had his original request to move
2  with regard to piercing.  I don't think that should be part of
3  this process.  I think that if he wishes to make a motion to
4  dismiss, he should follow your Honor's procedure.  He should
5  make a formal request.  We should have an opportunity to
6  respond.  And I think we would show your Honor clearly in our
7  response that a motion to dismiss granting personam
8  jurisdiction with regard to the parent would be without merit.
9        THE COURT:  I am not inclined today do that.  I am
10 inclined to give the defendants permission to incorporate that
11 as well into their motion to dismiss.
12       I will note that my sense is that it was plaintiffs'
13 counsel who was most concerned about the delay in this matter.
14 I don't want to unnecessarily continue to delay this matter by
15 then having a premotion conference letter followed by a
16 response to that before a motion, which would be even later.
17 So I will deny that request, and I will allow the defendants to
18 include that motion, or those arguments in their motion to
19 dismiss.
20       Anything else from plaintiffs' counsel?
21       MR. MEISTER:  No.  Thank you, your Honor.
22       THE COURT:  Anything else from defense counsel?
23       MR. VOLYNSKY:  Nothing else, your Honor.  Thank you.
24       THE COURT:  OK.  We are adjourned.  Thank you.
25       (Adjourned)