

August 23, 2023

<u>Via ECF and Electronic Mail</u>
Hon. Andrew L. Carter, Jr., U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1306
New York, New York 10007

  Re: Blockchain Mining Supply and Services, Ltd. v. Digital Farms, Inc. (f/k/a Super Crypto Mining, Inc.) and Ault Alliance, Inc. (f/k/a DPW Holdings, Inc.), **<u>No. 18-CV-11099-ALC-BCM</u>**

Dear Judge Carter:

  The undersigned represents Defendants Digital Farms, Inc. (f/k/a Super Crypto Mining, Inc.) ("DF") and Ault Alliance, Inc. (f/k/a DPW Holdings, Inc.) ("DPW" and with "DF" collectively, "Defendants") in the above-referenced matter.

  Defendants write to briefly respond to Plaintiff's letter motion for an enlargement of the page count in connection with their reply brief [DE 156] and to separately request an enlargement of the page count from 10 pages to 12 pages (exclusive of signature block) in connection with Defendants' reply brief in further support of their summary judgment motion ("Ds Reply Brief").

  Although Plaintiff seeks an enlargement of 50% of the permitted page limit to respond to Defendants' opposition to Plaintiff's motion for summary judgment (which enlargement was circumscribed to a 20% increase of the permitted page limit), Defendants have no objection.

  Defendants, however, respectfully request an enlargement of the page count from 10 pages to 12 pages (exclusive of signature block) in connection with Ds Reply Brief. Plaintiff's efforts to minimize its burdensome twenty-page opposition entirely ignores the fact that Plaintiff cited to over 308 pages of deposition testimony and over one-hundred exhibits, ***without pincite***, in connection with its Rule 56.1 statement and heavily relies on these haphazard citations throughout its opposition to Defendants' motion for summary judgment. Putting aside the fact that neither the Court nor Defendants should be tasked with guessing which portions of wholesale documents and testimony Plaintiff refers to, its opposition papers are nonetheless replete with citations to its Rule 56.1 statement and, consequently, the scattershot citations therein, thereby incorporating voluminous submissions in its opposition papers.

  We thank the Court for its time and consideration.

Respectfully submitted,

<u>/s/ Robert B. Volynsky</u>
Robert B. Volynsky

cc: All Counsel of Record

1 OLD COUNTRY ROAD, SUITE 275 | CARLE PLACE, NEW YORK 11514
T: (212) 202-3171
